# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re: } | |
| RENEE LOUISE MCCRAY } | |
| DEBTOR } | Case No. 13-26131 |
| | Chapter 7 |
| WELLS FARGO BANK, N.A., et al. } | |
| MOVANT } | |
| vs. | Judge Nancy V. Alquist |
| } | |
| RENEE LOUISE MCCRAY and | |
| CHARLES R. GOLDSTEIN, TRUSTEE } | |
| RESPONDENTS } | |

## AFFIDAVIT OF NOTE EXAMINATION

THIS DAY, personally appeared before me, the undersigned, Renee L. McCray, who duly affirm, deposes and declares that the statements made herein, are true and correct to the best of her knowledge, and not meant to mislead and says:

## STATEMENT OF FACTS

Affiant declares first hand eye witness knowledge of the following facts:

On Thursday, March 20, 2014 Affiant attended a Hearing for the Relief from Stay. The Hearing was held at 2:00 p.m., 101 West Lombard Street in Courtroom 2-A. The Presiding Judge was Judge Nancy V. Alquist.

Affiant was given liberty to examine what was presented to her as a document purported to be the original promissory note Affiant had signed in the making of the loan now in dispute.

Affiant has examined the supposed original note and has testified it is not the original that she signed **October 7, 2005 and has affirmed so for the following reasons** upon further contemplation of what she was presented as the original promissory note.

1

Affiant affirms the original note I signed **would now be over 8 years old. Affiant affirms the document produced at the Hearing felt to be crisp and seemed to be new paper, not like a note 8 years old would be.**

Further Affiant affirms this instrument, upon her examination of it, did not show the pressure imprint of my signature which I specifically recall being present on the actual note signed that day of the closing.

Further Affiant affirms the record shows opposing counsel had provided no competent fact witness of expert authority the day of the hearing certifying under oath where this instrument came from, who has had it and how long Movant claims to have had it, nor did they provide affidavits of any expert document examiner or handwriting experts swearing this is Affiant's actual signature and not a well contrived copy using today's modern imaging technologies to declare it is Affiant's note over her own eye witness testimony **that it is not**.

Affiant affirms I specifically recall the original note would contain my fingerprints from the loan closing and that there would be none from her examination of it the day of the hearing as she examined the document with latex gloves and Affiant has no knowledge of facts to the contrary that any finger print expert would be able to confirm the presence of her fingerprints on this document to establish **whether she had touched this purported original note prior to examination in hearing.**

Affiant specifically denies that Movant holds in due course any claim against the Affiant pursuant to a loan account as represented by an original promissory note signed by the Affiant and held by the Movant that is the subject of this dispute, and demands strict proof of the same by producing the original, unaltered, and unnegotiated alleged instrument for inspection by the Affiant and by the Court.

The validity of the records on which Movant's affirmations of a loan made to the Affiant showing the balance allegedly due and owing was originally based is **specifically denied**. Affiant demands strict proof of the same by producing for her inspection and auditing the original, unaltered, promissory note signed by the Affiant representing her acknowledgment of a loan allegedly received under this account from which the calculations of a balance allegedly due and owing is based.

Moreover, pursuant to the Uniform Commercial Code (UCC) §3-308, and Maryland Code 3-308, the validity of the signature on the herein referenced original promissory note is hereby **specifically denied** by the Affiant as an attestation to its authenticity, until such time as the uses made of the note if any can be verified showing that it was not used for a purpose that was not authorized or intended by the Borrower in the agreement, and **may not, in fact, represent being stolen by the Movant for such purpose.**

I, Renee L. McCray, Affiant being of sound mind, having first-hand knowledge, affirm, state and declare that the facts contained herein are true, correct, complete and not misleading, under penalties of perjury.

AND FURTHER AFFIANT SAITH NOT

Signed: _Renee L. McCray_  Date: _3/24/14_
Renee L. McCray, Affiant

## JURAT

State of Maryland  }
                   } ss:
City of Baltimore  }

Subscribed and sworn to (or affirmed) before me on this __24__ day of March 2014 by Renee L. McCray, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Patricia Ann Stratler_
Notary

(seal)

My Commission expires: __10/3/2014__

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Affidavit of Note Examination was mailed by first-class mail on March 24, 2014 to:

Kimberly B. Lane
611 Rockville Pike
Suite 100
Rockville, Maryland  20852

Renee L. McCray