B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

District of __MARYLAND__

In re __RENEE LOUISE MCCRAY__
Debtor

Case No. __13-26131__

Chapter __7__

**EXHIBIT A**

## SUBPOENA FOR RULE 2004 EXAMINATION

To: __WELLS FARGO BANK, N.A. THROUGH COUNSEL KIMBERLY B. LANE__
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| U.S. Bankruptcy Court<br>101 W. Lombard St., Courtroom 2-A<br>Baltimore, Maryland 21201 | May 13, 2014 -- 10:30 a.m. |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**SEE ATTACHED LIST OF DOCUMENTS TO BRING TO MAY 13, 2014 HEARING**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __April 21, 2014__

CLERK OF COURT

*Shara Hunt Caldwell* OR _____
Signature of Clerk or Deputy Clerk        Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* __RENEE LOUISE MCCRAY__, who issues or requests this subpoena, are:

Renee L. McCray, 109 Edgewood St., Baltimore, MD 21229, (410) 945-2424, rlmccray@yahoo.com

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

RECEIVED APR 22 2014 BY: ........................

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: via USPS Regular and Certified Mail to: Kimberly B. Lane, 611 Rockville Pike, Suite 100, Rockville, MD  20852 and Wells Fargo Bank, N.A., P.O. Box 10335 Des Moines, IA  50306   on *(date)* April 21, 2014 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: April 21, 2014

*Server's signature*

Renee L. McCray, Respondent
*Printed name and title*

109 Edgewood St., Baltimore, MD, 21229
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | } | |
| RENEE LOUISE MCCRAY | } | |
|     DEBTOR | } | Case No. 13-26131 |
| | | Chapter 7 |
| WELLS FARGO BANK, N.A., et al. | } | |
|     MOVANT | } | |
| vs. | | Judge Nancy V. Alquist |
| | } | |
| RENEE LOUISE MCCRAY and | | |
| CHARLES R. GOLDSTEIN, TRUSTEE | } | |
|     RESPONDENTS | } | |

**CIVIL SUBPOENA AND SUBPOENA DUCES TECUM LIST**

I.

Respondent has stated in her complaint:

12. According to the MERS certifying Handbook, for **Joel Altringer** to make a valid legal assignment of this mortgage to WELLS FARGO BANK, N.A. **he needed to be an officer of the original lender for whom Mortgage Electronic Registration Systems, Inc. was acting as nominee which was in this instance, AMERICAN HOME MORTGAGE** and there must be a Corporate Resolution issued by Mortgage Electronic Systems, Inc. for AMERICAN HOME MORTGAGE for Joel Altringer.

13. **The Debtor here provides a copy of an online verification from the self-authenticating official website of the Iowa Secretary of State that as of January 24, 2012 Joel Altringer had been issued a Notary commission through the Iowa Secretary of State identifying**

1

**Joel Altringer as employed with Wells Fargo Home Mortgage at that time, five months prior to the assignment he executed supposedly as an officer of the original lender AMERICAN HOME MORTGAGE. (EXHIBIT 6)**

14. Further, Debtor has performed an extensive internet search for any online documentation to support the employment of **Joel Altringer** with **AMERICAN HOME MORTGAGE** at any time in the past and **has found none.** To the contrary, Debtor **has** found further evidence that **Joel Altringer** is in fact an employee with WELL FARGO being information from Zoominfo: http://www.zoominfo.com/p/Joel-Altringer/2042503792

   Joel Altringer

   Wells Fargo Home Mortgage
   Phone: (515) ***-****
   WhHHE1c0umLXdLPX6pYeZw
   Local Address: *Des Moines, Iowa, United States*
   Wells Fargo & Company
   *420 Montgomery Street*
   *San Francisco, California 94163*
   *United States*

15. Debtor also has documentation that on June 26, 2012, **two days before his execution of assignment to WELLS FARGO BANK, N.A.** in this case, acting as an Assistant Secretary of Mortgage Electronic Registration Systems, Inc. "AS NOMINEE FOR AMERICAN HOME MORTGAGE…", he also executed an assignment, also to WELLS FARGO BANK N.A., **acting as an Assistant Secretary of Mortgage Electronic Registration Systems, Inc. "AS NOMINEE FOR COMMERCIAL FEDERAL BANK…"** See **EXHIBIT 7** attached, and http://www.pottco.org/deed_pdf/2012/9/5/4/2012-9540.pdf calling into further question the assignment in this case executed through Mortgage Electronic

2

Registration Systems, Inc. in behalf of AMERICAN HOME MORTGAGE to WELLS FARGO BANK, N.A. **which is the sole basis for a valid chain of title to the loan from AMERICAN HOME MORTGAGE to WELLS FARGO BANK, N.A. to FREDDIE MAC or to anyone else.**

16. On the basis of this evidence the Debtor alleges **Joel Altringer** was NOT an officer of **AMERICAN HOME MORTGAGE at the time of this assignment** and further, has no such Mortgage Electronic Registration Systems, Inc. corporate resolution from **AMERICAN HOME MORTGAGE** to have been made an Assistant Secretary or Vice President of MERS, in a Mortgage Electronic Registration Systems, Inc. corporate resolution for the officers of **AMERICAN HOME MORTGAGE,** and as such Joel Altringer **was NOT** authorized to make an assignment of this Deed of Trust **in behalf of Mortgage Electronic Registration Systems, Inc. or AMERICAN HOME MORTGAGE or their successors, which if** Joel Altringer was not, makes the assignment dated June 28, 2012 an invalid assignment to WELLS FARGO BANK, N.A., **and which, if proven,** acts to void the claims of **FREDDIE MAC to be the actual legal, titled owner of this loan or for** WELLS FARGO BANK, N.A. to act in any way in their behalf relevant to this loan and to **made claim in this bankruptcy** whether FREDDIE MAC ever had received this loan or not.

