# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **In re:** | } | |
| **RENEE LOUISE MCCRAY** | } | Case No. 13-26131 |
| | | Chapter 7 |
| **DEBTOR IN "ERROR"** | } | |
| | } | |
| **WELLS FARGO BANK, N.A., et al.** | } | |
| **MOVANT** | } | |
| | } | **Judge Nancy V. Alquist** |
| vs. | } | |
| **RENEE LOUISE MCCRAY and** | | |
| **CHARLES R. GOLDSTEIN, TRUSTEE** | } | |
| **RESPONDENTS** | } | |

## RESPONDENT'S MOTION FOR RECONSIDERATION AND REQUEST FOR NEW HEARING

COMES NOW Respondent, Renee L. McCray in the above referenced case files this Motion for Reconsideration and Request for New Hearing. This Motion is hereby respectfully submitted by Respondent for this Court to reconsider Judge Nancy V. Alquist's Order dated May 20, 2014 Granting Relief From the Automatic Stay under Section 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

The Courts have long held *Pro se* pleadings are to be read liberally and if there is relief available that they have failed to request, the Courts should be lenient and the *Pro se* litigant should be afforded that available relief. *Haines v. Kerner*, 404 U.S. 519 (1972). In re *Haines pro se* litigants are held to less stringent pleading standards than bar licensed attorneys. Regardless of the deficiencies in their pleadings, *pro se* litigants are entitled to the opportunity to

1

submit evidence in support of their claims. In *Platsky v. C.I.A.* 953 F.2d. 25, the court errs if the court dismisses the *pro se* litigant without instruction of how pleadings are deficient and how to repair pleadings. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233, "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers."

Accordingly, Respondent respectfully requests the Court reconsider its ruling due to Respondent's newly discovered evidence and to prevent an injustice of irreparable injury to Respondent. Respondent's newly discovered evidence will show Movant has been misrepresenting itself as a creditor in this bankruptcy proceeding when in fact Movant is a "Third Party Debt Collector" and does not have the rights to be granted a Relief from Stay.

Respondent states the following:

A.  **Newly Discovered Evidence**

On May 16, 2014, Respondent contracted with Clayton Cherry, a Securitization Auditor, to perform an audit on Respondent's mortgage loan documents which were executed on October 7, 2005 with the Original Lender American Home Mortgage. Mr. Cherry's audit revealed numerous discrepancies in the ownership rights of Respondent's alleged Note and Deed of Trust known as the "Security Instrument" (See Clayton Cherry's Affidavit hereto attached). These discrepancies bring into question Movant's "alleged" claim of being a Creditor and Holder of Respondent's "alleged" Note with all rights to enforce. This new evidence will prove Movant does not have standing to be granted Relief from the Automatic Stay in this bankruptcy proceeding. Mr. Cherry's audit revealed the following:

2

1. The Original Lender American Home Mortgage never recorded a "Certificate of Satisfaction" into the Baltimore City Circuit Court Land Records for Respondent's property showing American Home Mortgage was in fact paid by Federal Home Loan Mortgage Corporation the "alleged" investor.

2. Federal Home Loan Mortgage Corporation never recorded an assignment of debt into Respondent's land records memorializing a sale of Respondent's Note and Security Instrument from the Original Lender American Home Mortgage.

3. Federal Home Loan Mortgage Corporation never recorded a "Certificate of Satisfaction" into the Baltimore City Circuit Court Land Records for Respondent's property showing Wells Fargo Bank, N.A. (Servicer) in fact paid for the assignment of debt which was recorded on July 3, 2012.

4. The June 28, 2012 Corporate Assignment of Deed of Trust, filed by Wells Fargo Bank, N.A. (Servicer), is an assignment of debt executed from a non-performing Note at the time of the "alleged" assignment.

5. Erinn T. Rochelle, Vice President of Loan Documentation on behalf of Wells Fargo Bank, N.A., removed Trustee(s) Douglas Douglas and Connie Iampieri from Respondent's land records without the proper authority.

6. Respondent's "alleged" Note does not display the proper number of endorsements, which renders the "alleged" Note invalid.

