IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:

RENEE LOUISE MCCRAY,

    DEBTOR.

CHAPTER 7

CASE NO. 13-26131-NVA

WELLS FARGO BANK, N.A.,

    MOVANT,

vs.

RENEE LOUISE MCCRAY
and CHARLES R. GOLDSTEIN, TRUSTEE,

    Respondents.

### RESPONSE TO RESPONDENT'S MOTION FOR RECONSIDERATION AND REQUEST FOR NEW HEARING

COMES NOW, Wells Fargo Bank, N.A., by counsel, in response to the Respondent's Motion for Reconsideration and Request for New Hearing ("Motion to Reconsider"), and states the following in support thereof;

### BACKGROUND

Wells Fargo Bank, N.A. filed a Motion for Relief from Stay in this instant bankruptcy case on January 31, 2014 (Docket Number 46) in regards to the subject property located at 109 N. Edgewood Street, Baltimore, MD pursuant to a Note and Deed of Trust dated October 7, 2005. The Debtor filed a

Kimberly B. Lane, Esquire
Counsel for Movant
Samuel I White, P.C.
Bar No. 18513
611 Rockville Pike,
Suite 100
Rockville, MD 20852
(301) 804-3400
File No. 4663

response to the Motion for Relief on February 18, 2014 (Docket Number 51) alleging that Wells Fargo Bank, N.A. did not have proper standing to file the Motion for Relief. The Court held a preliminary hearing on March 20, 2014 and a final evidentiary hearing on May 13, 2014. At the final evidentiary hearing, the Court held that Wells Fargo Bank, N.A. was indeed the Noteholder and was entitled to relief from the bankruptcy stay pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code. (Order entered on May 21, 2014, Docket Number 79). The Debtor filed this instant Motion to Reconsider on May 30, 2014.

### Argument

**A. Debtor's Motion to Reconsider is improper as it fails to meet the standard established under Rule 60 of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure.**

Rule 60 of the Federal Rules of Civil Procedure (adopted by the Federal Rules of Bankruptcy Procedure as Rule 9024) lists the grounds upon which reconsideration of an order or judgment is appropriate. They are (1) mistake, inadvertence, surprise or excusable neglect, (2) newly discovered evidence that with reasonable diligence could not have been discovered in time for a new trial under 59(b), (3) fraud, misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released or discharged, or (6) any other reason that justified relief.

Ms. McCray has filed to raise any allegation that would satisfy the standard for a motion to reconsider. Ms. McCray alleges she has new evidence in the form of an affidavit by a forensic auditor. However, a reconsideration "may not be used to raise arguments or present evidence for the first time when they could have reasonably been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." See *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 ( D. Del. 1990). Generally, such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the [original] motion." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (internal quotation marks and citations omitted); *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999 (stating that issue raised in motion to reconsider is not preserved for appeal unless district court uses

discretion to excuse untimeliness). See also *United States v. Foreman*, 396 F.3d 776, 797 n.12 (4th Cir. 2004). (Gregory, J. concurring in part and dissenting in part) (suggesting that the Government could not rely on new evidence to support the existence of "reasonable suspicion" in a motion to reconsider the grant of a motion to suppress).

Therefore, in order to seek reconsideration, Ms. McCray must demonstrate what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon the previous hearing on the Motion for Relief, or what other grounds exist for the motion to reconsider and why the facts or circumstances were not shown at the time of the Motion for Relief. *Robinson v. Cunan*, 2012 U.S. Dist WL 2885940 (E.D. Cal., 2012) (quoting the Courts Local Rules 230(j)).

Ms. McCray seeks to rely on an affidavit as "new evidence" to be considered regarding the Motion for Relief. However, there is no assertion or basis that explains why the affidavit could not have been presented with her original defense to the Motion for Relief. Based on this, the new evidence Ms. McCray seeks to rely on does not meet the standard of Rule 60 of the Federal Rules of Civil Procedure and a motion to reconsider should not be granted on account of this new evidence.

Ms. McCray also alleges misrepresentation on the part of Wells Fargo Bank, N.A. stating that Wells Fargo Bank, N.A. has misrepresented to the Court that it is the party entitled to enforce the instrument. This is factually and legally inaccurate and Ms. McCray fails to offer any support for this allegation. Wells Fargo Bank, N.A. addressed any concerns regarding its noteholder status at the evidentiary hearing held on May 13, 2014 by producing the original note, a witness from Wells Fargo Bank. N.A. that testified that Wells Fargo Bank, N.A. is the party in possession of the Note and an expert witness that testified the original note did contain Ms. McCray's original signature.

Based on the above, Wells Fargo Bank, N.A. submits that Ms. McCray has failed to meet the standard set forth in Rule 60 of the Federal Rules of Civil Procedure and Rule 9024 of the Federal Rules of Bankruptcy Procedure and the Motion to Reconsider should be denied.

**B. Debtor's Motion to Reconsider is improper as it violates the doctrine of Res Judicata.**

The issues raised in the Debtor's Motion to Reconsider were already raised in her objection to the

Motion for Relief and are barred from consideration under the doctrine of Res Judicata. Res Judicata refers to the preclusion of a claim or cause that has or could have been fully litigated or decided in a prior action with the Court had jurisdiction. *Myers v. State*, 57 Md. App. 325, 328, 470 A.2d (1984). Here, the Debtor's argument fails as the issues raised have already been fully litigation by this Court through the Motion for Relief.

WHEREFORE, Wells Fargo Bank, N.A. requests that the Debtor's Motion to Reconsider be DENIED.

Respectfully submitted,

WELLS FARGO BANK, N.A.

**SAMUEL I. WHITE, P. C.**

By: **/s/ KIMBERLY B. LANE**
Randa S. Azzam, Esquire, Bar No. 22474
Kimberly B, Lane, Esquire, Bar No. 18513
Samuel I. White, P. C.
611 Rockville Pike,
Suite 100
Rockville, MD 20852
Tel: (301) 804-3400
Fax: (301) 838-1954
klane@siwpc.com

CERTIFICATE

I hereby certify that a true copy of the foregoing Response was served by regular mail or email this 12h day of June, 2014 on all necessary parties including, Charles R. Goldstein,Trustee, 1 East Pratt Street Suite 800, Baltimore, MD 21202; and Renee Louise McCray, Pro-Se Debtor, 109 Edgewood Street, Baltimore, MD 21229.

**SAMUEL I. WHITE, P. C.**

By: **/s/ KIMBERLY B. LANE**