FILED

2014 JUN 27 PM 3:14

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | } | |
| **RENEE LOUISE MCCRAY** | } | **Case No. 13-26131** |
| | | **Chapter 7** |
| **"DEBTOR IN ERROR"** | } | |
| | } | |
| **WELLS FARGO BANK, N.A.,** | } | |
| **MOVANT** | } | |
| | } | **Judge Nancy V. Alquist** |
| vs. | } | |
| **RENEE LOUISE MCCRAY and** | } | |
| **CHARLES R. GOLDSTEIN, TRUSTEE** | } | |
| **RESPONDENTS** | } | |

## REPONDENT'S REPLY TO MOVANT'S RESPONSE
## TO MOTION FOR RECONSIDERATION
## AND REQUEST FOR NEW HEARING

COMES NOW Respondent, Renee L. McCray in the above referenced case reply to Movant's Response for Reconsideration and Request New Hearing, and states the following:

## BACKGROUND

On September 23, 2013, Respondent, filed a voluntary petition Chapter 13 under the United State Bankruptcy Code. Respondent listed Wells Fargo Home Mortgage as a creditor on Respondent's Scheduled "F" Unsecured Non-Priority Claim as "Disputed." The only reason Respondent listed Wells Fargo Home Mortgage as a creditor was because Wells Fargo was listed as a creditor on Respondent's credit report. Respondent believed Wells Fargo was listed on

1

3)

Respondent's credit report as the servicer for the alleged original lender, American Home Mortgage.

On January 30, 2014, Respondent converted the voluntary petition under Chapter 13 to a voluntary Chapter 7. As Movant stated, "Wells Fargo Bank, N.A. filed a motion for Relief from Stay in this instant bankruptcy case on January 31, 2014 (Docket Number 46) in regards to the subject property located at 109 N. Edgewood Street, Baltimore, MD pursuant to a Note and Deed of Trust dated October 7, 2005." The Court held a preliminary hearing on March 20, 2014.

Respondent avers Movant is not a creditor in this bankruptcy case and Respondent has stated in the attached "Affidavit of Correction" that Respondent is correcting the record that any and all statements, writings, documents, presumptions or assumptions made by Respondent that Movant is a creditor in the above referenced bankruptcy case is now being corrected in Respondent's affidavit. (See hereto attached Affidavit of Correction).

## ARGUMENT

### I. Federal Rule of Civil Procedure Rule 11. Signing Pleadings, Motion, and Other Papers; Representations to the Court; Sanctions

Rule 11 of the Federal Rules of Civil Procedure states:

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

On May 5, 2014, Respondent filed an Emergency Motion to Postpone and Request for Hearing the May 13, 2014 evidentiary hearing because Respondent would not receive the discovery requests Respondent sent to Movant on April 10, 2014 until the day after the hearing, which was May 14, 2014. Respondent's Emergency Motion to Postpone was heard on the same day as the May 13, 2014 evidentiary hearing.

Pursuant to Rule 11 (b)(1), (2), (3) and (4) Respondent request for a postponement was within the guidelines and was not unreasonable and in order to have a fair and equal evidentiary hearing, Respondent should have been granted the postponement to receive the discovery requests which would have shown Movant did not have standing nor was Movant or any party Movant allegedly represented was an injured party in this instance matter. Pursuant to Bankruptcy Rule 5071-1(b) Motions for Postponement/Continuances it states:

Notice to Client and Other Parties. A motion to postpone any matter before the court must certify that the client has prior notice of the filing of that motion. Notice of such motion, together with the reasons therefore, must be given by the fastest means to avoid inconvenience to other parties entitled to notice or their counsel before filing unless such notice is waived.

On May 5, 2014, Respondent conferred by telephone with the Movant's attorney Kimberly Lane to see if Respondent would receive the discovery requests before the hearing scheduled for May 13, 2014. Ms. Lane stated she should not be talking with Respondent and

3

that they filed a motion to quash Respondent's discovery. However, Movant's motion was to quash Respondent's Subpoena for Rule 2004 Examination dated April 21, 2014. Respondent's initial discovery requests dated April 9, 2014 was not related to Movant's Motion to Quash Subpoena for Rule 2004 Examination and should not had any bearing on Respondent's April 9, 2014 discovery requests. By denying the Emergency Motion to Postpone, Respondent was denied due process rights to present the necessary evidence to prove Movant did not have standing, nor was the Movant an injured party or any party Movant allegedly represented was an injured party in this bankruptcy case. The evidence Respondent was requesting and should have received from the Movant would have shown Movant was an interloper in this bankruptcy case. Bankruptcy Court is a Court of equity for debtors and creditors, not debtors and interlopers.

