# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | } | |
| **RENEE LOUISE MCCRAY** | } | **Case No. 13-26131** |
| **DEBTOR** | } | **Chapter 7** |
| | } | |
| **WELLS FARGO BANK, N.A.,** | } | |
| **MOVANT** | } | |
| | } | **Judge Nancy V. Alquist** |
| **vs.** | } | |
| **RENEE LOUISE MCCRAY and** | } | |
| **CHARLES R. GOLDSTEIN, TRUSTEE** | } | |
| **RESPONDENTS** | } | |

### RESPONDENT'S MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION
### AND REQUEST FOR HEARING

COMES NOW Respondent, Renee L. McCray in the above referenced case move to dismiss all claims in this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3). Under Fed. R. Civ. P. 12(b)(1) and 12(h)(3), a motion to dismiss for lack of subject matter jurisdiction raises the issue of "whether the court has the competence or authority to hear and decide the case." *Davis v. Thompson*, 367 f. supp. 2d 792, 799 (D. Md. 2005).[1] Upon a challenge to jurisdiction, the plaintiff bears the burden of proving,

---

[1] The question of subject mater jurisdiction may be raised by the parties or the court, sua sponte, at any stage of the litigation. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); see *Ellenburg v. Spartan Motors Chassis*, Inc. 519 F.3d 192, 197 (4th Cir. 2008).

by a preponderance of evidence, the existence of subject matter jurisdiction. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

## PARTIES

WELLS FARGO BANK, N.A. (hereinafter "Movant") is a for-profit national bank doing business in Maryland. WELLS FARGO BANK, N.A. is a banking institution defined under 12 U.S.C. § 1813 and a financial institution as defined under Title 31 U.S.C. § 5312. Movant is a "debt collector" as defined by Fair Debt Collection Practices Act (FDCPA), pursuant to 15 U.S.C. § 1692a(6).

RENEE L. MCCRAY (hereinafter "Respondent") is a citizen and domiciled in Baltimore City, Maryland. Respondent is the registered owner of a property in Baltimore City located at 109 Edgewood Street, Baltimore, Maryland 21229. Respondent is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act (FDCPA). Respondent is a debtor in bankruptcy.

## JURISDICTION

Jurisdiction is conferred under commercial law. Jurisdiction is conferred under equity. Jurisdiction is conferred on this court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter Seven (7) case under Title 11 and concerns property of the Respondent in that case. This court has both personal and subject matter jurisdiction to hear state law claims pursuant to Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

## I.    **MEMORANDUM OF LAW IN SUPPORT**

Article III of the Constitution permits federal courts to adjudicate only actual cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). This means litigants must suffer, or be threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief. *See id.* This case-or-controversy requirement must be satisfied at every stage of judicial proceedings. *Id.* If it is not, the federal court lacks the power to adjudicate the case and must dismiss for lack of subject matter jurisdiction. *E.g., Home Builders Ass'n Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways: either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)(citation omitted); see also *Buchanan v. Consol. Stores Corp.*, 125 F. Supp.2d 730, 736 (D. Md. 2001). If "a claim fails to allege facts upon which the court may base jurisdiction," the court may properly grant a motion to dismiss for lack of subject matter jurisdiction. *Davis v. Thomson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citation omitted). "Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may...resolve the jurisdictional facts in dispute by considering evidence...such as affidavits." *United States ex rel. Vuyyuru*, 555 F.3d at 347-48 (citation omitted). Alternatively, the court may "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *accord Kerns*, 585, F.3d at 192.

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties, *Wahl v. Round Valley Bank* 38 Ariz. 411, 300 P. 955 (1931); *Tube City Mining & Milling Co. v. Otterson,* 16 Ariz. 305, 146 P. 203 (1914); and *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940).  A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court, *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999).

