IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

In re:

RENEE LOUISE MCCRAY,

    DEBTOR.

CHAPTER 7

CASE NO. 13-26131-NVA

WELLS FARGO BANK, N.A.,

    MOVANT,

vs.

RENEE LOUISE MCCRAY
and CHARLES R. GOLDSTEIN, TRUSTEE,

    **Respondents.**

### RESPONSE TO RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR HEARING

COMES NOW, Wells Fargo Bank, N.A., by counsel, in response to the Respondent's Motion for Reconsideration and Request for New Hearing ("Motion to Reconsider"), and states the following in support thereof;

### BACKGROUND

Wells Fargo Bank, N.A. filed a Motion for Relief from Stay in this instant bankruptcy case on January 31, 2014 (Docket Number 46) in regards to the subject property located at 109 N. Edgewood Street, Baltimore, MD pursuant to a Note and Deed of Trust dated October 7, 2005. The Debtor filed

Kimberly B. Lane, Esquire
Counsel for Movant
Samuel I White, P.C.
Bar No. 18513
611 Rockville Pike,
Suite 100
Rockville, MD 20852
(301) 804-3400
File No. 4663

a response to the Motion for Relief on February 18, 2014 (Docket Number 51) alleging that Wells Fargo Bank, N.A. did not have proper standing to file the Motion for Relief. The Court held a preliminary hearing on March 20, 2014 and a final evidentiary hearing on May 13, 2014. At the final evidentiary hearing, the Court held that Wells Fargo Bank, N.A. was indeed the Noteholder and was entitled to relief from the bankruptcy stay pursuant to Sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code. (Order entered on May 21, 2014, Docket Number 79). The Debtor filed a Motion to Reconsider on May 30, 2014, which was denied by the Court on June 27, 2014. The Debtor received her Chapter 7 discharge on July 14, 2014. The Debtor filed this instant Motion to Dismiss on July 18, 2014.

### Argument

**A. Debtor's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be denied as there is no pending complaint or claim to be dismissed in this instant bankruptcy case.**

The Debtor filed this Motion to Dismiss "all claims in this case for lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). However, this Motion is procedurally improper as there are currently no open claims or complaints in Bankruptcy Case 13-26131 to be dismissed. The Court granted Wells Fargo Bank's Motion for Relief from the Automatic Stay on May 21, 2014 and denied the Debtor's Motion to Reconsider of June 27, 2014. The Debtor received a Chapter 7 discharge on July 14, 2014. All matters were properly adjudicated before the Debtor received her discharge, therefore a Motion to Dismiss is improper.

Furthermore, to the extent that the Debtor is challenging the Court's jurisdiction to hear the Motion for Relief, Wells Fargo Bank, N.A. submits that the Court did have appropriate jurisdiction when granting the Motion for Relief. 28 U.S. 157(b)(1) and (b)(G), provide that "Bankruptcy judges may hear and determine all core proceedings arising title 11, or arising under subsection (a) of this section and may enter appropriate orders and judgments, subject the review under Section 157 of this title. Core proceedings include, but are not limited to […] motions to terminate, annul or modify the stay."

Based on this, Wells Fargo Bank, N.A. requests that the Debtor's Motion to Dismiss be denied as procedurally improper.

**B. Debtor's allegations regarding fraud and lack of standing should be denied as they lack factual or legal basis.**

The Debtor argues that Wells Fargo Bank, N.A. and counsel for Wells Fargo Bank, N.A. committed fraud upon this Court by standing that Wells Fargo Bank, N.A. is the noteholder of the subject lien and had standing to bring the Motion for Relief. Wells Fargo Bank, N.A. submits that these allegations lack any legal or factual support and the Court has already adjudicated the issue of standing. Wells Fargo Bank, N.A. addressed any concerns regarding its noteholder status at the evidentiary hearing held on May 13, 2014 by producing the original note, a witness from Wells Fargo Bank. N.A. that testified that Wells Fargo Bank, N.A. is the party in possession of the Note and an expert witness that testified the original note did contain Ms. McCray's original signature.

WHEREFORE, Wells Fargo Bank, N.A. requests that the Debtor's Motion to Dismiss for Lack of Subject Matter Jurisdiction be DENIED.

Respectfully submitted,

WELLS FARGO BANK, N.A.

**SAMUEL I. WHITE, P. C.**

By: **/s/ KIMBERLY B. LANE**
Randa S. Azzam, Esquire, Bar No. 22474
Kimberly B, Lane, Esquire, Bar No. 18513
Samuel I. White, P. C.
611 Rockville Pike,
Suite 100
Rockville, MD 20852
Tel: (301) 804-3400
Fax: (301) 838-1954
klane@siwpc.com

CERTIFICATE

I hereby certify that a true copy of the foregoing Response was served by regular mail or email this 28th day of July, 2014 on all necessary parties including, Charles R. Goldstein,Trustee, 1 East Pratt Street Suite 800, Baltimore, MD 21202; and Renee Louise McCray, Pro-Se Debtor, 109 Edgewood Street, Baltimore, MD 21229.

**SAMUEL I. WHITE, P. C.**

By: <u>**/s/ KIMBERLY B. LANE**</u>