FILED

2014 AUG -1  PM 12: 08

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| In re: } | |
| RENEE LOUISE MCCRAY } | Case No. 13-26131 |
| DEBTOR } | Chapter 7 |
| } | |
| WELLS FARGO BANK, N.A., } | |
| MOVANT } | |
| } | Judge Nancy V. Alquist |
| vs. } | |
| RENEE LOUISE MCCRAY and } | |
| CHARLES R. GOLDSTEIN, TRUSTEE } | |
| RESPONDENTS } | |

### RESPONDENT'S REPLY TO MOVANT'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR HEARING

COMES NOW Respondent, Renee L. McCray in the above referenced case files this Reply to Movant's Response and states the following:

Movant asserted Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Request for Hearing is a Motion for Reconsideration and Request for New Hearing, Movant's assertion is false. Respondent's Motion is pursuant to Federal Rules Civil Procedure 12(b)(1) and 12(h)(3) Motion to Dismiss for Lack of Subject Matter Jurisdiction.

### ARUGUMENT

A.  If jurisdiction is challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. The limits upon jurisdiction must be neither disregarded nor evaded.

1

3/

1. The Respondent filed this Motion to Dismiss "all claims in this case for lack of subject matter jurisdiction." Respondent misstated "all claims", however, Respondent is requesting the Court to dismiss the Order dated May 20, 2014 Granting Movant's Relief from Stay because Movant, by and through its attorneys committed Fraud Upon the Court as stated in the arguments in Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Respondent does not believe there is any evidence to the contrary.

2. The Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction is procedurally proper. Although, the Debtor received a Chapter 7 discharge on July 14, 2014, the Debtor has not received a Final Decree from the Court that the Bankruptcy Case 13-26131 is officially closed. According to *Powell v. Powell*, M.D.Pa. 1992, 793 F.Supp. 105. Federal Courts 29.1 "Lack of subject matter jurisdiction may be raised at any time by parties or by courts sua sponte." Also see *TM Marketing, Inc. v. Art & Antiques Associates*, L.P., D.N.J. 1992, 803 F.Supp. 994. Federal Civil Procedure 1742(2). "If subject matter jurisdiction is lacking, federal court must dismiss action regardless of stage of litigation."

3. Respondent is challenging the Court's jurisdiction because the Movant has committed Fraud Upon the Court to be granted the Relief from Stay, an order procured by fraud can be attacked at any time, and by committing fraud upon the court by an officer of the court, the court loses subject matter jurisdiction.

WHEREFORE, based on the above, Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction is procedurally proper and should be granted.

B. **The Supreme Court of the United States as well as lower courts have consistently reaffirmed the requirement that once jurisdiction is challenged those who claim jurisdiction must submit the evidence to prove the validity of the claim.** See *Twining v. New Jersey*, 211 U.S. 78, 29 S.Ct. 14, 24 (1908), *Old Wayne Mutual Life Association v. McDonough*, 204 U.S. 8, 27 S. Ct. 236 (1907), *Scott v. McNeal*, 154 U.S. 34, 14, S. Ct. 1108 (1894), *Pennoyer v. Neff*, 95 U.S. 714, 733 (1877). **The requirement to submit**

**admissible evidence upon the record proving jurisdiction once jurisdiction is challenged is mandatory.**

4. Movant has not provided any admissible or factual evidence proving Movant has not committed fraud upon the court as stated in Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Respondent does not believe Movant can provide any evidence to the contrary.

5. Movant alleges to be "the noteholder of the subject lien" but Movant's witness stated Federal Home Loan Mortgage Corporation is the alleged noteholder, Movant has not proven an agency relationship with Federal Home Loan Mortgage Corporation, and Respondent stated in the Motion to Dismiss for Lack of Subject Matter Jurisdiction, the alleged note is a security not a promissory note and the alleged assignment to Movant is Fraud Upon the Court, and Respondent does not believe there is any evidence to the contrary. As stated above, "The requirement to submit admissible evidence upon the record proving jurisdiction once jurisdiction is challenged is mandatory and Movant has not complied with this requirement in its response.

**WHEREFORE**, Respondent requests the court to vacate the Order dated May 20, 2014 Granting Relief From the Automatic Stay Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) the court lacks subject matter jurisdiction in this matter.

### Maxims of Equity

**He who seeks equity must do equity.**

**He who comes into equity must come with clean hands.**

---

Respectfully submitted,

*/s/ Renee L. McCray*
Renee L. McCray, Respondent
UCC 1-308 Without Prejudice
109 North Edgewood Street
Baltimore, Maryland 21229
Email: rlmccray@yahoo.com
(410) 945-2424

## AFFIDAVIT

I, Renee L. McCray, Respondent, does hereby certify under the penalties of perjury, that the facts which as set forth in this Reply, are true and correct to the best of my information, knowledge and belief.

*/s/ Renee L. McCray*
Renee L. McCray

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Reply to Movant's Response to Motion to Dismiss for Lack of Subject Matter Jurisdiction has been sent to the parties listed below by USPS Certified Mail and USPS First Class Mail on August 1, 2014. (See attached mailing receipt).

Kimberly B. Lane
Samuel I. White, P.C.
611 Rockville Pike, Suite 100
Rockville, Maryland  20852

Charles R. Goldstein, Trustee
1 East Pratt St., Suite 800
Baltimore, Maryland  21202

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC  29715

Dated:  August 1, 2014

_____
Renee L. McCray

```
                    CARROLL
              BALTIMORE, Maryland
                   212299998
                 2303830009 -0098
08/01/2014      (800)275-8777      11:25:58 AM
===============================================
                  Sales Receipt
  Product           Sale   Unit        Final
  Description       Qty    Price       Price

ROCKVILLE MD 20852 Zone-1              $0.49
First-Class Mail Letter
0.90 oz.
Expected Delivery: Mon 08/04/14
                                     ========
Issue Postage:                         $0.49

BALTIMORE MD 21202 Zone-0              $0.49
First-Class Mail Letter
0.90 oz.
Expected Delivery: Sat 08/02/14
                                     ========
Issue Postage:                         $0.49

FORT MILL SC 29715 Zone-4              $0.49
First-Class Mail Letter
0.90 oz.
Expected Delivery: Mon 08/04/14
                                     ========
Issue Postage:                         $0.49
                                     --------
Total:                                 $1.47

Paid by:
Cash                                   $2.00
Change Due:                           -$0.53
```

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to usps.com/clicknship
to print shipping labels with postage. For
other information call 1-800-ASK-USPS.
*******************************************
*******************************************
Get your mail when and where you want it
with a secure Post Office Box. Sign up for
a box online at usps.com/poboxes.
*******************************************
*******************************************

Bill#: 1000202263926
Clerk: 06

    All sales final on stamps and postage
    Refunds for guaranteed services only
         Thank you for your business

    --------------------------------------

            HELP US SERVE YOU BETTER

           TELL US ABOUT YOUR RECENT
                POSTAL EXPERIENCE


                     Go to:
           https://postalexperience.com/Pos


       Or scan this code with your mobile device.