We command you to:

1). Designate one or more officers, directors, or managing agents, or other persons qualified to testify on its behalf who is an officer of Wells Fargo Bank, N.A. with knowledge of the procedures of the bank and the banking industry in general for negotiation and purchase of loans and notes from other banking entities, both those securitized and those not, as well as having knowledge and understanding of the securitization of loans and of the above facts alleged who can produce any factual documentation of any kind, documents or records of

3

the transaction that is subject of this dispute, public records or other evidence which will verify and support under the rules of evidence any contention of the Defendant in dispute or denial of any of the factual allegations above made by Plaintiff in her complaint. The person or persons so designated shall testify as to matters known or reasonably available to Wells Fargo Bank, N.A. on these matters related to this case.

II.

Respondent has stated in her complaint:

17. As affirmed in the attached affidavit, Debtor eye witnessed first-hand knowledge herein attached, Affiant affirms on **March 9, 2013**, I entered the official website of FREDDIE MAC https://ww3.freddiemac.com/corporate/ which as stated in the website is for the express purpose to provide homeowners with the means to determine authoritatively whether or not their loan is owned by FREDDIE MAC. Affiant affirms, she inserted the required information which Affiant affirms by first-hand knowledge was the relevant information from her loan and the attached printout is the result of that search stating **"Our records show that Freddie Mac is the owner of your mortgage and it was acquired on November 14, 2005. This date is also referred to as the Freddie Mac settlement date."** (See attached **Affidavit and EXHIBIT 8)** This information has now been removed from the website.

However, this conflicts with the assignment referred to above from the Land Records of Baltimore City showing this loan was not first executed in behalf of the original lender, AMERICAN HOME MORTGAGE, to anyone until it was executed to WELLS FARGO BANK, N.A. **on June 28, 2012, some six and a half years later than the Freddie Mac website indicates AMERICAN HOME MORTGAGE first transferred its interests in this loan.**

4

therein, "October 22, 2005 the subject loan was placed in a FREDDIE MAC MULTICLASS CERTIFICATES Real Estate Mortgage Investment Conduit ("REMIC") TRUST SERIES 3051."

We command you to:

4). Designate one or more officers, directors, or managing agents, or other persons qualified to testify on its behalf who is an officer of Wells Fargo Bank, N.A. with knowledge of the procedures of the bank and the banking industry in general for negotiation and purchase of loans and notes from other banking entities, both those securitized and those not, as well as having knowledge and understanding of the securitization of loans and of the above facts who can produce any factual documentation of any kind, documents or records of the transaction that is subject of this dispute, public records or other evidence which will verify and support under the rules of evidence any contention of the Defendant in dispute or denial of this factual affirmation made in the above referenced and attached affidavit.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| In re: } | |
| RENEE LOUISE MCCRAY } | Case No. 13-26131 |
| DEBTOR } | Chapter 7 |
| } | |
| WELLS FARGO BANK, N.A., et al. } | |
| MOVANT } | |
| } | Judge Nancy V. Alquist |
| vs. } | |
| RENEE LOUISE MCCRAY and } | |
| CHARLES R. GOLDSTEIN, TRUSTEE } | |
| RESPONDENTS } | |

## LIST OF DOCUMENTS TO BRING TO 5/13/14 HEARING

This constitutes the formal demand and request of Respondent, Renee L. McCray for Movant, Wells Fargo Bank, N.A., to establish for the record they are the Real Party in Interest with standing to requesting a Relief from Stay in this bankruptcy case. You are to produce at the hearing scheduled for May 13, 2014 at 10:30 a.m. the following documents, in your possession, custody or control.

1. Copies of Books and Records for all loan transactions – Complete Collateral File.

2. All Assignment and Sale Agreements.

3. Servicing Agreement between Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation concerning Respondent's Mortgage Loan.

4. The Original Promissory Note executed by Respondent on October 7, 2005.

5. The Original Deed of Trust executed by Respondent on October 7, 2005.

6. Name and address of the Custodian of Records for Respondent's Mortgage Loan.

1

7.  Collateral Jacket to the alleged Promissory Note presented to Respondent on March 20, 2014.

8.  If alleged Promissory Note was sent by Carrier, Federal Express or UPS please provide receipt of tracking information for the alleged Promissory Note received by the Trustees from the Custodian of Records.

9.  Produce all of Your Documents involving, mentioning or about the Property, including, but not limited to, agreements or arrangements involving ownership, transfer, exchange, pledge, sale, or acquisition of any interest in the Property, whether past or to occur in the future; historical and background Documents; communications of any and every type to and from others (individuals or entities); servicing agreements related to the Property; insurance policies; insurance claims; agreements or arrangement regarding foreclosure services of any and every type involving the Property; title searches, title abstract reports, appraisals, copies of Documents recorded in public records, and all property tax Documents.

10. Please produce all of Your Documents respecting Your arrangement or agreement mentioning, involving or about the Mortgage Loan, or any part of it, with whomever You think is entitled to enforce the obligations of the Note, including, but not limited to, all communications between You and such identified Person regarding the Note, Security Instrument or Property, and all communications between You and others who You thought represented such identified Person regarding the Note, Security Instrument, or Property.