7. Respondent's "alleged" Note was bifurcated from the Deed of Trust.

This newly discovered evidence proves that Movant has been misrepresenting itself as Respondent's creditor when the truth of the matter is Movant is not a creditor in this bankruptcy proceeding. With this newly found evidence, Respondent will now prove to

this court that Movant has not been damaged monetarily. Respondent will also prove with irrefutable evidence that Movant is not entitled to be granted a Relief from Stay in this bankruptcy proceeding.

B. **Misrepresentation**

There are numerous questions that need to be answered by the Movant such as: 1) Where is the "Certificate of Satisfaction" from the Original Lender, American Home Mortgage, releasing its claim on Respondent's property? 2) As a purchaser of the "alleged" Note, why is there not an assignment of record showing ownership rights for the "alleged" investor, Federal Home Loan Mortgage Corporation in the public record memorializing its claim to Respondent's property? 3) Where is the "Certificate of Satisfaction" from Federal Home Loan Mortgage Corporation proving Movant actually paid Federal Home Loan Mortgage Corporation? Movant has misrepresented to the court that it is an injured party. In fact, Movant cannot prove it actually paid the "alleged" investor, Federal Home Loan Mortgage Corporation, any money for the "alleged" Note. Movant must prove that each and every one of the above transactions took place in order to prove it is the true Holder of the "alleged" Note with all the rights to enforce. Respondent asserts on the record **Movant cannot prove, with evidence, that any of the above transactions took place and must prove, with evidence, that they were executed in order to have a secured lien on Respondent's property.** Under Md. Commercial Law §3-501(2), the Real Estate Settlement Procedures Act (RESPA), and the Truth in Lending Act (TILA) Respondent is demanding that Movant produce evidence to the court to prove that each and every transaction above took place or, in the alternative, if Movant does not

4

prove these transactions, Movant acquiesced that Movant does not have any rights to be granted a Relief from Stay in this bankruptcy proceeding.

Under Maryland's Assignment and Satisfaction of Mortgage Laws an assignment must be in proper written format and recorded to provide notice of the assignment. The mortgagee must record satisfaction and provide written evidence of same to mortgagor within 30 days of written demand. Now that Respondent has been noticed of the above violations, Respondent is demanding from Movant, as a right to cure, a "certified copy" of the "Certificate of Satisfaction" from the Original Lender, American Home Mortgage, proving that an actual sale took place. Also, Respondent is demanding a "certified copy" of the "Certificate of Satisfaction" from the "alleged" investor, Federal Home Loan Mortgage Corporation, proving the same. Movant has not followed any of the laws nor statutes that governs Maryland's Assignment and Satisfaction of Mortgage Laws Article – Real Property § 3-105 and §4-203; and, again has been misrepresenting to this court that Movant has standing in this bankruptcy proceeding to be granted a Relief from Stay.

**<u>Creditor Status</u>**

Movant has misrepresented to the court that it is a creditor of Respondent during this entire bankruptcy proceeding; but not so, Respondent continues to dispute this assertion. Bankruptcy Code Title 11 U.S.C. under §101(10)(A) defines the term "creditor" as:

> *(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;*

Under Title 15 U.S.C., Respondent's mortgage loan is considered a consumer credit transaction and Respondent is stating, under this title, Movant is a "Third Party Debt

5

Collector". The definition under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a. the term "creditor" is defined as follows:

> *(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he received an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.*

As Mr. Cherry pointed out in his affidavit, Movant's "alleged" June 28, 2012 Corporate Assignment of Deed of Trust was executed from a non-performing Note at the time of the assignment. (EXHIBIT E). Pursuant to FRCP 201, Respondent demands this court take judicial note of the "alleged" assignment, which is a default assignment. The upper left hand corner of the assignment states:

*Recording Requested By:*

*WELLS FARGO BANK, N.A.*

*When Recorded Return To:*

*DEFAULT ASSIGNMENT*
*WELLS FARGO BANK, N.A.*
*MAC: X9999-018*
*PO BOX 1629*
*MINNEAPOLIS, MN 55440-9790*

Under the Fair Debt Collection Practices Act (FDCPA), a creditor is not one who obtains a debt in default. In light of the FDCPA, Movant cannot be deemed a creditor. Pursuant to Title 11 U.S.C. under §101(10)(A), Movant did not have a valid claim "at the time of or before the order for relief concerning the debtor." Therefore, Movant would not have any authority under the definition of "creditor" in Title 11 U.S.C. bankruptcy code to initiate a Relief from Stay in this bankruptcy proceeding. The only one who would have a valid claim against the debtor would be the Holder with all rights to enforce. Movant has not stated or proven it actually paid for the alleged debt. Movant need to prove it paid for the "alleged" assignment of debt. The only instrument Movant rely upon is the June 28,

6

2012 Corporate Assignment of Deed of Trust which is invalid. Movant have not presented any evidence before the Court that it is a creditor in this bankruptcy proceeding. Respondent asserts Movant is not the Holder with all rights to enforce, Movant has now been identified as a "Third Party Debt Collector" so it do not have a valid claim to be granted a Relief from Stay in this bankruptcy proceeding.

**Movant As Servicer**

At the May 13, 2014 hearing, Movant's witness, Robert Bateman representing Wells Fargo Bank, N.A. stated Movant was the servicer of the mortgage. Respondent stated that according to Title 15 U.S.C. 1641(f)(2) since Movant's witness admitted to being the servicer Movant can not be deemed the owner of the obligation and Movant cannot enforce Respondent's mortgage as such. Title 15 U.S.C. 1641(f)(2) states:

> *"(2) **Servicer not treated as owner on basis of assignment for administrative convenience***
>
> *A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as the owner of the obligation for purposes of this section on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation..."*

Wells Fargo asserts they are the servicer and they are also trying to take Holder status pursuant to Md. Commercial Law §3-301 but according to 15 U.S.C. 1641(f)(2) Movant cannot be treated as the owner. During the May 13, 2014 hearing, Respondent stated on the record, "[W]hen a servicer claims to be the holder of the note, the law calls an allegation like this "a sham", and defines it as "good in form but false in fact and not pleaded in good faith." <u>Meadows v. Edwards</u>, 82 So. 2d 733 (Fla. Supreme Court 1955)

7

### Form B-10 – Proof of Claim

On November 27, 2013, Movant filed into this bankruptcy proceeding a "Proof of Claim" asserting that the basis for the perfection of this claim was the "Deed of Trust dated October 7, 2005." The amount of the Secured Claim was "$71,206.22". Movant do not have a perfected lien, therefore, Movant cannot prove a claim. For the record, Respondent was never mailed a copy of the Proof of Claim filed in this case. When Respondent was first made aware that a Proof of Claim was filed was in January 2014 when Respondent received Movant's Motion to Dismiss Respondent's Adversary Proceeding (it was stated within the motion that a Proof of Claim was filed). In Respondent's opposition to the motion Respondent disputed the Proof of Claim. At the May 13th hearing, Respondent again disputed the Proof of Claim stating that the claim was completed by counsel for Movant and that attorneys are not allowed to testify. As Respondent is now aware from the newly discovered evidence of the misrepresentation by Movant pretending to be a creditor, Movant will not and cannot complete a Proof of Claim because Movant would be willfully committing a fraudulent claim in this bankruptcy proceeding. Again, Movant is misrepresenting itself as a creditor in this bankruptcy proceeding and cannot prove it is owed the amount claimed on the Proof of Claim.

On page 2 of the Proof of Claim form directly under Counsel Kimberly B. Lane's signature as "Attorney for Wells Fargo Bank, N.A." it states:

> ***"Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C.§§ 152 and 3571."****(emphasis added)*

Since Movant has filed a Proof of Claim, which is clearly another form of misrepresentation to this court that Movant is an "alleged" creditor and was entitled to complete the B-10 Proof of Claim. The question remains – Which entity is liable for the above fine, Movant or its attorney/law firm? The completion of the Proof of Claim is clearly another misrepresentation to this court that Movant is a creditor when in fact it is not and does not have any right to seek a Relief from Stay in this bankruptcy proceeding. Black's Law Dictionary Fifth Edition, page 594, defines Fraud as:

> "An ***intentional perversion*** of truth for the purpose of inducing another in ***reliance*** upon it to part with some valuable thing belonging to him or to surrender a legal right.
>
> A false representation of a mater of fact which ***deceives*** and is intended to ***deceive*** another so that he shall act upon it to his legal injury.
>
> It consists of some deceitful practice or willful device, ***resorted*** to with intent to ***deprive*** another of this right, or in some manner to do him injury." (Emphasis added).