## II.  Affidavit of William McCaffrey

On April 10, 2014, Respondent sent Movant a copy of the Affidavit of William McCaffrey which Movant has never rebutted or refuted. In Mr. McCaffrey's affidavit he stated, "On October 22, 2005, the subject loan was placed in a FREDDIE MAC MULTICLASS CERTIFICATES Real Estate Mortgage Investment Conduit ("REMIC") TRUST SERIE 3051 (see Doc. 60, Exhibit 13). Mr. McCaffrey also states "The potential holder in due course of the McCray Promissory Note therefore could not be Wells Fargo Bank, NA, or Federal Home Loan Mortgage Corporation." Movant on one hand alleges to be the holder of the note with all rights to enforce, but according to Mr. McCaffrey, the note was actually placed into a trust on October 22, 2005. Then on the other hand, Movant alleges to be the custodian of the note for Federal Home Loan Mortgage Corporation. Respondent have made numerous requests to Movant to prove their alleged claim of creditor but never received any meaningful responses or never received responses at all. Respondent has been denied access by the Movant to the information

4

necessary to bring forth necessary evidence. Movant have made it impossible for Respondent to receive vital evidence proving Movant does not have standing without the assistance of the court.

Respondent was denied by the court to enter Mr. McCaffrey's affidavit as evidence because Mr. McCaffrey was not present at the May 13th hearing to give oral testimony. Respondent then asked the court if Mr. McCaffrey could give testimony telephonically, the Court denied Respondent's request for telephonic testimony.

Pursuant to 33 CFR 20.707 – Telephonic Testimony

§ 20.707 Telephonic testimony.

*(a) The ALJ may order the taking of the testimony of a witness by telephonic conference call. A person presenting evidence may by motion ask for the taking of testimony by this means. The arrangement of the call must let each participant listen to and speak to each other within the hearing of the ALJ, who will ensure the full identification of each so the reporter can create a proper record.*

Pursuant to Federal Rules of Civil Procedure Rule 43. Taking Testimony

*(a) In Open Court. At the trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.*

Respondent is an indigent party with limited financial resources in this bankruptcy proceeding. Mr. McCaffrey is located in the state of Arizona and financially Respondent is incapable to pay Mr. McCaffrey's airfare to Maryland and living expenses to testify at an evidentiary hearing. Pursuant to 33 CFR 20.707 "The ALJ may order to taking of the testimony of a witness by telephonic conference call." "A person presenting evidence may by motion ask for the taking of testimony by this means." Also, pursuant to FRCP Rule 43 "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Respondent is

requesting the court to reconsider and allow Respondent to file a motion to allow Mr. McCaffrey's telephonic testimony at a new hearing. If the court denies Respondent request, the court would be denying Respondent her due process rights because Respondent is being denied access to the court because of Respondent's financial inability to have the court hear Mr. McCaffrey's testimony firsthand. By allowing the telephonic testimony of Mr. McCaffrey to testify as to what was written in his affidavit will prove Movant does not have standing to be granted a relief from stay in this bankruptcy proceeding.

## III. Federal Rule of Civil Procedure Rule 60 and Rule 9024 of the Federal Rules of Bankruptcy Procedure.

Respondent's Motion to Reconsider is proper under Rule 60 of the Federal Rules of Civil Procedure as it has met the standard established under Rule 60 of the Federal Rules of Civil Procedures and Rule 9024 of the Federal Rules of Bankruptcy Procedure pursuant to: (2) newly discovered evidence that with reasonable diligence could not have been discovered in time for a new trial under 59(b) fraud, misrepresentation, or misconduct by an opposing party.