### This Court is judicially noticed of the law in regards to subject matter jurisdiction

Subject matter jurisdiction is one of two broad categories of jurisdiction necessary to compose a *court of competent jurisdiction* the other being in personam or jurisdiction over the person.  Though commonly misunderstood, jurisdiction over the subject matter has the following unmitigated precept unlike jurisdiction over the person, jurisdiction over the subject matter of a case or controversy can never be waived, constructed, or even agreed to by the parties.  Unlike jurisdiction over the person which once acquired can never be lost, subject matter jurisdiction is per the issue **not per the case** and is lost under three circumstances, even if prior properly established through referencing a charging statute supported by facts: (A) fraud, (B) fraud on the court, and (C) denial of due process.

### Fraud on the court defined

From 7 Moore, Federal Practice P 60.33 at 511 (1971 ed.).  Professor Moore submits that the concept should "embrace only that species of fraud which does or attempts to, defile the court itself, or **is a fraud perpetrated by officers of the court so that the judicial machinery**

**cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication**."

**The court concluded that filing a false, sworn statement for the purpose of influencing a decision of the court constitutes a fraud upon the court.** See *Sutphin v. Tom Arnold Drilling Contractor, Inc.*, 17 S.W.3d 765 (Tex. App. 05/04/2000) [15].

Generally speaking "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the **fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court.**"

**This Court is noticed of the proper handing of this jurisdictional challenge**

The Federal Practice and Procedure § 3522 clearly establishes that once jurisdiction has been challenged, it is presumed that the court lacks jurisdiction unless or until the evidentiary sufficiency is provided and submitted to the record. The presumption is that a court lacks jurisdiction on a particular issue until it has been demonstrated that jurisdiction over the subject matter exists. The facts showing the existence of jurisdiction must be affirmatively in the record. If jurisdiction is challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. **The limits upon jurisdiction must be neither disregarded nor evaded. The requirement to submit admissible evidence upon the record proving jurisdiction once jurisdiction is challenged is mandatory. The Supreme Court of the United States as well as lower courts have consistently reaffirmed the requirement that once jurisdiction is challenged those who claim jurisdiction must submit the evidence to prove the validity of the claim.** See *Twining v. New Jersey*, 211 U.S. 78, 29 S.Ct. 14, 24 (1908), *Old Wayne Mutual Life Association v. McDonough*, 204 U.S. 8, 27 S. Ct. 236 (1907), *Scott v. McNeal*, 154 U.S. 34, 14, S. Ct. 1108 (1894), *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877),

*Hagen v. Lavine,* 415 U.S. 528, at 533, 39 L.Ed. 577, 94 S.Ct. 1372 (N.Y. March 28, 1974),

*United States v. Roger,* 23 F. 658 (W.D. Ark. (1885), *State of Maine v. Thiboutot,* 448 U.S. 1,

100 S. Ct. 2502 (1980), *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.,* 298 U.S.

178, 80 L.Ed. 1135, 56 S.Ct. 780 (1936), (jurisdiction may never be presumed), *Special*

*Indemnity Fund v. Pruitt,* 205 F.2d. 306, 201 Okl. 308, (jurisdiction must be affirmatively

shown), *United States v. Chairito,* 69 F. Supp. 317 (D. Or. 1946) (jurisdiction cannot be

presumed), *Standard v. Olesen,* 98 L.Ed. 1151, 74 S.Ct. 768 (1954), *Garcia v. Dail,*  586 S.W.

2d. 524, at 528, (Tex. C.A. 1980) (lack of jurisdiction requires dismissal), *Burks v. Laskar,* 441

U.S. 471 (1979) and Title 5 U.S.C. §§ 556 & 558(b).

## II.    LEGAL ARGUMENT

**A.    Movant's alleged promissory note was not a negotiable instrument**

1.    Movant by and through its attorney, Kimberly Lane, committed fraud upon the court by misrepresenting the alleged promissory note (Movant's Exhibit A) in the March 20, 2014 preliminary hearing to lift stay and the May 13, 2014 hearing to lift stay by alleging that the alleged promissory note was a negotiable instrument governed under article 3 of the Uniform Commercial Code (UCC), when in fact it was a security governed under article 8 of the UCC, and Respondent does not believe there is any evidence to the contrary.

2.    Negotiable instruments are governed under article 3 of the UCC.

3.    The alleged promissory note (Exhibit A) had a maturity date greater than 9 months, which makes it a security pursuant to 15 USC § 78(C)(10), and Respondent believes there is no evidence to the contrary.