### Alleged Note

In Mr. Cherry's findings, he stated Federal Home Loan Mortgage Corporation should have endorsed the note from the Original Lender, American Home Mortgage. Respondent asserts there is no endorsement on the "alleged" Note from Federal Home Loan Mortgage Corporation and, since none exists, the "alleged" Note should be rendered invalid.

Respondent has disputed the validity of the endorsements on the "alleged" Note at the March 20, 2014 and May 13, 2014 hearings, in testimony and by affidavit. Movant has not provided any evidence from American Home Mortgage to prove that the "alleged" Note was ever sold to Federal Home Loan Mortgage Corporation. Nor has

Movant provided proof that Federal Home Loan Mortgage Corporation sold the "alleged" Note to Movant.

There have been numerous misrepresentations by Movant in this case concerning the "alleged" Note such as:

Respondent was sent a "Certified Copy" of the note by Movant in September 2012 without any endorsements on the note incorporated herein as EXHIBIT B

Please take **Judicial Notice** that in Black's Law Dictionary 6th Edition, Certified copy is defined as: *A copy of a document or record, signed and certified as a true copy by the officer to whose custody the original is intrusted. Doremus v. Smith*, 4 N.J. Law, 143; *People v. Foster*, 27 Misc. Rep. 576, 58 N.Y. Supp. 574; *Nelson v. Blakey*, 54 Ind. 36.

Second, in the February 22, 2013 Order to Docket foreclosure action in the Circuit Court for Baltimore City – Case #24-013000528, Movant filed a copy of the "alleged" Note with endorsements (EXHIBIT C). The note filed had two endorsements; one from American Home Mortgage to Wells Fargo Bank, N.A. and second being an incomplete stamping "Without Recourse" from Wells Fargo Bank, N.A. to an "as-of-yet unnamed payee." Movant will not answer the following question; "How does the "Certified Copy" of the note have no endorsements, yet 5 months later, in February 2013, Movant submitted a copy of the alleged note with endorsements from the original Lender, American Home Mortgage when American Home Mortgage has been out of business since 2008?" There is no evidence that Respondent's note was ever sold, assigned or transferred to Movant from American Home Mortgage. Respondent rebut the veracity of

the two (2) stamped endorsements. Under Md. Commercial Law §3-501(b), RESPA, and TILA Respondent demands Movant provide this proof.

Thirdly, at the March 20, 2014 Relief from Stay Hearing, Movant presented to Respondent a note which Respondent examined and stated, in testimony and by affidavit, that the signature on the note was not Respondent's.

At the April 24, 2014 deposition hearing, Respondent was presented again with what appeared to be the same "alleged" Note Respondent examined on March 20th. When it was time to copy the "alleged" Note, Counsel for Movant had a different copy of the note, which had a hole on the last page. Respondent immediately stated to counsel it was not the document Respondent examined an hour ago nor was it the document Respondent examined at the March 20th hearing. Respondent placed the entire incident in an affidavit on April 25, 2014 (attached hereto as EXHIBIT 1). Neither Respondent's affidavit nor testimony of this incident have been rebutted nor refutted by Movant nor its attorneys.

Under Md. Commercial Law §3-308(b), Proof of signatures and status as holder in due course – provides that a person who actually produces the Note is entitled to payment, but only if that person "proves entitlement to enforce the instrument under §3-301. Respondent disputed in pleading and in testimony and with this newly discovered evidence, that Movant is not the Holder in Due Course under §3-301(i) and Movant has not and cannot prove that it is the Person Entitled to Enforce (PETE). Therefore, Movant is not entitled to be granted Relief from Stay in this bankruptcy proceeding.