Respondent newly discovered evidence could not have been discovered in time for a new trial because Respondent did not know of Mr. Cherry the securitization auditor until after the May 13, 2014 hearing. Once the Court denied Respondent's Emergency Motion to Postpone the May 13, 2014 hearing, and denied Mr. McCaffrey's affidavit to be entered as evidence, Respondent found Mr. Cherry after the hearing to back up the facts stated in Mr. McCaffrey's affidavit. One of the issues Mr. Cherry discovered was that there was no "Certificate of Satisfaction" entered in Respondent's Baltimore City Land Records that shows any record that Movant paid for the alleged promissory note. This evidence was not known to Respondent until after Mr. Cherry's submitted his audit after the May 13, 2014 hearing. Respondent is an

6

unsophisticated consumer not a banking expert and should not be held at the same standards as a banker with knowledge of the banking industry, Respondent is not a lawyer, a private investigator or a securitization auditor. Respondent have done her due diligence as best she can with limited resources in obtaining evidence to prove Movant has been misrepresenting itself as a creditor of Respondent in this bankruptcy case.

This newly discovered evidence was not available to Respondent until Respondent became acquainted with Mr. Cherry after the May 13, 2014 hearing. As Respondent stated above, Respondent was denied her due process rights when Respondent's Emergency Motion to Postpone was denied in order to provide the necessary evidence for the May 13, 2014 hearing. Respondent had a right to receive the initial discovery information she requested from the Movant. Movant cannot and have not proven they are an injured party in this bankruptcy case. Movant alleges to be acting on behalf of Federal Home Loan Mortgage Corporation but Movant have not provided to the court any contract proving an agency relationship between Movant and Federal Home Loan Mortgage Corporation. Movant have not presented any evidence showing Movant has authority to be representing Federal Home Loan Mortgage Corporation in this bankruptcy proceeding. Further, third parties cannot speak on first party matters. Movant have not provided any evidence that Federal Home Loan Mortgage Corporation is a creditor or have been injured by Respondent. Respondent Motion for Reconsideration is not improper because without a "Certificate of Satisfaction" from the alleged original lender, American Home Mortgage, Movant nor Federal Home Loan Mortgage Corporation can prove they paid for the alleged note in order to be an injured party. **Maxim of Equity: He who seeks equity must do equity.** Movant have not proven with sufficient evidence how they have been injured by Respondent.

7

Movant alleges the Motion to Reconsider is improper as it violates the Doctrine of Res Judicata. First, the May 13, 2014 hearing was not a trial on the merits and Respondent was denied equal access to evidence. Second, Respondent avers Movant has brought fraud upon the court by misrepresenting to the court that Movant is a creditor in this bankruptcy proceeding when in fact Movant is not a creditor of Respondent and cannot and has not proven it has been injured. The Movant alleges to be the custodian of the alleged note for Federal Home Loan Mortgage Corporation but have not proven a relationship with Federal Home Loan Mortgage Corporation. Movant have not provided to the court any evidence i.e., a contract with Federal Home Loan Mortgage Corporation. Movant have not provide any kind of evidence proving an agency relationship with Federal Home Loan Mortgage Corporation. The Corporate Assignment of Deed of Trust Movant entered with the Proof of Claim on November 27, 2013 was not assigned to Federal Home Loan Mortgage Corporation. The Corporate Assignment of Deed of Trust entered with the proof of claim by and through Movant's attorney was fraud upon the court because it was fabricated by Movant to have the court believe it was a valid assignment when in fact it was an alleged default assignment assigned by Movant to itself. The signatory on the Corporate Assignment of Deed of Trust Joel Altringer was an employee of Wells Fargo Bank, N.A. not the alleged original lender, American Home Mortgage, as Respondent stated in the Opposition to the Relief from Stay (Doc. 51). Further, Movant's Corporate Assignment of Deed of Trust violates Maryland Statue of Fraud which states:

Md. Code, Real Prop. § 5-103

> No corporeal estate, leasehold or freehold, or incorporeal interest in land may be
> assigned, granted, or surrendered, unless it is in writing signed by the party
> assigning, granting, or surrendering it, or his agent lawfully authorized by writing,
> or by act and operation of law.