4.    Securities are governed under article 8 of the UCC and not article 3, and Respondent does not believe there is any evidence to the contrary.

5.    The alleged promissory note is a security pursuant to 15 USC § 78(C)(10) and is in a REMIC Trust, and the alleged holder and owner of the instrument is a REMIC Trust,

FREDDIE MAC MULTICLASS CERTIFICATES Real Estate Mortgage Investment Conduit ("REMIC") TRUST SERIES 3051, and Respondent believes there is no evidence to the contrary.

6.    The **CUSIP# IS 31396CTV2** and Respondent believes there is no evidence to the contrary.

7.    On May 13, 2014, Movant's witness, Robert Bateman representing Wells Fargo Bank, N.A. testified and misrepresented the note (Exhibit A) as an article 3 negotiable instrument when it was a security pursuant to 15 USC § 78(C)(10), and in doing so committed fraud upon the court, and Respondent does not believe there is any evidence to the contrary.

8.    Robert Bateman committed fraud upon the court when he testified that Federal Home Loan Mortgage Corporation was the owner of the note because the alleged owner and holder of the note is the REMIC Trust stated above in Paragraph #5 the Cuspid # is 31396CTV2, and Respondent does not  believe there is any evidence to the contrary.

9.    Kimberly Lane, attorney for the Movant, committed fraud upon the court because she stated Wells Fargo Bank, N.A. is the note holder, when the alleged owner and holder is the REMIC Trust referred to in ¶5 above with the Cuspid # 31396CTV2, and Respondent does not believe there is any evidence to the contrary.

    **WHEREFORE**, Respondent moves the court to vacate Judge Nancy V. Alquist's Order dated May 20, 2014 Granting Relief From the Automatic Stay Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) the court lacks subject matter jurisdiction in this matter.

**B.    Concealment of Accounting**

10.    On January 31, 2014, Movant filed a motion to lift the automatic stay pursuant to 11 USC § 362.

11.    Movant alleges it was entitled to payment based on the alleged promissory note (Movant's Exhibit A).

12.    A promissory note was issued by the Respondent in the amount of  $66,500.00 and was tendered to the alleged original lender, American Home Mortgage, a financial

institution as defined under Title 31 USC 5312(a)(2)(U), and Respondent believes there is no evidence to the contrary.

13. When a promissory note is tendered to a bank it is considered a cash equivalent transaction, and Respondent believes there is no evidence to the contrary.

14. Pursuant to Title 12 USC 1813(L)(1) when a promissory note is deposited it becomes a cash item, and Respondent believes there is no evidence to the contrary.

15. In its motion for Relief from Stay (Doc. 46), Movant did not file the accounting for the promissory note, and Respondent believes there is no evidence to the contrary.

16. Movant failed to file the payable and escrow accounting ledgers pursuant to 12 USC 1831n, and Respondent believes there is no evidence to the contrary.

17. Movant also failed to file its off balance sheet accounting of assets and liabilities transactions pursuant to 12 USC 1831n and the Federal Accounting Standards Board (FASB) 140 and FASB-95, and Respondent believes there is no evidence to the contrary.

18. Pursuant to 15 USC § 1692e (2)(A) it is a violation to falsely represent the character, amount, or the legal status of any debt, and Respondent believes there is no evidence to the contrary.

19. Movant by and through its attorney, Kimberly Lane, filed accounting fragments which were a misleading impression created by taking the accounting out of its context pursuant to Federal Rules of Evidence Rule 106, and in doing so, committed fraud upon the court, **"He who comes into equity must come with clean hands"**, and Respondent does not believe there is any evidence to the contrary.

**WHEREFORE**, Respondent moves the court to vacate Judge Nancy V. Alquist's Order dated May 20, 2014 Granting Relief From the Automatic Stay Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) the court lacks subject matter jurisdiction in this matter.