### Md. Commercial Law §3-301.  Person Entitled to Enforce Instrument

From Respondent's newly discovered evidence, Movant is not the Person Entitled to Enforce Respondent's "alleged" Note.  There is no record of a "Certificate of Satisfaction" from the Original Lender, American Home Mortgage, recorded in the Baltimore City Circuit Court Land Records showing American Home Mortgage was ever paid for the assignment of debt.  Movant's "alleged" Note does not display the correct endorsements – there is no endorsement on the Note from American Home Mortgage to Federal Home Loan Mortgage Corporation.  There is no endorsement on the "alleged" Note from Federal Home Loan Mortgage Corporation to the servicer Wells Fargo Bank, N.A.

The Uniform Commercial Code (UCC), which has been adopted by all fifty states, defines the note as a negotiable instrument.  This well-established body of law controls negotiable instruments; it therefore defines who has the right to enforce the Note.  The UCC makes it clear that Respondent owes Movant nothing unless and until Movant produces real proof that it has the right to enforce Respondent's Note—that is, proof that satisfies the strict test of the UCC.  Movant must prove that it is PETE or the agent of PETE.  Movant have not proven either.

The only assertion Movant has made is that they are the "Note Holder."  At the May 13, 2014 hearing, Movant's witness, Robert Bateman, representing Wells Fargo Bank, N.A., stated Movant was the servicer of the mortgage loan for Federal Home Loan Mortgage Corporation.  Mr. Bateman also stated Wells Fargo Bank, N.A. was the custodian of records for Federal Home Loan Mortgage Corporation.  As the alleged custodian of records, this would explain why Movant asserts to be the alleged "Note

Holder" but that does not make Movant PETE. Movant is claiming an agency relationship with Federal Home Loan Mortgage Corporation but an agent cannot speak for the principal. Third parties cannot speak on first party matters. Movant has not proven any agency relationship with Federal Home Loan Mortgage Corporation. Even if it did prove an agency relationship, Federal Home Loan Mortgage Corporation would have to prove it is PETE under §3-301(i). Then Movant would have to prove that they are a non-holder in possession of the instrument who has the rights of a holder §3-301(ii). There is insufficient evidence that Movant is a Holder.

Discussing requirements of UCC §3-301(ii), the federal bankruptcy court concludes that a person claiming status as a "non-holder in possession of the instrument who has the rights of a "holder" must "prove the transaction" by which it claims to have obtained such rights, must prove the transferor had the right to enforce the Note at that time, and must produce the physical Note. Further, the court noted that mere ownership of the Note did not establish the right to enforce the payment obligations under the Note and that even if possession of the Note was demonstrated, the court was not allowed to assume without proof that the other requirements had been satisfied. *In re Wilhelm*, 407 B.R. 392 (Bankr. D. Idaho 2009). Also see Leyva v. Nat'l Default Servicing Corp., 255 P. 3d Nevada Supreme Court decision reversed and remanded UCC Article 3 No Endorsement. It states "[A]s discussed below, we conclude that Article 3 clearly requires Wells Fargo to demonstrate more than mere possession of the original note to be able to enforce"... "Because a transferred note is not endorsed, however, the party seeking to establish its right to enforce the note "must account for possession of the unendorsed instrument by proving the transaction through which the transferee acquired it."

13

Movant would have to prove they are a non-holder with the rights of a holder. Furthermore, Md. Commercial Law §3-203(b) states:

> *"Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument."*

§3-203(c) states:

> *"Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made."*

§3-203(d) states:

> *"If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this title and has only the rights of a partial assignee."*

Respondent now knows from Mr. Cherry's findings that Movant is not PETE and does not have a secured claim to Respondent's Deed of Trust executed on October 7, 2005 with the Original Lender, American Home Mortgage. Movant is a "Third Party Debt Collector." Movant is not a creditor in this bankruptcy proceeding, Movant cannot prove how they have been damaged, and Movant cannot and has not proven it is the party entitled to enforce Respondent's mortgage documents under Md. Commercial Law §3-301.