Deterrent if Statute of Frauds is ignored:

Md. Code, Real Prop. §5-104.  Action on executor contracts

No action may be brought on any contract for the sale or disposition of land or of any interest in or concerning land unless the contract on which the action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or some other person lawfully authorized by him.

Respondent hereby avers that the June 28, 2012 Corporate Assignment of Deed of Trust entered with the Proof of Claim presented by and through Movant's attorney on November 27, 2013, to be a fraudulent document fabricated and presented under oath subject to penalty of perjury, with the intention and purpose of misleading the Court, the Respondent, the Bankruptcy Trustees and all parties affiliated with Respondent's bankruptcy case.  There have to be a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to demonstrate how the agent is vested with the authority to assign the mortgage. "No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it [emphasis added]" (*Tawil v. Finkelstein Bruckman Wohl Most & Rothman*, 223 AD2d 52. 55 [Id Dept 1996]; see *Suraleb, Inc. v. International Trade Club, Inc.*, 13 AD3d 612 [2d Dept 2004]).

The Movant, by and through its attorney brought fraud upon the court when it filed the November 27, 2013 Proof of Claim form.  As stated on the form, the penalty for completing a false claim is as followings:

*"Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C.§§ 152 and 3571." (emphasis added)*

Further, Movant alleges Federal Home Loan Mortgage Corporation is the alleged note holder, the fabricated Corporate Assignment of Deed of Trust was not in Federal Home Loan Mortgage

Corporation name.   Again, Movant is trying to misrepresent to the court its standing by fabricating documents without presenting any sufficient evidence.   Therefore, Movant is in violation of Rule 60 of the Federal Rules of Civil Procedure (3) fraud, misrepresentation, or misconduct by an opposing party.   Movant's own documentation (the Corporate Assignment of Deed of Trust) proves fraud upon the court and invalidates the Doctrine of Res Judicata.

**WHEREFORE**, Respondent moves the court to grant Respondent's Motion for Reconsideration and Request for New Hearing.

Respectfully submitted,

Renee L. McCray, Debtor In Error/Respondent
109 North Edgewood Street
Baltimore, Maryland  21229
Email:  rlmccray@yahoo.com
(410) 945-2424

## AFFIDAVIT

I, Renee L. McCray, Debtor in Error/Respondent, does hereby certify under the penalties of perjury, that the facts which as set forth in this Motion, are true and correct to the best of my information, knowledge and belief.

Renee L. McCray

10

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Reply to Response for Motion for Reconsideration and Request for New Hearing with supporting Affidavit of Correction has been sent to the parties listed below by USPS First Class Mail on June 27, 2014. (See attached mailing receipt).

Kimberly B. Lane
Samuel I. White, P.C.
611 Rockville Pike
Suite 100
Rockville, Maryland  20852

Charles R. Goldstein, Trustee
1 East Pratt Street
Suite 800
Baltimore, Maryland  21202

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC  29715

Dated:  June 27, 2014

Renee L. McCray

```
                    CARROLL
              BALTIMORE, Maryland
                  212299998
              2303830009 -0099
06/27/2014      (800)275-8777      01:51:47 PM

————————————   Sales Receipt   ————————————
Product            Sale  Unit        Final
Description        Qty   Price       Price

TOWSON MD 21204 Zone-0                $0.49
First-Class Mail Letter
 0.70 oz.
 Expected Delivery: Sat 06/28/14
                                   ========
 Issue PVI:                           $0.49

ROCKVILLE MD 20852 Zone-1             $0.70
First-Class Mail Letter
 1.60 oz.
 Expected Delivery: Mon 06/30/14
                                   ========
 Issue PVI:                           $0.70

FORT MILL SC 29715 Zone-4             $0.70
First-Class Mail Letter
 1.80 oz.
 Expected Delivery: Mon 06/30/14
                                   ========
 Issue PVI:                           $0.70

BALTIMORE MD 21202 Zone-0             $1.40
First-Class Mail Large Env
 2.20 oz.
 Expected Delivery: Sat 06/28/14
                                   ========
 Issue PVI:                           $1.40
                                   ————————
 Total:                               $3.29

Paid by:
Cash                                  $3.30
Change Due:                          -$0.01

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to usps.com/clicknship
to print shipping labels with postage. For
other information call 1-800-ASK-USPS.
*******************************************
*******************************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxes.
*******************************************
*******************************************


Bill#: 1000100909547
Clerk: 09

   All sales final on stamps and postage
     Refunds for guaranteed services only
          Thank you for your business
*******************************************
*******************************************
       HELP US SERVE YOU BETTER

   Go to: https://postalexperience.com/Pos

     TELL US ABOUT YOUR RECENT
          POSTAL EXPERIENCE

       YOUR OPINION COUNTS
*******************************************
*******************************************


            Customer Copy
```