**C.    Illegality of Proof of Claim**

20. On November 27, 2013, Movant, by and through its attorney, Kimberly Lane filed into this bankruptcy proceeding a Proof of Claim alleging Movant to be a secured

party, but pursuant to bankruptcy code 3001(d) Evidence of Perfection of Security Interest, if a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected, Movant does not have any evidence of a perfected security interest in Respondent's property, and Respondent believe there is no evidence to the contrary.

21. Movant, by and through its attorney filed with the Proof of Claim a Corporate Assignment of Deed of Trust dated June 28, 2012 (Doc 46, Page 28), and pursuant to Md. Real Property Title 5 Statute of Frauds § 5-106 the assignment was illegal, the assignment was signed by Joel Altringer as an Assistant Secretary, Joel Altringer was not an agent of the alleged lender, American Home Mortgage, this is fraud upon the court, and Respondent does not believe there is any evidence to the contrary.

22. Movant does not have a perfected claim pursuant to bankruptcy code 3001(d) and cannot provide any evidence for perfection because the June 28, 2012 Corporate Assignment of Deed of Trust is illegal, and Respondent does not believe there is any evidence to the contrary.

23. Movant also concealed the accounting for the Proof of Claim by failing to file the payable and the escrow ledgers for the alleged loan, pursuant to 12 USC 1831n and the Federal Accounting Standards Board (FASB) 140 and FASB-95, and Respondent believes there is no evidence to the contrary.

24. Due to the concealment of accounting stated in Paragraph 22, the assertions or statements in the Proof of Claim were misleading and that took the accounting out of context, and Respondent believes there is no evidence to the contrary.

25. Pursuant to FRE Rule 106, Movant by and through its attorney, Kimberly Lane, mislead the court by concealing a complete accounting of the records as stated in ¶22 above, and Respondent believes there is no evidence to the contrary.

26. Movant by and through its attorney submitted misrepresentation as stated in ¶¶21-25 by filing the Proof of Claim, in doing so, Movant by and through its attorney, Kimberly Lane, has committed fraud upon the court, and Respondent believes there is no evidence to the contrary.

27. Pursuant to 15 USC § 1692e (2)(A) it is a violation to falsely represented the character, amount, or the legal status of any debt.

28. In *Sutphin v. Tom Arnold Drilling Contractor, Inc.*, 17 S.W.3d 765, (Tex. App. 05/04/2000) [15], it states "The court concluded that filing a false, sworn statement for the purpose of influencing a decision of the court constitutes a fraud upon the court."

**WHEREFORE**, Respondent moves the court to vacate Judge Nancy V. Alquist's Order dated May 20, 2014 Granting Relief From the Automatic Stay Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) the court lacks subject matter jurisdiction in this matter.

**D.   Illegality of Assignment of Beneficial Interest in Deed of Trust to Wells Fargo**

29. On October 14, 2005, the Deed of Trust was recorded in the Baltimore City Circuit Court Land Records in Book 6830, Pages 938-955 with American Home Mortgage being the alleged lender.

30. Movant by and through its attorneys committed fraud upon the court by submitting an illegal Corporate Assignment of Deed of Trust, attached hereto and incorporated herein as EXHIBIT 1, into the above mentioned case and Respondent believes there is no evidence to the contrary.

31. On July 3, 2012 an alleged assignment was filed among the land records of Baltimore City Circuit Court Land Records alleging to assign the beneficial interest of the Deed of Trust from American Home Mortgage to Wells Fargo Bank, N.A.

32. The alleged Corporate Assignment of Deed of Trust was signed by Joel Altringer as an Assistant Secretary.

33. Joel Altringer was not an agent of American Home Mortgage and Respondent does not believe there is any evidence to the contrary.

34. Joel Altringer was not an employee of American Home Mortgage with signing authority and Respondent does not believe there is any evidence to the contrary.

35. Joel Altringer is an employee of Wells Fargo Bank, N.A., and Respondent does not believe there is any evidence to the contrary.