C. **Lack of Standing**

A party lacks standing to invoke the jurisdiction of a court unless he has, an individual or representative capacity, some real interest in the subject matter of the

action.[1] The Eleventh Appellate District has held that "Civ.R. 17 is not applicable when the plaintiff is not the proper party to bring the case and, thus, does not have standing to do so. A person lacking any right or interest to protect may not invoke the jurisdiction of a court."[2] The court also noted that "Civ.R.17(A) was not applicable 'unless the plaintiff had standing to invoke the jurisdiction of the court in the first place, either in an individual or representative capacity, with some real interest in the subject matter.' Civ.R.17 only applies if the action is commenced by one who is sui juris or the proper party to bring the action."[3]

"Standing to sue is critical to the proper functioning of the judicial system. It is a threshold issue. If standing is denied, the pathway to the courthouse is blocked. The plaintiff who has standing, however, may cross the threshold and seek judicial redress." (*Saratoga County Chamber of Commerce, Inc. v. Pataki*, 100 NY2d 801 812 [2003]. Professor Siegel (NY Prac, § 136, at 323 [4d ed]), instructs that:

> [i]t is the law's policy to allow only an aggrieved person to bring a lawsuit...A want of "standing to sue," in other words, is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple syllogism takes us from there to a "jurisdictional" dismissal: (1) the courts have jurisdiction only over controversies; (2) a plaintiff found to lack "standing" is not involved in a controversy; and (3) the courts therefore have no jurisdiction of the case when such a plaintiff purports to bring it.

---

[1] *State ex rel. Dallman v. Court of Common Pleas* (1973), 35 Ohio St. 2d 176, 298 N.E.2d 515, syllabus.
[2] (Citations omitted.) *Northland Ins. Co. v. Illum. Co.*, 11th Dist. Nos. 2002-A-0058 and 2002-A-0066, 2004-Ohio-1529, at ¶ 17.
[3] *Travelers Indemn. Co. v. R.L. Smith Co.* (Apr. 13, 2001), 11th Dist. No. 2000-L-014, quoting *Franzes v. Falcon* (Nov. 19, 1979), Lake App. No. 7-071, 1979 WL 208213.

"Standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request." (*Caprer v Nussbaum* (36 AD3d 176, 181 [2d Dept 2006]). If a plaintiff lacks standing to sue, the plaintiff may not proceed in the action. (*Stark v Goldberg*, 297 AD2d 203 [1st Dept 2002]).

In the case of Fed. Home Loan Mtge. Corp. v. Schwartzwald, 134 Ohio St.3d 13, 2012-Ohio-5017 the entire case deals with standing and if the assignment of debt is not correct before the Plaintiff brings the case to court then the Court lacks jurisdiction. Freddie Mac conceded it was not entitled to enforce the note when it filed the complaint, but argued it was so entitled before judgment, so that cured the problem. It argued it was entitled to enforce the note as a non-holder in possession of the instrument with the rights of a holder, and that the failure to be a real party in interest at the time of filing the suit can be cured pursuant to Civ. R. 17(A), and was so cured by the assignment of the note and mortgage prior to judgment.

Similar in this case, Movant is a third party without proper assignments and has no standing in this bankruptcy proceeding. From Respondent's newly discovered evidence, Respondent asserts the endorsements on the "alleged" Note was improperly endorsed – the "alleged" Note is invalid. Movant's June 28, 2012 "alleged" Corporate Assignment is invalid. There is no record in Respondent's Public Land Records of a "Certificate of Satisfaction" that the Original Lender, American Home Mortgage was ever paid.

In Mr. Cherry's analysis he has shown two (2) broken chains of title in regards to Respondent's mortgage documents, he has also shown how the assignments should have been properly done in order for Movant to have a perfected/secured claim; which it does not. Again Movant is not a creditor in this bankruptcy proceeding, Movant misrepresented itself as a creditor when in fact it is a "Third Party Debt Collector.

Respondent is requesting the Full Faith and Credit under Article IV, Section 1 of the United States Constitution, that the decision from the State of Ohio for Fed. Home Loan Mtge. Corp. v. Schwartzwald, 134 Ohio St.3d 13, 2012-Ohio-5017 and every State decision cited in this case be upheld in this bankruptcy proceeding to determine the validity of Movant's standing in this case.