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **In re:** | } | |
| **RENEE LOUISE MCCRAY** | } | **Case No. 13-26131** |
| **"DEBTOR IN ERROR"** | } | **Chapter 7** |
| | } | |
| **WELLS FARGO BANK, N.A.,** | } | |
| **MOVANT** | } | |
| | } | **Judge Nancy V. Alquist** |
| **vs.** | } | |
| | } | |
| **RENEE LOUISE MCCRAY and** | | |
| **CHARLES R. GOLDSTEIN, TRUSTEE** | } | |
| **RESPONDENTS** | } | |

## AFFIDAVIT OF CORRECTION

The undersigned Affiant, Renee L. McCray, does solemnly declare under penalty of perjury and state as follows:

1.  On September 23, 2013, Affiant filed a voluntary Chapter 13 petition under the United States Bankruptcy Code.

2.  Affiant listed Wells Fargo Home Mortgage as a Creditor on Affiant's Scheduled "F" Unsecured Non-Priority Claim as "Disputed".

3.  The only reason Affiant listed Wells Fargo Home Mortgage as a creditor was because Wells Fargo was listed as a creditor on Affiant's credit report. Affiant believed Wells Fargo was entered on Affiant's credit report as the servicer for the alleged original lender, American Home Mortgage.

4.  Wells Fargo Bank, N.A. never lent Affiant any money or credit concerning this alleged bankruptcy debt. Affiant was never given any notice that Wells Fargo was ever a creditor of the Affiant.

5.  On January 30, 2014, Affiant filed a motion to convert the voluntary petition under Chapter 13 to a voluntary Chapter 7.

6.  On January 31, 2014, the U.S. Bankruptcy Court entered an order converting the Chapter 13 to a Chapter 7.

7.  During the entire bankruptcy proceeding Affiant has disputed Wells Fargo Bank, N.A. as a creditor, secured party, and the real party in interest.

8.  Based on newly discovered evidence received from Clayton Cherry, Certified Securitization Auditor, Affiant now knows there is no record that any Certificate of Satisfaction was placed in the public record to prove American Home Mortgage, the alleged original lender, was paid in full for the alleged debt by Wells Fargo Bank, N.A.

9.  On April 18, 2014, Affiant entered into this bankruptcy case the Affidavit of William McCaffrey.

10. According to William McCaffrey, a professional document examiner and securitization expert, Affiant's promissory note was placed in a FREDDIE MAC MULTICLASS CERTIFICATES Real Estate Mortgage Investment Conduit ("REMIC") TRUST SERIES 3051 on October 22, 2005.

11. To date, William McCaffrey's affidavit has never been rebutted or refuted by the Movant in this bankruptcy case.

12. There was no Certificate of Satisfaction filed by the alleged original lender, American Home Mortgage, for the sale of Affiant's promissory note to the FREDDIE MAC MULTICLASS CERTIFICATES Real Estate Mortgage Investment Conduit ("REMIC") TRUST SERIES 3051 trust.

13. There is no assignment of a deed of trust from the alleged original lender, American Home Mortgage, to the FREDDIE MAC MULTICLASS CERTIFICATES Real Estate Mortgage Investment Conduit ("REMIC") TRUST SERIES 3051 trust recorded in the Baltimore City Land Records for Affiant's property.

14. On July 3, 2012, Wells Fargo Bank, N.A. recorded an alleged default Corporate Assignment of Deed of Trust dated June 28, 2012 in Affiant's Baltimore City Land Records, for Affiant's property, known as, 109 Edgewood Street, Baltimore, Maryland 21229.