36. The signatory for the June 28, 2012 Corporate Assignment of Deed of Trust Joel Altringer was an employee of Wells Fargo Bank, N.A. not American Home Mortgage. In the Opposition to the Relief from Stay (Doc. 51), Respondent provided a copy of an online verification from the self-authenticating official website of the Iowa Secretary of State that as of January 24, 2012 Joel Altringer had been issued a Notary commission through the Iowa Secretary of State identifying Joel Altringer as employed with Wells Fargo Home Mortgage at that time, five months prior to the assignment he executed supposedly as an officer of, the original lender, American Home Mortgage. (Doc 51, EXHIBIT 6).

37. Joel Altringer is not the assignor or agent of the assignor pursuant to Maryland Real Property Code Ann. §5-106 and Respondent does not believe there is any evidence to the contrary.

38. On November 27, 2013, Movant by and through its attorney, Kimberly Lane filed a Proof of Claim alleging Movant was the creditor and had a secured claim (see Case 13-26131, Claim 1-1) because Movant was never an assignee pursuant to Md. Real Property Title 5 Statute of Frauds § 5-106, Movant through its attorney, Kimberly Lane placed Fraud Upon the Court, and Respondent does not believe there is any evidence to the contrary.

39. On January 31, 2014, Movant, by and through its attorney, Kimberly Lane filed a Motion for Relief from Stay (Doc. 46). Movant's attorney, Kimberly Lane, filed Fraud Upon the Court when she filed the illegal June 28, 2012 Corporate Assignment of Deed of Trust into the record (Doc 46, Page 28), and Respondent does not believe there is any evidence to the contrary.

40. Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court." In Bulloch v. United States, (10th Cir. 1985).

41. Pursuant to Maryland Lawyer's Rules of Professional Conduct, the attorney in this above captioned case, Kimberly Lane is in violation of Rules 3.3a (1), (2) and (4) Candor Toward the Tribunal, and Rule 8.4 Misconduct (c) and (d), and Respondent does not believe there is any evidence to the contrary.

42. On May 13, 2014, at the Relief from Stay hearing, Movant's witness, Robert Bateman testified Movant sold and negotiated the alleged promissory note to Federal Home Loan Mortgage Corporation on November 16, 2005, it was endorsed in blank Without Recourse.

43. On May 13, 2014, Mr. Bateman also testified that Wells Fargo Bank, N.A. was the servicer for the alleged Note Holder Federal Home Loan Mortgage Corporation, Movant cannot be the secured party because they sold the note to Federal Home Loan Mortgage Corporation and there has been no assignment in the Baltimore City Circuit Court Land Records of the security agreement, the Deed of Trust, to Federal Home Loan Mortgage Corporation, and Respondent does not believe there is any evidence to the contrary.

44. According to Bateman, Federal Home Loan Mortgage Corporation is the alleged owner of the note without an assignment of a security agreement, and Respondent does not believe there is any evidence to the contrary.

45. Movant has filed an alleged assignment without ownership of the obligation, and Respondent does not believe there is any evidence to the contrary.

46. Therefore, the alleged promissory note and the deed of trust has been bifurcated, the security has to be with the obligation at all time, when the note was indorsed in blank, the security was not with the obligation, neither Movant or Federal Home Loan Mortgage Corporation has a secured claim, and Respondent does not believe there is any evidence to the contrary.

47. Kimberly Lane, attorney for Movant filed the November 27, 2013 Proof of Claim stating that Movant was a secured party was a false and misleading statement, and Respondent does not believe there is any evidence to the contrary.

48. Kimberly Lane, attorney for Movant alleged "Wells Fargo Bank, N.A. is the noteholder of the loan on the subject property of the Motion for Relief" (Doc 62, ¶2), but according to Mr. Bateman's testimony, Movant is the servicer for Federal Home Loan Mortgage Corporation the alleged note holder, Kimberly Lane, attorney for Movant, misrepresented to the court in the above testimony that Movant was the alleged note holder when it was not, fabrication of evidence by a party in which an

attorney is implicated will constitute a fraud on the court, and Respondent does not believe there is any evidence to the contrary.

**WHEREFORE**, Respondent moves the court to vacate the order of Judge Nancy V. Alquist dated May 20, 2014 Granting Relief From the Automatic Stay, if this order is not vacated, then Judge Alquist would have unjustly enriched the Movant. Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) the court lacks subject matter jurisdiction in this matter.