Further, Respondent will be taking this newly discovered evidence back into the Baltimore City Circuit Court Order to Docket Foreclosure Case Number 24-013000528 showing the foreclosure action Movant filed was initiated from misrepresentation at the conception of the Order to Docket and is requesting the stay under 362 bankruptcy code to be reversed until this bankruptcy case is discharged.

## CONCLUSION

**WHEREFORE**, Respondent requests this Honorable Court reconsider its previous Judgment taking into account Respondent's newly discovered evidence showing Movant has been misrepresenting to the Court that it is a creditor in this bankruptcy proceeding entitled to seek a Relief from Stay when Movant is actually a "Third Party Debt Collector" without a secured claim in this bankruptcy proceeding. Respondent demands the Court conduct an evidentiary hearing. If Respondents motion is denied, Respondent requests Findings of Fact and Conclusions of Law to support the Court findings in an effort to preserve Respondent's record for Appeal.

Respectfully submitted,

*Renee L. McCray*
Renee L. McCray
109 Edgewood Street
Baltimore, Maryland 21229
(410) 945-2424
rlmccray@yahoo.com

## VERIFICATION

The undersigned hereby state, under the penalties of perjury, that the statements made in the foregoing Motion for Reconsideration and Request for a New Hearing are true and correct to the best of my knowledge, information and belief.

Date: May 29, 2014

*Renee L. McCray*
Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Motion for Relief from Judgment with supporting documents has been sent to the parties listed below by USPS Certified Mail and USPS First Class Mail on May 29, 2014. (See attached mailing receipt).

Kimberly B. Lane
Samuel I. White, P.C.
611 Rockville Pike, Suite 100
Rockville, Maryland 20852

Charles R. Goldstein, Trustee
1 East Pratt St., Suite 800
Baltimore, Maryland 21202

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715

Dated: May 29, 2014

*Renee L. McCray*
Renee L. McCray

```
                 USPS - Main Office Window
                    Baltimore, Maryland
                        212339715
                    2303830001 -0096
       05/29/2014    (800)275-8777    06:32:19 PM
       ===============================================
       ————————————  Sales Receipt  ————————————
       Product          Sale  Unit          Final
       Description      Qty   Price         Price

       FORT MILL SC 29715 Zone-4            $2.45
       First-Class Mail Large Env
        8.00 oz.
        Expected Delivery: Mon 06/02/14
                                           ========
       Issue PVI:                            $2.45

       ROCKVILLE MD 20852 Zone-1            $2.45
       First-Class Mail Large Env
        8.00 oz.
        Expected Delivery: Mon 06/02/14
                                           ========
       Issue PVI:                            $2.45

       BALTIMORE MD 21202 Zone-0            $2.45
       First-Class Mail Large Env
        8.00 oz.
        Expected Delivery: Sat 05/31/14
                                           ========
       Issue PVI:                            $2.45
                                          —————————
       Total:                                $7.35

       Paid by:
       Cash                                 $20.35
       Change Due:                         -$13.00
       *******************************************
       *******************************************
       BRIGHTEN SOMEONE'S MAILBOX. Greeting cards
       available for purchase at select Post
       Offices.
       *******************************************
       *******************************************


       In a hurry? Self-service kiosks offer
       quick and easy check-out. Any Retail
       Associate can show you how.

       Order stamps at usps.com/shop or call
       1-800-Stamp24. Go to usps.com/clicknship
       to print shipping labels with postage. For
       other information call 1-800-ASK-USPS.
       *******************************************
       *******************************************
       Get your mail when and where you want it
       with a secure Post Office Box. Sign up for
       a box online at usps.com/poboxes.
       *******************************************
       *******************************************


       Bill#: 1000403490377
       Clerk: 09

          All sales final on stamps and postage
            Refunds for guaranteed services only
               Thank you for your business
       *******************************************
       *******************************************
                 HELP US SERVE YOU BETTER

        Go to: https://postalexperience.com/Pos

              TELL US ABOUT YOUR RECENT
                  POSTAL EXPERIENCE

                  YOUR OPINION COUNTS
       *******************************************
       *******************************************


                       Customer Copy
```