15. The alleged original lender, American Home Mortgage, was no longer in business when the June 28, 2012 alleged default Corporate Assignment of Deed of Trust was recorded in Affiant's Baltimore City Land Record for Affiant's property, known as, 109 Edgewood Street, Baltimore, Maryland 21229.

AFFIDAVIT OF CORRECTION

Page 2 of 4

16. The records will show Wells Fargo Bank, N.A. transferred the alleged default Corporate Assignment of Deed of Trust to itself.  To Affiant's knowledge and belief, the alleged default Corporate Assignment of Deed of Trust to Wells Fargo Bank, N.A. is an invalid assignment.

17. There was no Certificate of Satisfaction filed from the alleged original lender, American Home Mortgage, for the June 28, 2012 alleged default Corporate Assignment of Deed of Trust to Wells Fargo Bank, N.A.

18. Wells Fargo Bank, N.A. by and through its attorneys has presented Affiant with two different versions of the alleged promissory note.

19. On Thursday, March 20, 2014, Kimberly Lane, Counsel for Wells Fargo Bank, N.A. presented Affiant with an alleged original promissory note, which Affiant disputed as the original note.

20. On Thursday, April 24, 2014, at a deposition hearing, Michael Barranco, Counsel for Wells Fargo Bank, N.A. produced what appeared to have been a duplicate copy of the promissory note presented to Affiant on March 20th and later the same day, produced an entirely different version of the promissory note.

21. Affiant does not have a loan with Wells Fargo Bank, N.A.

22. Affiant does not owe Wells Fargo Bank, N.A. any money.

23. Wells Fargo Bank, N.A. is not a creditor of the Affiant.

24. Affiant has never received notice that Wells Fargo Bank, N.A. was ever an alleged creditor of the Affiant.

25. Wells Fargo does not have an enforceable claim against the Affiant.

26. For many years, Wells Fargo has misrepresented itself to the Affiant as the service for the alleged original lender, American Home Mortgage.

27. No party Wells Fargo allegedly represent in this bankruptcy case has an enforceable claim against the Affiant.

28. Affiant is correcting the record with this Affidavit of Correction that any and all statements, writings, documents, presumptions or assumptions made by Affiant that Wells Fargo Bank, N.A. is a creditor in the above referenced bankruptcy case is retracted.  Affiant rescinds any and all statements, writings, documents, presumptions or assumptions that Wells Fargo Bank, N.A. is a creditor of the Affiant.

AFFIDAVIT OF CORRECTION

29. Affiant believes Wells Fargo Bank, N.A. has misrepresented itself as a creditor of the Affiant but is in fact a debt collector in the above referenced bankruptcy case not a creditor.

30. Affiant is now correcting the record to reflect RENEE LOUISE MCCRAY as "Debtor In Error" concerning Wells Fargo Bank, N.A. and any party Wells Fargo allegedly represent in the above mentioned bankruptcy case.

I, Renee L. McCray, Affiant being of sound mind, having first-hand knowledge, affirm, state and declare that the facts contained herein are true, correct, complete and not misleading, under penalties of perjury.

Signed _____          _____
              Renee L. McCray, Affiant                          Date   6/27/14

*After 30 days of presentment to any named party, ALL facts not rebutted*
*point for point within this affidavit will be accepted as truth.*

### JURAT

State of Maryland }
                          } ss:
City of Baltimore }

Subscribed and sworn to (or affirmed) before me on this _27_ day of June 2014 by Renee L. McCray, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Notary _____

(seal)

> LANIER S. HOLMES
> Notary Public
> Baltimore City
> Maryland
> My Commission Expires Sep 9, 2014

My Commission expires: _9.9.2014_

AFFIDAVIT OF CORRECTION

Page 4 of 4

MCCRAY v. WELLS FARGO BANK, N.A.
Adversary No. 13-00710

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Affidavit of Correction was sent to the
parties listed below by USPS First Class Mail on June 27, 2014 (see attached USPS mailing
receipt).

Michael S. Barranco
TREANOR POPE & HUGES, P.A.
500 York Road
Towson, Maryland  21204

Charles R. Goldstein, Trustee
1 East Pratt Street
Suite 800
Baltimore, Maryland  21202

Dated:  June 27, 2014

Renee L. McCray