**E.    Movant Has Not Proven An Agency Relationship**

49.    On May 13, 2014, at the Relief from Stay hearing, Movant's witness, Robert Bateman stated Movant was the servicer and custodian of records for Federal Home Loan Mortgage Corporation.

50.    Movant has failed to present any evidence of an agency authority to represent Federal Home Loan Mortgage Corporation in this instance matter.

51.    Movant has not proven any agency relationship with Federal Home Loan Mortgage Corporation.

52.    Movant, by and through its attorneys claims Movant is acting on behalf of Federal Home Loan Mortgage Corporation, Movant bear the burden of proving that agency delegation authority.

53.    In the case of *Green v. H & R Block, Inc.*, 735 A.2d Md. App at 1048 (1999) "When a party asserts a claim that is dependent upon an agency relationship created by inference, that party has the burden of proving the existence of the principal-agent relationship, including its nature and its extent." *Hofherr v. Dart Industries*, Inc., 853 F2d 259, 262 (4th Cir. 1988).

54.    *In re Veal*, 450 B.R. 897, 920 (B.A.P. 9th Cir. 2011) it stated: "When debtors…challenge an alleged servicer's standing to file a proof of claim regarding a note…that servicer must show it has an agency relationship with a "person entitled to enforce" the note that is the basis of the claim. If it does not, then the servicer has not shown that it has standing to file the proof of claim. *See, e.q., In re Minbatiwalla*, 424

B.R. 104, 108-11 (Bankr. S.D.N.Y. 2010); *Hayes*, 393 B.r. at 266-70; *In re Parrish*, 326 B.R. 708, 720-21 (Bankr. N.D. (Ohio 2005)." "the plaintiff or movant bears the burden of proof with respect to its own standing" *In re Veal*, 450 B.r. 897, 921-922.

55. A party lacks standing to invoke the jurisdiction of a court unless he has, an individual or representative capacity, some real interest in the subject matter of the action.[2]

**WHEREFORE,** Respondent moves the court to have Movant provide admissible evidence to prove its agency authority to represent Federal Home Loan Mortgage Corporation in this bankruptcy proceeding.

## JUDICAL COGNIZENCE

**Yick Wo vs. Hopkins 118 U.S. 356 (1886) "The state cannot diminish rights of the people to determine the true and lawful rights for both the Defendants and the Plaintiffs." Due Process provides that the "rights of pro se litigants are to be construed liberally and held to less stringent standard than formal pleadings drafted by lawyers; if the court can reasonably read pleadings to state valid claim on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigants unfamiliarity with pleading requirements." (*Spencer v. Doe*; 1998; *Green v. Bransou* 1997; *Boag v. McDougall*; 1998; *Haines v. Kerner*, 1972). "Right to proceed pro se (Sui Juris) is fundamental statutory right that is afforded highest degree of protection." (*Devine v. Indian River County School Bd.*, 11th Cir. 1997)**

**"The doctrine of ultra vires is a most powerful weapon to keep private corporations within their legitimate spheres and to punish them for violations of their corporate charters, and it**

---

[2] *State ex rel. Dallman v. Court of Common Pleas* (1973), 35 Ohio St. 2d 176, 298 N.E.2d 515, syllabus.

probably is not invoked to often..." *Zinc Carbonate Co. v. First National Bank*, 103 Wis. 125, 79 NW 229, *American Express Co. v. Citizens State Bank*, 194 NW 430.

### Maxims of Equity

**He who seeks equity must do equity.**

**He who comes into equity must come with clean hands.**

---

Respectfully submitted,

Renee L. McCray, Respondent
UCC 1-308 Without Prejudice
109 North Edgewood Street
Baltimore, Maryland  21229
Email:  rlmccray@yahoo.com
(410) 945-2424

### AFFIDAVIT

I, Renee L. McCray, Respondent, does hereby certify under the penalties of perjury, that the facts which as set forth in this Motion, are true and correct to the best of my information, knowledge and belief.

Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Emergency Motion to Dismiss for Lack of Subject Matter Jurisdiction with supporting documents has been sent to the parties listed below by USPS Certified Mail and USPS First Class Mail on July 18, 2014. (See attached mailing receipt).

Kimberly B. Lane
Samuel I. White, P.C.
611 Rockville Pike, Suite 100
Rockville, Maryland  20852

Charles R. Goldstein, Trustee
1 East Pratt St., Suite 800
Baltimore, Maryland  21202

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC  29715

Dated:  July 18, 2014

Renee L. McCray

```
                    CARROLL
               BALTIMORE, Maryland
                   212299998
               2303830009 -0099
07/18/2014      (800)275-8777      01:54:22 PM
```

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| BALTIMORE MD 21202 Zone-0 | | | $1.40 |
| First-Class Mail Large Env | | | |
| 2.20 oz. | | | |
| Expected Delivery: Sat 07/19/14 | | | |
| Issue PVI: | | | $1.40 |
| ROCKVILLE MD 20852 Zone-1 | | | $1.40 |
| First-Class Mail Large Env | | | |
| 2.20 oz. | | | |
| Expected Delivery: Mon 07/21/14 | | | |
| Issue PVI: | | | $1.40 |
| FORT MILL SC 29715 Zone-4 | | | $1.40 |
| First-Class Mail Large Env | | | |
| 2.30 oz. | | | |
| Expected Delivery: Mon 07/21/14 | | | |
| Issue PVI: | | | $1.40 |

```
Total:                              $4.20

Paid by:
Cash                                $5.20
Change Due:                        -$1.00

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to usps.com/clicknship
to print shipping labels with postage. For
other information call 1-800-ASK-USPS.
*******************************************
*******************************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxes.
*******************************************
*******************************************


Bill#: 1000100917235
Clerk: 12

   All sales final on stamps and postage
   Refunds for guaranteed services only
       Thank you for your business
*******************************************
*******************************************
        HELP US SERVE YOU BETTER

   Go to: https://postalexperience.com/Pos

      TELL US ABOUT YOUR RECENT
            POSTAL EXPERIENCE

          YOUR OPINION COUNTS
*******************************************
*******************************************


            Customer Copy
```

# EXHIBIT
## "1"

LIBER I 4405 PAGE 06 I

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC: X9999-018
PO BOX 1629
MINNEAPOLIS, MN 55440-9790

## CORPORATE ASSIGNMENT OF DEED OF TRUST

REDACTED

Baltimore (City), Maryland
"MCCRAY"

MERS #: 100024200010323117  SIS #: 1-888-679-6377

Date of Assignment: June 26th, 2012
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
AMERICAN HOME MORTGAGE, ITS SUCCESSORS AND ASSIGNS at BOX 2026 FLINT MI 48501,
1901 E VOORHEES ST STE C., DANVILLE, IL 61834
Assignee: WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA 50328

Executed By: RENEE L MCCRAY To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR AMERICAN HOME MORTGAGE, ITS SUCCESSORS AND ASSIGNS
Date of Deed of Trust: 10/07/2005 Recorded: 10/14/2005 in Book/Reel/Liber: 06830 Page/Folio: 0938
in the County of Baltimore (City), State of Maryland.

Property Address: 109 N EDGEWOOD STREET, BALTIMORE, MD 21229    ~2275-F

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above-named
assignee, the said Deed of Trust having an original principal sum of $66,500.00 with interest, secured
thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the
full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor
hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Deed of
Trust.

    TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said assignee forever,
subject to the terms contained in said Deed of Trust.

    IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above
written:

    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN HOME
MORTGAGE, ITS SUCCESSORS AND ASSIGNS
On 6/28/12

By: _____
    Joel Altringer          , Assistant
Secretary

LIBER 14405 PAGE 062

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF Iowa
COUNTY OF Polk

On 6-28-12, before me, Theresa Larson, a Notary Public in and for Polk in the State of Iowa, personally appeared Joel Altrioger, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Theresa Larson
Notary Expires: 1/24/15

THERESA LARSON
Commission Number 771339
My Commission Expires
January 24, 2015

{This area for notarial seal}