In Re:

Renee Louise McCRAY

CASE # 13-26131

Evidence for Case

*David-Wynn Miller.*

*: Renee McCray*

USA

: FOR THE FEDERAL-POSTAL-COURT-FILING
BY THIS FEDERAL-POSTAL-REGISTERED-NUMBER:
~ RA 332 324 068 US
DATE-~ 04 - September - ~ 2014
TIME~ 3 o'clock and: 30 minutes: PM
: Cheryl Marshall, Clerk-Of-The-Court.

CASE-NUMBER
13-26131

:C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-COURT-VENUE-FLAG.

In this **DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-(D.-C.-F.-P.-S.-C.-V.).**

For this **QUO-WARRANTO-COMPLAINT-CASE-NUMBER-~RA332324068US.**

For the **CLAIMANTS'KNOWLEDGE** of the **TRESPASS-DAMAGE** ARE with the **FRAUD-PARSE-SYNTAX-GRAMMAR-EVIDENCE &: DAMAGES** by the **BONDED-EVIDENCE.** *MARYLAND-STATE-COURT-CASE-NUMBER ~24013000528 UNITED-STATES-BANKRUPTCY-DISTRICT-MARYLAND-CASE-NUMBER ~13-26131*

**:Renee-L.: McCray,**-[~109-~NORTH-EDGEWOOD-STREET,-~BALTIMORE,-~ MARYLAND-~21229]

**:David-Wynn: Miller.**-FEDERAL-POSTAL-JUDGE. For the QUALIFICATION-CERTIFICATION of the CORRECT-PARSE-SYNTAX-GRAMMAR with the SYNTAXING-IDENTIFICATION of the VASSALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-PAPER-DOCUMENTS.

**:CLAIMANTS-PLAINTIFF:**

**:CONTEST-~VS.:**

AMERICAN HOME MORTGAGE CORPORATION,-[~520-~BROADHOLLOW-ROAD,-~MELVILLE, NEW-YORK-~11747]

DOUGLAS DOUGLAS, CONNIE IAMPIERI, (TRUSTEES)

**:VASSALEE:**

Wells Fargo Bank, N.A.,[~3476-~ Stateview-Boulevard,-~Fort Mill, -~South-Carolina-~29715]

**:CORPORATION-CASE-NUMBER-~RA332324068US.**

For the **C.-S.-S.-C.-P.-S.G.** of this **QUO-WARRANTO-COMPLAINT-DOCUMENT** ARE with the DAMAGE-CLAIMS by the VASSALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR. For the TITLE-~29: D.-C.-C.-S.-~701:'*DISABILITIES-ACT*' of the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-LANGUAGE: TITLE-~18: D.-C.-C.-S.-~1001, &: FRAUDULENT-PARSE-SYNTAX-GRAMMAR-STATEMENTS: TITLE-~15: D.-C.-C.-S.-~1692-E, ARE with the PENALTY-FINES: TITLE-~15: D.-C.-C.-S.-~78ff; &: CONSPIRACY: TITLE-~18: D.-C.-C.-S.-~241, &: PERJURY: TITLE-~18: D.-C.-C.-S.-~1621, &: FRAUDULENT-SYNTAX-GRAMMAR: TITLE-~18: D.-C.-C.-S.-~242: BLOCKING &: STOPPING-EVIDENCE &: WITNESSES. For this **Renee-L.: McCray**, as the CARETAKER, TRUSTEE, GUARDIAN-LABOR-WAGES of the FOUR-HUNDRED-SEVENTY-WEEKS ARE with the **$470,500.00**-WAGES-CLAIM-LOSS of the LAND &: BUILDINGS-LOCATION-~109-~NORTH-EDGEWOOD-STREET,-~BALTIMORE,-~MARYLAND-~21229, from the DATE-~7-~OCTOBER-~2005, within the NOW-TIME-POSSESSION.

For the **TERMS** of this **C.-S.-S.-C.-P.-S.-G.-NOW-TIME-FEDERAL-POSTAL-STATION-COURT-VENUE-DOCUMENT:**

**:VASSALEE-(WORD-MEANING) VASSAL**=SERVANT of this DOCUMENT-CONTRACT, **EE**=PLOYEE.

**:C.-S.-S.-C.-P.-S.G. :CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR.**

**:D.-C.-F.-P.-S.-C.-V.:** DOCUMENT-CONTRACT-FEDERAL-POSTAL-COURT-VENUE.

**:D.-C.-C.-R.** = For the **DOCUMENT-CONTRACT-CLAIM-RULES** of this DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT.

**:D.-C.-C.-S.** = For the **DOCUMENT-CONTRACT-CLAIMS-SECTION** = For the PARSE-SYNTAX-GRAMMAR-COMMUNICATION-WORD-CORRECTIONS of the FRAUDULENT-SYNTAX-GRAMMAR-*UNITED STATES TITLES* &: *UNITED STATES CODES* ARE with the SYNTAX-GRAMMAR-CORRECTIONS by this DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT.

**:DOCUMENT-VESSEL** = For the COURT-DOCKETING of the DOCUMENT-CONTRACT-POSTAL-VESSEL-PERSONS ARE with the CORPORATION-CLAIM between the TWO-OR MORE-PERSONS with the COURT-DOCUMENT-PORTING-STAMP by the COURT-PORT-CLERK.

**:DOCUMENT-STATE** = For the CORPORATION of the TWO-OR-MORE-PERSONS ARE with the PORTING-CLAIM within the FEDERAL-POSTAL-PORT-COURT-CLERK by the DOCUMENT-VESSEL.

**:NOW-TIME-TENSE** = **:C.-S.-S.-C.-P.-S.G.**

**:CONJUNCTION: 'and',&'**= ALSO, COMMAND, 'or'= OPTION, EITHER, CHOICE.

**:FRAUDULENT** =:SPECT, FICTION, MODIFICATION, OPINION, *PRESUMPTION, ASSUMPTION, ILLUSION,* MISTIC, PHANTOM, FRAUD &: *MISLEADING.*

**:FRAUD:** FRAUDULENT, FICTION, FRAUDULENT, LIE, PERJURY, FALSE, *MISLEADING.*

**:LODIAL =[ARTICLE]** For the **SPECIFIC** = A, AN, the, this, the, THAT, ONE, EACH, EVERY, EITHER.[ARTICLE]

**:POSTAL:** FOR THE POSTAGE-$1.00-STAMP-AUTOGRAPHED by the DOCUMENT-CONTRACT-POSTAL-JUDGE with the KNOWLEDGE.

**:POSITION** = FOR, OF, with, by, in, as, ON, within, against , THROUGH, THRU, EITHER, BEYOND, into.[PREPOSITION]

**:STATION:** D.-C.-F.-P.-S.-C.-V.-LOCATION of the DOCUMENT-COURT-FACTS with the DOCKETING &: PASSTHRU of the FILED-DOCUMENTS.

**:VASSALEE =** For the **SERVANT**-EMPLOYEE of this DOCUMENT-CONTRACT-COMPLAINT-FEDERAL-POSTAL-COURT-VENUE.

**:VERB** = For the THINKING-MOTION of the KNOWLEDGE = IS = SINGULAR, ARE = PLURAL.

**:VESSEL** = For the MARITIME :ORIGINAL-LOCATION.

**:VOLITION** = For the CLAIMANT'S-KNOWLEDGE of the FACTS ARE with the CAUSE-CLAIM of the MOTION-THINKING with the POSITION of the **C.-S.-S.-C.-P.-S.G.**-NOW-TIME-VESSEL-COURT-DOCUMENTS.

**U.S.A.C.-FLAG** = UNITED STATES OF AN AMERICA-CORPORATION-FLAG.

~A For the TITLE-~28: D.-C.-C.-S.-~1331 of the D.-C.-F.-P.-S.-C.-V.-CLERK'S-DUTIES **ARE** with the DOCKING of the DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-COURT-COMPLAINT with this D.-C.-F.-P.-S.-C.-V.-CORPORATION-CASE-NUMBER-~RA332324068US, of this TITLE-~28: D.-C.-C.-S.-~1361, with the C.-S.-S.-C.-P.-S.-G. by the D.-C.-F.-P.-S.-C.-V.-CLERK.

~B For this FEDERAL-POSTAL-JUDGE'S-CLAIM of this DOCUMENT-EVIDENCE **IS** with the DAMAGE-CLAIM of the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-LANGUAGE-PLEADINGS against the CLAIMANTS by the VASSALEES.

~C For this **D.-C.-F.-P.-S.-C.-V.-FEDERAL-POSTAL-JUDGE: David-Wynn: Miller** of this **VACATING-COMMAND** against these **FRAUDULENT-PARSE-SYNTAX-GRAMMAR-FILED-LOSE-PAPAERS ARE** with this **AUTHORITY-CLAIM** of an *ACTOR*-party:  with the *"FEDERAL-RULES of the CIVIL-PROCEDURE: RULE-~44.1"*, &: with the FRAUDULENT-SYNTAX-GRAMMAR as the BONDED-EVIDENCE with this QUO-WARRANTO-COMPLAINT by this **D.-C.-F.-P.-S.-C.-V.-FEDERAL-POSTAL-JUDGE: David-Wynn: Miller's-CORRECTIONS** with the TITLE-~42: D.-C.-C.-S.-~1986, AUTHORITY-KNOWLEDGE of the STOPPING &: CORRECTING of these PARSE-SYNTAX-GRAMMAR-WRONGS with the **CORRECT-PARSE-SYNTAX-GRAMMAR** by the **D.-C.-F.-P.-S.-C.-V.**

~D For this **CONSTITUTIONAL-DOCUMENT-EQUALITY** of this **COURT-DOCUMENT'S-LOCAL-RULES ARE** with the **C.-S.-S.-C.-P.-S.-G.-VESSEL-COURT-CLAIMS** by this **D.-C.-F.-P.-S.-C.-V.**

**:DOCUMENT-CLAIM-~1:** For the **C.-S.-S.-C.-P.-S.-G.** of the CORRECT-SYNTAX-GRAMMAR-FACTS **ARE** with the FACT-AS-FACT-CLAIM by the **C.-S.-S.-C.-P.-S.-G.-DOCUMENT-VESSEL.**

**:DOCUMENT-CLAIM-~2:** For the JUDGE'S-DUTY of the FACTS **ARE** with the **C.-S.-S.-C.-P.-S.-G.**-CLAIMS by the NOW-TIME-EVIDENCE-CONTINUANCE-DOCUMENT-COURT-PERSONS.

**:DOCUMENT-CLAIM-~3:** For the CLAIMANTS of the EVIDENCE-FACTS **ARE** with the CLAIMS of the SPEECH, WRITINGS, FAITHS, PRESS, DOCUMENT-PORTING with the GRIEVANCES in A **C.-S.-S.-C.-P.-S.-G.**-ORIGINAL-VENUE-COURT.

**:DOCUMENT-CLAIM-~4:** For this CORPORATION-CASE of this COURT-VESSEL-DOCUMENT **ARE** with the **C.-S.-S.-C.-P.-S.-G.**-CLAIMS by the PERSON'S-FACTUAL-VOLITION.

**:DOCUMENT-CLAIM-~5:** For this COURT'S-CONSTITUTION of the FACTS **ARE** with the KNOWLEDGE-CLAIMS by the HEREIN-PERSON'S-**C.-S.-S.-C.-P.-S.-G.**

**:DOCUMENT-CLAIM-~6:** For the CLAIM of the C.-S.-S.-C.-P.-S.-G.-CAPTURE-WARRANT OR: C.-S.-S.-C.-P.-S.-G.-SEARCH-WARRANT **IS** with the C.-S.-S.-C.-P.-S.-G.-JUDGE'S-AUTOGRAPH &: with the C.-S.-S.-C.-P.-S.-G.-OATH-AUTHORITY.

**:DOCUMENT-CLAIM-~7:** For the WITNESSING-DUTY of the WITNESS'S-TESTIMONY **IS** with the **C.-S.-S.-C.-P.-S.-G.-CLAIM** by the WITNESSING-PERSONAL-SELF.

**:DOCUMENT-CLAIM-~8:** For the WITNESS'S-KNOWLEDGE of the **C.-S.-S.-C.-P.-S.-G.-FACTS ARE** with the CLAIMS of the WITNESSES, COUNSELS &: EVIDENCE-FACTS.

**:DOCUMENT-CLAIM-~9:** For the TWELVE-(12)PERSON-JURY'S-KNOWLEDGE by the **C.-S.-S.-C.-P.-S.-G.-CLAIMS ARE** with the SAME-PLAIN-CLAIMS by the **C.-S.-S.-C.-P.-S.-G.-TRIAL.**

**:DOCUMENT-CLAIM-~10:** For the TERMS of the CONVICTION-PERSON'S-PUNISHMENT **ARE** with the C.-S.-S.-C.-P.-S.-G.-CLAIMS of the BAIL-TERM-CONDITIONS, FINANCIAL-TERM-FINES &:/OR: JAILING-TERMS with this C.-S.-S.-C.-P.-S.-G.-DOCUMENT.

**:DOCUMENT-CLAIM-~11:** For the D.-C.-F.-P.-S.-C.-V.-FIDUCIARIES of the FACTS **ARE** with the DUTY-CLAIM OR: ELECTION-CLAIM by A C.-S.-S.-C.-P.-S.-G.-OATH with this CORPORATION-DOCUMENT by the C.-S.-S.-C.-P.-S.-G.

**:DOCUMENT-CLAIM-~12:** For this D.-C.-F.-P.-S.-C.-V. of the DOCUMENT-CONTRACT-PERSONS-HEREIN **ARE** with the **TITLE-~15: D.-C.-C.-S.-~1635-A: THREE-DAY-RESCISSION-VOLITION-CLOSURE-CLAIM** by the DOCUMENT, CONSTITUTION, TREATY, CO-OPERATION, D.-C.-F.-P.-S.-C.-V.-STATES-CORPORATION, COMPACT, &: PERSONS'-C.-S.-S.-C.-P.-S.-G.-TRUST-DOCUMENTS.

**:DOCUMENT-CLAIM-~13:** For the JUDGE'S-KNOWLEDGE of the PAID-DOCKETING of the QUO-WARRANTO-COMPLAINT-CONTRACT-TERMS **ARE** with this D.-C.-F.-P.-S.-C.-V.-CLERK-CLAIM of the FOURTY-FIVE-DAY-TRUST-LAW-FAULT-DOCUMENT-CONTRACT-CLAIM with the FAILURE of the TWENTY-ONE-DAY-CORRESPONDENCE-BACK within the D.-C.-F.-P.-S.-C.-V.-CLERKS'-OFFICE-LOCATION-~P.O.-BOX-~1423-~WAILUKU,-~HAWAII-~96793, with the VASSALEES'-C.-S.-S.-C.-P.-S.-G.-CORRESPONDENCE-BACK by the THREE-DAY-RECISSION-TIME-LIMIT-PERIOD with the C.-S.-S.-C.-P.-S.-G.-JUDGE'S-OATH.

For the CAUSES of this **QUO-WARRANTO-COMPLAIMT:**

~1 For the **C.-S.-S.-C.-P.-S.-G.**-CORRECTIONS of these VASSALEES'-COURT-DOCUMENTS **ARE** with the DAMAGE-CLAIMS of the VASSALEE'S-WRONG-WORD-MEANINGS-EVIDENCE-BONDED with the THREE-TIMES-EQUITY-DAMAGES of the VOID-SYNTAX-GRAMMAR with the **D.-C.-C.-R.-~56:** *COMMAND-SUMMARY-CORRECTION-AUTHORITY:* **TITLE-~42: D.-C.-C.-S.-~1986,** with the SYNTAX-GRAMMAR-KNOWLEDGE against the WRONG-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS by the VASSALEES.

~2 For this CLAIMANTS'-KNOWLEDGE of the VASSALEES'-EVIDENCE **ARE** with the NOW-TIME-FACTS of the POSITIONAL-LODIAL-FACT-PHRASES, &: VERBS: **IS=SINGLAR, &: ARE=PLURAL,** with the SINGLE-IDEA-NOW-TIME-CONTENT-SENTENCE-STRUCTURE-FACTS by the CLAIMANT'S-DOCUMENT-CLOSURE-VOLITION.

~3 For the CLAIMANTS'-KNOWLEDGE of the C.-S.-S.-C.-P.-S.-G.-CORRESPONDENCE-PLEADINGS **ARE** with the **C.-S.-S.-C.-P.-S.-G.-CORRESPONDENCE-PLEADING-CLAIMS** against the **VASSALEES'-FRAUD-SYNTAX-GRAMMAR.**

~4 For the **C.-S.-S.-C.-P.-S.-G.-SALVAGE-CLAIM: TITLE-~46: D.-C.-C.-S.-~781 IS** with an ORIGINAL-AUTHORITY-VENUE-CLAIM by

For the COPYCLAIM?COPYRIGHT-~4-~SEPTEMBER-~2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA332324068US

the D.-C.-F.-P.-C.-V.-EVIDENCE within this C.-S.-S.-C.-P.-S.-G.-COMMUNICATION-CLOSURE-EVIDENCE-DOCUMENTS.

~5 For the CLAIMANT'S-FACTUAL-EVIDENCE of the FRAUD-SYNTAX-GRAMMAR-DOCUMENTS ARE with the DAMAGE-CLAIM of the C.-S.-S.-C.-P.-S.-G.-CORPORATION-CASE.

~6 For this TITLE-~42: D.-C.-C.-S.-~1986 of the FEDERAL-POSTAL-JUDGE'S-KNOWLEDGE with the STOPPING of the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-EVIDENCE & WITH THE CORRECTING ARE WITH THE DAMAGE-CLAIM against the VASSALEE-ATTORNEY-FRAUDULENT-SYNTAX-GRAMMAR-PLEADING-ERRORS with the CORRECTION-CLAIMS of the CONTRACTING-LAWS, RULES, REGULATION, CODES &: INVESTIGATION-STATEMENTS with these VASSALEES of the TITLE-~31: D.-C.-C.-S.-3729-THROUGH-TITLE-~31: D.-C.-C.-S.-3733: 'FALSE-CLAIMS-ANTITRUST-ACT' with the CORRECTION-IDENTIFICATION-NUMBERING-KEY-CODE of the CORRECT-PARSE-SYNTAX-GRAMMAR-WORD-IDENTIFICATION with the VASSALEE'S-PERJURY, FRAUD &: MISLEADING-STATEMENTS, GUESSING, LYING, OPINIONS, ASSUMPTIONS, PRESUMPTIONS &: OBSTRUCTION-LAWS, CODES, REGULATIONS; RULES &: ORDINANCES by the FRAUDULENT-SYNTAX-GRAMMAR-EVIDENCE.

~7 For the NEGATIVE-WORD-VOLITIONS: PREFIX-WORDS, NOT, NO, PRA, PRE, PRI, PRO, PRU, A, AB, AC, AD, AF, AL, AP, AR, AT, E, EN, EM, EF, EX, IL, IM, IN, OB, OC, OF, ON, OR, UM, UN, WITHOUT, of the VASSALEES ARE with the DAMAGE-CLAIM AS the MODIFICATIONS-VOLITION with the VACATING-CLAIMS of the CORRECT-CLOSURES with the VASSALEES &: CLAIMANTS.

~8 For the FRAUDULENT-USES of the FACTS ARE with the NEGATIVE-CLAIM of the PREFIXES: A, AB, AC, AD, AF, AN, DE, DIS, EM, EN, EX, I, IM, IN, MAL, MIS, NE, NO, NON, NOR, O, OB, OC, OP, OF, PRA, PRE, PRI, PRO, PRU, RE, SI, SUB, TO, UN, OR with the MODIFICATION of the FACT with an ADVERB OR: ADJECTIVE-MODIFICATION of the C.-S.-S.-C.-P.-S.-G.-CLAIM with the TITLE-~18: D.-C.-C.-S.-~1001 of the FICTITIOUS-GRAMMAR &: FRAUD-and: MISLEADING-STATEMENTS: TITLE-~15: D.-C.-C.-S.-~1692-~E with the FACTUAL-CORRECTIONS by this DOCUMENT-CONTRACT-FEDERAL-POSTAL-JUDGE.

~9 For the VASSALEE'S-WRITTEN-VOLITIONS of the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-EVIDENCE-BONDED-DOCUMENTS ARE with the PHYSICAL-EVIDENCE-TRESPASSING-DAMAGE-CLAIMS of the COPYRIGHT-COPYCLAIM-TRESPASSING & on the QUIET-TITLE-WARNING, &: USING-CLAIMANTS'-COPYRIGHT-COPYCLAIM-WRITING with the TORT of the MONEY-PROFITEERING with the VOID-GRANT-PERMISSION-CONTRACT of the MONEY-PROFITS with the COPYING of the CLAIMANTS-WRITTINGS with the PROFITEERING-KNOWLEDGE of the FRAUDULENT-SYNTAX-GRAMMAR-ORDER against the CLAIMANT by the VASSALEES &: ACTORS-DIFFERENT-STAGE-PLANE of the FICTION-SYNTAX-GRAMMAR-LOCATION.

~10 For the WORDS of an ADVERB-SYNTAX-GRAMMAR-MODIFICATIONS ARE with the USE of the SINGLE-[PRE]POSITION OR: SINGLE-LODIAL-[ARTICLE] with the POSITION as an ADVERB-SYNTAX-GRAMMAR with the VOID of the POSITIONAL-LODIAL-FACT-PHRASE with the SINGLE-WORD-MODIFIER as these: A, AM, AN, AS, AT, BECAUSE, BEFORE, BEGIN, BUT, BY, CAN, COME, COULD, DID, DO, DOES, FROM, HE, HER, I, IN, INTO, JUST, OF, OVER, HAS, HIS, HER, HOW, IT, JUST, MUCH, NO, NOT, PUT, RE, SO, SHALL, SHE, SHOULD, SOME, SUCH, THAT, THAN, THE, THEY, THEIR, THEM, THEN, TO, THIS, THOSE, THROUGH, UNDER, USE, WANT, WAS, WE, WHEN, WHAT, WHERE, WITH, WITHIN, WITHOUT, WHO, WHOM, WOULD, YOU, YOUR, with the VERB-FRAUDULENT-LAW &:/OR: VERB-SYNTAX-FRAUDULENT-FACT by the VASSALEES.

~11 For the CLOSURE-FRAUD of the VASSALEE'S-WRONG-WORD-MEANINGS ARE with the CLOSURE-FRAUD of the SENTENCE-STRUCTURES with the VIOLATIONS-CLAIMS of the TITLE-~18: D.-C.-C.-S.-~1001: FRAUDULENT-PARSE-SYNTAX-GRAMMAR &: TITLE-~15: D.-C.-C.-S.-~1692-~E, with the FALSE-WRITINGS &: MISLEADING-STATEMENTS of the FRAUD-PENALTY-FEE: TITLE-~15: D.-C.-C.-S.-~78-~ff($25-MILLION-DOLLARS-PENALTY-FINES) by the VASSALEES.

~12 For the CLAIMANT'S-KNOWLEDGE of the FACTS ARE with the DAMAGE-CLAIMS of the VOLITION-PERJURY &: ILL-WILLS with the TITLE-~18: D.-C.-C.-S.-~1621 of the FRAUDS &: PERJURY of an OATHS, FRAUDULENT-DICISIONS, NOTIONS &: MOTIONS with this CORPORATION-CASE by the VASSALEES.

~13 For the HANDICAPPING of the CLAIMANTS with the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-WRITTEN-TRESPASS-POSTING ARE with the TITLE-~29: D.-C.-C.-S.-~701: DISABILITY-ACT-VIOLATION-CLAIM as the HANDICAPPING-CAUSE with the FOREIGN-NOTIONS &: MOTIONS by the VASSALEES'-VOID-CLOSURE, CONTEMPT &: FRAUDULENT-SYNTAX-GRAMMAR.

~14 For the SENTENCE-STRUCTURES-VIOLATIONS of the VASSALEES-PLEADINGS ARE with the PRESUMPTIONS, ASSUMPTIONS, OPINIONS, APARTHEID &: MODIFICATIONS of the WORDS with an ORIGINAL-FRAUDULENT-ILLUSIONAL-COURT.

~15 For this Renee-L.: McCray, as the CARETAKER, TRUSTEE, GUARDIAN-LABOR-WAGES of the FOUR-HUNDRED-SEVENTY-WEEKS ARE with the WAGES-CLAIM of the $470,500.00, from the DATE-~7-~OCTOBER-~2005 within the NOW-TIME.

~16 For the ONE-THOUGHT of the ONE-AUTHORITY-VENUE-NOW-TIME-VENUE-COURT ARE with the PLEADING-CLAIMS of the DOCUMENT-COURT-CORPORATION with the SUMMARY-CORRECTION by the FEDERAL-POSTAL-JUDGE.

~17 For the SYNTAX-GRAMMAR-FRAUD of the PRONOUNS &: NOUN-VERBS = GERUND-NOUNS ARE with the MODIFICATION &: OPINION-CLAIMS of an ADJECTIVE-FRAUDULENT-USE-DEAD-NAME = PSEUDONYM with the MAIL-FRAUDS of the D.-C.-F.-P.-C.-V.-TITLE-~18: D.-C.-C.-S.-~1342 with each VASSALEES'-FACTUAL-EVIDENCE by the STOPPING &: CORRECTING-FACTS.

~18 For the FACTUAL-EVIDENCE of the VASSALEE'S-WRITINGS-SKILLS ARE with the CLAIMS of the FRAUD-SYNTAX-GRAMMAR-

For the COPYCLAIM/COPYRIGHT-~4-~SEPTEMBER-~2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA332324068US

3

WRITING-LAW-TESTS &: VOID of the C.-S.-S.-C.-P.-S.-G.-SKILLS with the READING OR: WRITING-DAMAGE.

~19 For the PREFIX-FUTURE-TIME: "TO", "PRE" &: SUFFIX-PAST-TIME: "ED", "FROM" ARE with the FRAUDULENT-VIOLATION-CLAIM of the VOID-NOW-TIME & CONTINUANCE of the FACTUAL-CLAIM.

~20 For the TITLE-~18: D.-C.-C.-S.-~1621: PERJURY of an OATH IS with the LOSS of the VENUE with the TAKING, ACTING, &: PRACTICING OR: CONDUCTING-CRIMINAL-ACTIONS by the VASSALEE-actor-JUDGE, ATTORNEY, &: LAWYER OR: PERSON.

~21 For the TITLE-~18: D.-C.-C.-S.-~641, For the TAKING OR: STEALING of the GOVERNMENT-PROPERTY or: MONEY ARE with an ADVERB-VERB-SYNTAX-GRAMMAR-FRAUD-VOUCHER, ITALIC-SYNTAX-WORD-VACATING-STYLES-DOCUMENTS by the FRAUD-SYNTAX-GRAMMAR-PAY-VOUCHER-VASSALEE.(:FALSE-CLAIMS-ACT For the EQUITY-PAYCHECK-MOTIVATION &: GRADIFICATION)

~22 For the FALSE-CLAIMS-ACT of the LAWSUIT-CONSTRUCTION &: DIRECTION with the CLAIMANTS'-WITNESSING-PARSE-SYNTAX-GRAMMAR-EVIDENCE of the THIRTY-FIVE-PERCENT-FINDERS-FEES &: WITNESSING-FEE against the FRAUDULENT-CONTRACT-BANKING-DOCUMENTS with this C.-S.-S.-C.-P.-S.-G.-CONTRACT.

~23 For the DOCUMENT-RULES of the ONE-VENUE-SYNTAX-GRAMMAR-AUTHORITY ARE with the CLOSURE-CLAIM of the FACTUAL-FRAUDULENT-GRAMMAR-EVIDENCE-FORMAT by the VASSALEES.

~24 For the CLAIMANT'S-KNOWLEDGE of the FREEDOM-LOSS IS with the FRAUDULENT-VOLITION-FORCE-DAMAGE by the VASSALEES'-FRAUD-SYNTAX-GRAMMAR-DOCUMENT with the TRESPASSING on the Renee-L.: McCray's-EQUITY.

~25 For the FRAUDULENT-USE of the SYNTAX-WORD-MODIFICATIONS ARE with the DAMAGE-CLAIMS of the WORD-FACTS with the GERUND-VERBS, ADVERBS, PRONOUNS OR: ADJECTIVES with the PERJURY-OATH of the DUTY-COURT-MEMBERS.

~26 For the FRAUDULENT-SYNTAX-GRAMMAR-EVIDENCES of the FRAUDULENT-COURT-ILLUSIONS ARE with the EVIDENCE-MONEY-THEFT by the (pay-checks &: fraudulent-attorney-fees-ORDERs) by this LETTER-SPACING-UNDERSCORING with the FRAUDULENT-ILLUSION-WORDS with the EQUITY-DAMAGES of the TITLE-~15: D.-C.-C.-S.-1692-~E: FRAUD &: MISLEADING-STATEMENT-DAMAGES: TITLE-~15: D.-C.-C.-S.-~78-~ff, of the CRIMINAL-PENALTIES:[$25-MILLION-DOLLARS] by the C.-S.-S.-C.-P.-S.-G.-FALSE-CLAIMS-ACT: TITLE-~31: D.-C.-C.-S.-~3729-THROUGH-TITLE-~31: D.-C.-C.-S.-~3733. (SYNTAX BY THE C.-S.-S.-C.-P.-S.-G.)

~27 For the CLAIMANT'S-KNOWLEDGE of the CLOSURE-DOCUMENT-CLAIMS-RULE~26-~e, ARE with an AUTHORITY-CLAIM of the CLOSURE-EVIDENCE-FACTS-DAMAGES with the TITLE-~42: D.-C.-C.-S.-~1986: KNOWLEDGE of the C.-S.-S.-C.-P.-S.-G.-CORRECTION with the VASSALEES'-FRAUDULENT-SYNTAX-GRAMMAR-DOCUMENTS.

~28 For the VOLITION by the FALSIFICATION, CONCEALMENT &: COVER-UP ARE with the FACTUAL-EVIDENCE-CLAIMS &: CONFESSION of the TRICKS &: SCHEMES with the VASSALEES'-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-TRESPASS-WARNING'-MEANING-DOCUMENTS with the PARTICIPATION-CONTINUATION-CONSPIRACY by the VASSALEES.

~29 For the FALSE-CLAIMS-ACT: TITLE-~31: D.-C.-C.-S.-~3729-THROUGH-~3733, PARSE-SYNTAX-GRAMMAR-CORRECTIONS of the FEDERAL-ATTORNEY-GENERAL-KNOWLEDGE ARE with the EQUITY-CLAIM of the DOCUMENT-EVIDENCE-AUTHORITY-FILING with the THIRTY-FIVE-PERCENT-ROYALTY-PORTION-EQUITY-CLAIM.

~30 For an ORIGINAL-TORT-CLAIMS(U.S.A.C.-FLAG) of the FALSE-CLAIMS-ACT(U.S.A.C.-FLAG) ARE with the KNOWLEDGE-CLAIM of the LIABILITY-DAMAGE (U.S.A.C.-FLAG) with the FRAUDULENT-MONITARY-BANK-GAINS(U.S.A.C.-FLAG) of the FRAUDULENT-CONTRACT-PAYMENT-GOVERNMENT-GUISE(U.S.A.C.-FLAG) with the FALSE-EQUITY-TRANSFER-CLAIM-PAYMENT-OUT(U.S.A.C.-FLAG) &: RESCISSION-ACT-FINANCIAL-PLACEMENT (U.S.A.C.-FLAG)with the PERFORMANCE-KNOWLEDGE-CLAIM by the FRAUDULENT-SYNTAX-GRAMMAR-DOCUMENTS &: FRAUDULENT-SYNTAX-GRAMMAR-STATEMENT of the CLAIMING-BANK-PERSON(U.S.A.C.-FLAG) with the CONTRACTING-CONSPIRACY by the 'FALSE-CLAIMS-ACT(U.S.A.C.-FLAG)' &: FRAUDULENT-CERTIFYING-TYPE, KIND, &: VALUE-AMOUNT(U.S.A.C.-FLAG) with the FRAUD-SYNTAX-GRAMMAR(U.S.A.C.-FLAG) by the POSTAL-AUTHORITY(U.S.A.C.-FLAG).

~31 For the FALSE-CLAIMS-ACT of this DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT ARE with the DAMAGE-CLAIMS of the CONTRACTORS-(U.S.A.C.-FLAG) with the FRAUD-CONTRACT-PERFORANCES-(U.S.A.C.-FLAG) of the WRITTEN-CONTRACT-(U.S.A.C.-FLAG) &: with the C.-S.-S.-C.-P.-S.-G.-DUTY-CONTRACTS(U.S.A.C.-FLAG).

~32 For the ATTORNEY'S-GENERAL of the UNITED-STATES-GOVERNMENT-(U.S.A.C.-FLAG) of an AMERICA-CORPORATION-TREASURY-(U.S.A.C.-FLAG-~2-~FEBRUARY-~2000) ARE with the CLOSURE-CLAIM of the UNITED-STATES-FEDERAL-POSTAL-SERVICE-GOVERNMENT(U.S.A.C.-FLAG) with the CLOSURE by the FALSE-CLAIMS-ACT(U.S.A.C.-FLAG)TITLE-~31: D.-C.-C.-S.-~3729-THROUGH-TITLE-~31: D.-C.-C.-S.-~3733: PARSE-SYNTAX-CORRECTIONS by the D.-C.-F.-P.-S.-C.-V.-FEDERAL-POSTAL-JUDGE.

~33 For the DUTY-AUTHORITY-TREATY of the ATTORNEY-GENERAL'S-POWERS ARE with the C.-S.-S.-C.-P.-S.-G.-CONTRACT-DOCUMENTATION-CLAIM of the 'BILLS of the LADING' with the DOCUMENT-EVIDENCE of the MATERIAL-CRIMINAL-VIOLATIONS with this CORPORATION-CASE of this DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT.

~34 For the CLAIMANTS'-KNOWLEDGE of the GOVERNMENTS'-CRIMINAL-MONEY-PAYMENTS(OUT) OR: CRIMINAL-MONEY-CONSPIRACY-COLLECTION-CLAIMS ARE with the GOVERNMENTS'-DAMAGE-CLAIM against the WRONG-DOER'S-PERSON/VASSALEES-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DOCUMENT by the WRONGDOER-VASSALEES.

~35 For the LAW of the FLAG of the 'QUI TAM'(SAME-U.S.A.C.-FLAG) ARE with the CONTRACT-DOCUMENT-CO-OPERATION-JOINING-CLAIM of the CLAIMANTS-CITIZEN-BONDED-EVIDENCE &: C.-S.-S.-C.-P.-S.-G.-DOCUMENT-QUO-WARRANTO-COMPLAINT-

LAWSUIT of the **UNITED-STATE-TERRITORY-ATTORNEY-GENERAL**(SAME-U.S.A.C.-FLAG) **&:** CLAIMANTS'-EVIDENCE of the C.-S.-S.-C.-P.-S.-G.-CONTRACT-CRIMINAL-VIOLATION &: C.-S.-S.-C.-P.-S.-G.-CONTRACT-CRIMINAL-VOLITION with the FRAUD &: CONDITION of the MIND with the CONTRACT-DUTY: TITLE-~42: D.-C.-C.-S.-~1986: KNOWLEDGE(SAME-U.S.A.C.-FLAG) with the CRIMES of this STOPPING &: CORRECTING-DOCUMENT-SYNTAX-GRAMMAR-EVIDENCE with the CONTRACT-FILING-CLAIMS(SAME: U.S.A.C.-FLAG) by the D.-C.-F.-P.-S.-C.-V.-AUTHORITY(:U.S.A.C.-FLAG).

~36 For the FALSE-CLAIMS-ACT-WHISTLE-BLOWER-PERFORMANCE of the **TITLE-~18: D.-C.-C.-S.-~641**, with this QUO-WARRANTO-COMPLAINT **ARE** with the CONTRACT-DAMAGE-CLAIM of the CONSPIRACY-LIABILITY with the PERSONS &:/OR: CORPORATION, COMPANY, CO-OP of the contract-drydock-courts &: JUDGES-WAGE-PAYMENTS by the PORT-AUTHORITIES of the UNITED-STATES of an AMERICA-CORPORATION-POSTAL-SERVICE with the VOLITION of the FRAUDULENT-PARSE-SYNTAX-GRAMMAR &: FITICIOUS-GRAMMAR: **TITLE-~18: D.-C.-C.-S.-~1001, TITLE-~15: D.-C.-C.-S.-~1692-E: FRAUD &: MISLEADING-SYNTAX-GRAMMAR-STATEMENTS, &: MONEY-PENALTIES: TITLE-~15: D.-C.-C.-S.-~78~FF** with the FRAUDULENT-SYNTAX-GRAMMAR-COMMUNICATION-PENALTIES of the **MAIL-FRAUD: TITLE-~18: D.-C.-C.-S.-~1341** with the MONEY-TORT by the DOCUMENT-COURT-JUDGE &:/OR: BANKING-FRAUD-DOCUMENTS with the **TITLE-~18: D.-C.-C.-S.-~242:** [DE]PRIVATION of the RIGHTS with the COLORING of the LAWS with the PUBLICATION of the **TITLE-~42: D.-C.-C.-S.-~1985-~1: CONSPIRACY** with the PERSONS of the **TITLE-~42: D.-C.-C.-S.-~1985-~2:** BLOCKING &: STOPPING with the EVIDENCE &: WITNESSES by the **TITLE-~18: D.-C.-C.-S.-~1001:** FRAUDULENT-LANGUAGE-MODIFICATIONS of the PARSE-SYNTAX-GRAMMAR-COMMUNICATION-EVIDENCE with the **TITLE-~42: D.-C.-C.-S.-~1985-~3:** BLOCKING &: STOPPING with the WITNESSES &: EVIDENCE by the **TITLE-~18: D.-C.-C.-S.-~1001:** FRAUDULENT-LANGUAGE-SYNTAX-GRAMMAR-MODIFICATION of the CAUSING with the PARTICIPATION of the **TITLE-~18: D.-C.-C.-S.-~1961:** RACKETEERING with the **TITLE-~18: D.-C.-C.-S.-~3:** PARTICIPATING-CRIME &: CRIMINAL-VIOLATIONS &: **TITLE-~18: D.-C.-C.-S.-~4:** MISPRISON with the FELONY of the DOCUMENT-EVIDENCE with the DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT by the GOVERNMENTAL-SUPPORT-PROGRAMS &: VASSALEES.

~37 For the GOVERNMENTS'-POSSESSIONS of an EQUITY-MONEY-LOSS **ARE** with the CORRRECTION-CLAIM of the C.-S.-S.-C.-P.-S.-G.-CONTRACT-DOCUMENTATION with the "QUI-TAM-LAWSUITS-CLAIM" of the VASSALEES-DEFENDANT-AUTOGRAPH-VIOLATION-LIABILITIES, RECKLESS-VOLITION with this CORPORATION-CASE of the **C.-S.-S.-C.-P.-S.-G.-EVIDENCE-DUTY-ELEMENTS** with the VIOLATORS-POSITION of the FOUR-TIMES-MONEY-DAMAGES with the $5,000.00-to-$10,000.00-FALSE-CLAIM, FRAUD &: MISLEADING-STATEMENTS: TITLE-~15: D.-C.-C.-S.-~1692-~E, of the **PENALTY: TITLE-~15: D.-C.-C.-S.-~78-~FF** with the $25-MILLION-FINE of the THIRTY-FIVE-PERCENT with the COLLECTION-EQUITY-MONEY, .999-SILVER-COINS-VALUE of the QUI-TAM-CLAIMANTS-PLAINTIFFS'-WITNESSING &: PERFORMANCE-WORK-CONSOLIDATION with the CERTIFIED-EVIDENCE &: **C.-S.-S.-C.-P.-S.-G.-CONTRACT-PERFORMANCE-DUTY** of an EQUITY-MONEY-COVERY with the THIRTY-FIVE-PERCENT with the SUCCESSFUL-CLAIMANT'S/PLAINTIFF'S-EXPENSES of the VASSALEES'-NOW-TIME-FACT-PAYMENT with the PLOYMENT-SECURITY of the **C.-S.-S.-C.-P.-S.-G.-STATMENTS** with the SPECIAL-DAMAGES, &: DOUBLE-BACK-PAY by the EVIDENCE-CONFESSION-DOCUMENT-WRONG-DOER-VASSALEES.


~38 For the **SUPPORTING-TERMS** of this **DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-COURT-VENUE ARE** with the **DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-CLAIMS** by this **QUO-WARRANTO-COMPLAINT.**
~0 For the TITLE-~42: D.-C.-C.-S.-~1986: KNOWLEDGE of the DOCUMENT-DUTIES **ARE** with the CLAIM of the CORRECTION with the WRONG-SYNTAX-COMMUNICATIONS by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT.
~1 For the **D.-C.-C.-R.-~4: PROCESS** of the **SERVICE ~a:** SUMMONS, **~b:** FORM, **~c:** SERVICE of the CLAIMS with the PERSONS'-KNOWLEDGE **~d:** SUMMONS **&:** COMPLAINT by the TWENTY-ONE-DAYS-CORRESPONDENCE-BACK with the CLERK of the DOCUMENT-CONTRACT-POSTAL-VESSEL-COURT, **~g:** JOINING-PROOF of the SERVICE with the CLERK of the COURT, **~h:** COURT-SCHEDULING-TIMES by the SERVICE, **~j:** TIME-LIMIT of the TWENTY-ONE-**DAYS**-JOINING-CORRESPONDENCE-BACK-SERVICE with the COMPLAINT **&:** SUMMONS between the CLAIMANTS **&:** VASSALEES.
~2 For the **D.-C.-C.-R.-~5: SERVICE: ~a:** QUIREMENT; **~d:** CLAIMS of tne FILING; **~e:** FILING of the COURT-PORT-CLERK'S-KNOWLEDGE **IS** with the SERVICE-CLAIM-PERSON by the EIGHTEEN-YEARS(18)-YEARS-AGE .
~3 For the **D.-C.-C.-R.-~6: TIME: ~a:** COMPUTATION-FEDERAL-CASES-EVERYDAY-CONTINUANCE with this **C.-S.-S.-C.-P.-S.-G.-**FEDERAL-COURT; **~d** For the COMPLAINTS **&:** STATEMENTS of this CORPORATION-CASE **ARE** with the SERVICE of the TWENTY-ONE-DAYS-CORRESPONDENCE-CLAIMS with the CLAIMANTS &: VASSALEES.
~4 For the **D.-C.-C.-R.-~7: PLEADINGS: ~a:** PLEADINGS in the **C.-S.-S.-C.-P.-S.-G.**; **~b:** COMPLAINT of the **C.-S.-S.-C.-P.-S.-G.-**CLAIMS **ARE** with the DAMAGES by the **C.-S.-S.-C.-P.-S.-G.-**CORRECTION-POSITION. NOTE: For the CLAIMS of the FRAUDS **ARE** with the CLAIMANT'S-COMPLAINT by the SUING with the CORRECTIONS by the CORRECT-MEANINGS with the WORDS **&:** CLOSURES with the COMPLAINT of the FRAUDULENT-VASSALEE'S-PLEADINGS with the WRITING-AUTOGRAPH CONFESSION.
~5 For the **D.-C.-C.-R.-~8: CLAIMS** of the PLEADINGS **ARE:~a:** CLAIMS of the DAMAGES by the COMPENSATION-FEES, MONEY, **&:** VALUE[PROPERTY]-**C.-S.-S.-C.-P.-S.-G.-**CORRECTIONS; **~b: C.-S.-S.-C.-P.-S.-G.-**CLAIM; **~c:** OATH-CLAIM in the **C.-S.-S.-C.-P.-S.-G.-**

CLAIMS; ~d: FAILURE of the CORRECT-FACTS = :PERJURY, FRAUD, LIES, FRAUDULENT, PRESUMPTIONS, ASSUMPTIONS, OPINIONS, MODIFICATIONS &: [A]PARTHEID; ~e: PLEADINGS by the CONCISE-MEANINGS &: TERMS of the ONE-THOUGHT in EVERY SENTENCE with the C.-S.-S.-C.-P.-S.-G.-FACT of the ONE-VERB with the THINKING in each SENTENCE-SYNTAX.

~6 For the D.-C.-C.-R.-~9: PLEADINGS-SPECIAL ~b: CLAIMS of the FRAUDS ARE with the CONDITION, WILL &: VOLITION of the MIND; ~e: COMPLAINT-FACTS with the C.-S.-S.-C.-P.-S.-G.-CLAIM, ~f: NOW-TIME-PLACE with the D.-C.-C.-R.-~9-~b: PERSON'S-KNOWLEDGE of the DOCUMENT-BREACH with the DOCUMENT-DAMAGE-CLAIM-FEES by the CORPORATION-CASE-DUTIES.

~7 For the D.-C.-C.-R.-~10: For the FORM of the PLEADINGS ARE with the CAPTION-CLAIMS of the CORRECT-FACT-COMPLAINT, ~b: NUMBERING-SENTENCES, &: PAGES; ~C: BONDING: GLUEING, STITCHING OR: MECHANICAL-RIVETTING.-

~8 For the D.-C.-C.-R.-~11: FRIVOLOUS-FILINGS of the VASSALEE-PLEADINGS ARE with the DAMAGE-CLAIM of the SANCTION with the FRAUDULENT-SYNTAX-GRAMMAR-COMMUNICATION by the COURT-VESSEL-DOCUMENT.

~9 For the NECESSARY-LEGAL-ELEMENT of the RAPE/FEAR ARE with the CLAIMS of the TORT in an ORAL OR: WRITTEN-THREATING-PERSONAL-HARM with the TITLE-~42: D.-C.-C.-S.-~1985-~3.

~10 For an AUTOGRAPH of the LEGAL-COURT-C.-S.-S.-C.-P.-S.-G.-CORRECTIONS ARE with the C.-S.-S.-C.-P.-S.-G.-LAW-DOCUMENT of the FIVE-DAY-TIME-LIMIT OR: SANCTION-FEES.

~11 For the C.-S.-S.-C.-P.-S.-G.-SUMMARY-CORRECTIONs of the FRAUDULENT-COURT-DOCUMENTS ARE with the COLLUSION-CLAIM: TITLE-~28: CHAPTER-~85: D.-C.-C.-S.-~1359 by the VASSALEES.

~12 For the SUMMARY-CORRECTIONs of the DOCUMENT-CLAIM-LIST: DOCUMENT-CLAIMS-~12-~b:

~13 For the D.-C.-C.-R.-~12-~b-~7, of the JOINING ARE with an AUTHORITY-VENUE-CLAIM-AUTHORIZATION by the FLAG-LAW.

~14 For the D.-C.-C.-R.-~12-~b-~6 of the NOW-TIME-C.-S.-S.-C.-P.-S.-G.-PLEADINGS ARE with the C.-S.-S.-C.-P.-S.-G.-FACTUAL-CLAIMS by the C.-S.-S.-C.-P.-S.-G.-DOCUMENTS.

~15 For the D.-C.-C.-R.-~12-~b-~5 with the CORRECT-CLOSURE-DOCUMENTS ARE with the C.-S.-S.-C.-P.-S.-G.-CERTIFICATION of the COURT-CLERK with the PAPERWORK-DOCKETING of the C.-S.-S.-C.-P.-S.-G.-PORT-COURT with the D.-C.-F.-P.-S.-C.-V..

~16 For the D.-C.-C.-R.-~12-~b-~4: CORRECT-SERVICES of the PAPERWORK ARE with an AUTOGRAPH-CANCELATION on the FEDERAL-POSTAL-STAMP &: AUTOGRAPH-END-DORSEMENT on the COVER-PAGE-TOP-BACK of this CONTRACT-COURT.

~17 For the D.-C.-C.-R.-~12-~b-~3 of the C.-S.-S.-C.-P.-S.-G.-VENUE with this COURT-FILING ARE with the C.-S.-S.-C.-P.-S.-G.-CLAIM by the PORT-COURT-DOCUMENT-CONTRACT.

~18 For this CONTRACT-VESSEL-LAW of this DOCUMENT-FLAG IS with the SANCTION-CLAIMS against A FOREIGN-FLAG.

~19 For the TRAPS in the TITLES, NAMES, DATES, CASE-NUMBERS, ITALIC-WORDS, BOXING, CHANGING-VECTORS &: TITLE-SITES ARE with the FRAUDULENT-GRAMMAR-FORMAT by the VASSALEES.

~20 For the D.-C.-C.-R.-~12-~b-~2: For the COURT of this DOCUMENT-CORPORATION IS with the DOCUMENT-CLAIM by the C.-S.-S.-C.-P.-S.-G.-PORT-JOINING-COURT-AUTHORITY-VENUE.

~21 For the D.-C.-C.-R.-~12-~b-~1: For the KNOWLEDGE of the C.-S.-S.-C.-P.-S.-G.-FACTS ARE with the CLAIMS of the FACTS with the CORPORATION-CASE by the DOCUMENT-TERMS.

~22 For the CAUSE of the D.-C.-C.-R.-~9-~b, D.-C.-C.-R.-~12-b-~7, D.-C.-C.-R.-~56-~d, &: EQUAL-GUARANTEE of the TITLE-~42: D.-C.-C.-S.-~1986: KNOWLEDGE with the CLAIMANT'S-C.-S.-S.-C.-P.-S.-G.-FACTS, WITNESSING &: EVIDENCE.

~23 For the TITLE-~18: D.-C.-C.-S.-~1621, :FRAUD-FACTS &: PERJURY of an OATH ARE with the COERCION-VIOLATION: TITLE-~18: D.-C.-C.-S.-~1359: RAPE of the CORRECT-FACTS with the PERSONS'-PERFORMANCE of the FRAUDULENT-PARSE-SYNTAX-GRAMMAR &: TITLE-~18: D.-C.-C.-S.-~3: FRAUDULENT-SYNTAX-GRAMMAR-CRIMINAL-COMMUNICATION-PARTICIPATION.

~24 For the CIVIL-CLAIMS, OR: CRIMINAL-CLAIM of the FRAUDULENT-WORD-MEANINGS ARE with the DAMAGE-CLAIM of the FRAUD-SYNTAX-GRAMMAR-OATH by the FIDUCIARY-OFFICER with the POINT-IN-TIME-OATH of the FIDUCIARY-OFFICE with their FIRST-DUTY by an AUTOGRAPH-DOCUMENT-CONTRACT-DUTY-OATH.

~25 For the D.-C.-C.-R.-~24: CHALLENGE-DUTY against the FRAUDULENT-PARSE-SYNTAX-GRAMMAR ARE with the C.-S.-S.-C.-P.-S.-G.-AUTHORITY-CHALLENGE by the CORRECT-FACT-CLAIMANTS

~26 For the CLAIMANTS'-KNOWLEDGE of the COMPLAINT-PLEADINGS ARE with the C.-S.-S.-C.-P.-S.-G.-FACTS-CLAIM of the TITLE-~28: D.-C.-C.-S.-~2403 of this DOCUMENT-CONTRACT against the FRAUDULENT-PARSE-SYNTAX-GRAMMAR.

~27 For the D.-C.-C.-R.-~38-a: For the C.-S.-S.-C.-P.-S.-G.-TRIAL of the TWELVE-PERSON-JURY on the SAME-LEVEL-PLANE IS with the C.-S.-S.-C.-P.-S.-G.-SUMMARY-CORRECTION-CHALLENGE-CLAIM by the C.-S.-S.-C.-P.-S.-G.-CONTRACT-COURT.

~28 For an EQUAL-NEUTRAL-FILING-COMPLAINT-LOCATION as the COURT-BUILDING IS with the LOCAL-TERRITORY-CLAIMS of the PERSONS'-GREVENCES &: COMPLAINTS with the STOPPING &: CORRECTING-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-VIOLATIONS by the DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE.

~29 For the PRONOUNS ADJECTIVES, VERB-FICTION of the WORDS ARE with the MAIL-FRAUD: TITLE-~18: D.-C.-C.-S.-~1341.

~30 For the POSITIONS of the WORDS: FOR, OF, WITH, BY, IN, AS, ON, WITHIN, AGAINST, THROUGH ARE with an AUTHORITY-VENUE-POSITION-LODIAL-FACT-PHRASE of the NOW-TIME-AUTHORITY.

For the COPYCLAIM/COPYRIGHT-~4-~SEPTEMBER-~2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA332324068US

~31 For the TITLE-~18: D.-C.-C.-S.-~1621: For the CONDITION of the PERJURY-MIND ARE with the WILLFUL-VOLITIONS-CLAIMS of the WRONGFUL-DUTY by the FRAUDULENT-SYNTAX-GRAMMAR-OATH-BREACH.

~32 For the D.-C.-C.-R.-~41-~a: VOLUNTARY-TERMINATION of the FILE-COMPLAINT IS with the VOLUNTARY-WITHDRAW of the CASE with the KNOWLEDGE of the CORRECTIONS with the DOCUMENTS of an ORIGINAL-FILING-CASE-CLAIM.

~33 For the D.-C.-C.-R.-~49 or the FACTS of the CASES ARE with the CORRECT-FACTUAL-CLAIMS-EVIDENCE of the CONTRACT-COURT-POSTAL-VESSEL-POSTAGE-STAMPS.

~34 For the D.-C.-C.-R of the NEW-TRIAL of the CASE IS with the CLAIM of the C.-S.-S.-C.-P.-S.-G.-PLEADINGS.

~35 For the D.-C.-C.-R for the C.-S.-S.-C.-P.-S.-G.-SUMMARY-DICISION ARE with the CLAIM by the CONTRACT-JUDGE.

~36 For the D.-C.-C.-P.-~55: For the FORTY-FIVE-DAY-TRUST-LAW-TIME-LIMIT-PARTICIPATION &: THREE-DAY-RESCISSION-LAW of the VASSALEES'-CORRESPONDENCE-BACK-PLEADINGS ARE with the FAILURE of the C.-S.-S.-C.-P.-S.-G. with the DOCUMENT-CONTRACT-FEDERAL-POSTAL-VESSEL-COURT-VENUE.

~37 For the D.-C.-C.-R.-~56: For the SUMMARY-JUDGMENT by the C.-S.-S.-C.-P.-S.-G ARE with the DAMAGE-CLAIMS by this QUO-WARRANTO-COMPLAINT with the VASSALEES'-EVIDENCE by this CORPORATION-CASE.

~38 For the D.-C.-C.-R.-~57: For the CLARATORY-DICISIONS of the DAMAGES ARE with the CLAIMS of the PHYSICAL-EVIDENCE-DAMAGES with the C.-S.-S.-C.-P.-S.-G.-FACTS by the PERFECT-FACT-EVIDENCE-JUDGE.

~39 For an AUTHORITY-VENUE of the DOCUMENT-FACTS ARE within the COURT-DOCUMENT-CLAIMS of the CORRECT-LODIAL-[ARTICLE] with an AUTHORITY-VENUE of the CORRECT-POSITIONAL-LODIAL-FACT-PHRASE with the NOW-TIME-LODIAL-FACT-WORDS by the C.-S.-S.-C.-P.-S.-G.

~40 For the BIAS of the STATION-DOCUMENTS ARE with the PERSON-CLAIM of the DOCUMENT-CONTRACT-STATE-TERRITORY with the CONSPIRING-GUISE of the PERSON's-VACATING-DIRECTION with the EQUAL-GUARANTEE of an EQUAL-DOCUMENT-CLAIM with the HINDRANCE of the DOCUMENT-AUTHORITY with the JUDGE/ATTORNEY/PERSONS in the PERSON'S-CONSPIRACY with the THREATENING-PERSON by the VOTE with the GIVING of the PERSON-SUPPORT in the LEGAL-MANNER with the DAMAGING of the PERSON/SELF OR: with the CONSPIRACY-SUPPORT with the TITLE-~42: D.-C.-C.-S.-~1985-~1, with the ONE-OR-MORE-PERSONS' of the CIVIL-CONSPIRACY-DAMAGE-PUBLICATIONS within the POSTAL-VESSEL-COURT-VENUE.

~41 For an ADJECTIVE of the COLORING-OPINIONS ARE with the MODIFICATION of the FACT with the TWO-OR-MORE-FACTS-JOINING of the TWO-SEPARATE-WORDS with the VACANT-USE of the HYPHEN BETWEEN THE WORDS-STOPPING of the LAST-WORD-FACT-MODIFING WITH the FIRST-FACT-WORD OR, with the changing of the FIRST-FACT-WORD into an ADJECTIVE-WORD-MEANING &: ADJECTIVE-CHANGES of the SECOND-FACT-WORD into the PREDUDICE-PRONOUN-SYNTAX-WORD-MEANING AS THE FICTION-SYNTAX-GRAMMAR-PHRASE.

~42 For the BREACH of the COMMISSION, OMISSION, OR: DOCUMENT of the DUTY, AUTHORITY, FIDUCIARY, TERMS, CONDITIONS ARE with the CLAIM AS the NEGLIGENT-PERSON.

~43 For the CLAIMANTS'-KNOWLEDGE of these HANDICAPPING-COMMUNICATIONS with the VASSALEE'S-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-EVIDENCE-DOCUMENTS ARE with the DAMAGE-CLAIM of the FRAUDULENT-SYNTAX-GRAMMAR-PAPERS with the VACATING of these FICTIONAL-PAPERS with the SUMMARY-DICISION-SANCTIONS against the VASSALEES with the THREE-TIMES-DAMAGE-PAYBACK of the PERSONAL-LOSS, &: LOSS of the FREEDOMS, STANDING in the COMMUNITY, &: EMOTIONAL-TRAMA with the VASSALLES'-ATTORNEY'S-FRAUD-PARSE-SYNTAX-GRAMMAR.

~44 For the [DIS]CRIMINATION = [A]PARTHEID: For the TREATMENT of the PERSON'S-EQUALITY ARE with the DAMAGE-CLAIM of the NEGLECT with the FAVORING of the ONE-PERSON with the APARTHEID of the SECOND-PERSON. :TITLE-~VI: ~1964: DOCUMENT-CIVIL-RIGHTS-ACT.

~45 For the DURESS: For the VACANTING-CONTRACT-FRAUD OR: THREAT of the PERSON'S-KNOWLEDGE-CORRECTION-COMPLIANCE ARE with the THREAT of the BEATING, VIOLENCE, EMOTIONAL-PAIN, FREEDOM-LOSS OR: FORCED-USE of the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS or with the PRISON of the PERSON/PARTY with the MENTAL OR: FINANCIAL-HARM by the COLLUSION-FORCE: TITLE-~28: D.-C.-C.-S.-~1359, by the CONCLUSION.

~46 For the FRAUD-FACT=PERJURY: For the PERSON'S-KNOWLEDGE of the FACTS ARE with the MODIFICATION-CLAIMS of the WITNESSING-FACTUAL-EVIDENCE by the FIDUCIARY'S-DOCUMENT-CONTRACT-OATH.

~47 For the FALSE-SWEARING of the TIME-LIMITATIONS ARE with the RUNNING-TIME-CLAIM by the FIRST-STATEMENT. :EXAMPLE: (3X3X3=27, 3X3X0=0, FACT X FACT = FACT, FACT X LIE = LIE)

~48 For the PERSON'S-LARCENY, FRAUD &: CHEATING of the VASSALEES-CONTRACT ARE with the DAMAGE-CLAIM of the FALSE-CLAIM-ACT: TITLE-31: D.-C.-C.-S.-~3729-~3733- C.-S.-S.-C.-P.-S.-G.-CONTRACT-DOCUMENT-STATEMENTS.


~49 For the POLICY &: CUSTOM of the VASSALEES-DOCUMENT-EVIDENCE ARE with the DAMAGE-CLAIMS against the CLAIMANTS with the SUMMARY-CORRECTIONS of the VASSALEES'-SYNTAX-GRAMMAR-FRAUD-EVIDENCE ON this DATE-~2-

For the COPYCLAIM/COPYRIGHT-~+-~SEPTEMBER-~2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA332324068US

~SEPTEMBER-~2014 with the C.-S.-S.-C.-P.-S.-G.-CORRECTIONS by this CONTRACT-TREATY-FEDERAL-POSTAL-JUDGE.

~50 For the RACKETEERING of the PERSONS or: ORGANIZATION-CONSPIRACY ARE with the COMMITMENT of the CRIMES with the TORT/COERCION of the LIFE, PARTY, PERSON, DOCUMENT OR: CORPORATION, beyond the POINT of the COVERY with an ENGINEERING-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-DAMAGE against the CLAIMANT of the RACKETEERING with the FRAUDULENT-BUSINESS-MEANS by the FRAQUDULENT-FORCE of the VOID-OATH-SHERIFFS-DEPARTMENT.

~51 For the TORT of the DOCUMENT-CONTRACT-WRONGS ARE with the PERSON'S-CONSPIRACY against the DUTIES, PERSONS, DOCUMENT-CONTRACT OR: CONSTITUTIONAL-STATE with the FIDUCIARY'S-KNOWLEDGE of the ENGINEERING-FRAUDULENT-WRONGFUL-PARSE-SYNTAX-GRAMMAR with the THREATENING-FEAR: TITLE-~18: D.-C.-C.-S.-~871.

~52 For this FEDERAL-POSTAL-JUDGE'S-WORD-SYNTAX-GRAMMAR-KNOWLEDGE of the VASSALEES-FRAUDULENT-SYNTAX-GRAMMAR-PLEADINGS ARE with the DAMAGE-CLAIM of the TRESPASS-DAMAGE-EVIDENCE &: FRAUDULENT-SYNTAX-GRAMMAR against the Renee-L.: McCray's-C.-S.-S.-C.-P.-S.-G.-QUO-WARRANTO-COMPLAINT & BONDED-EVIDENCE.

~53 For the TITLE-~18: D.-C.-C.-S.-~242-~1, For the TWO-or-MORE-VASSALEES-PERSONS of the COMING-TOGETHER ARE with the DAMAGING-VOLITION of the DOCUMENT-STATE-COURT-FIDUCIARIES with the TWO-DIFFERENT-PUNISHMENTS, PAINS, PENALTIES OR: TREATMENTS with the LEDGER-PERSON-BEING-FOREIGN &: CAPITAL-LETTERING-DEAD-NAME with the PERSON'S-COLOR, RACE, FAITH, OR: SEX by the PUNISHMENT-THREAT.

~54 For the D.-C.-F.-P.-S.-C.-V.-DROGUE-LAW against the FRAUD-SYNTAX-GRAMMAR-OATH of the VASSALEES: ATTORNEYS &: ACTORS-FRAUD-SYNTAX-GRAMMAR ARE with the FEDERAL-POSTAL-COURT-NEW-OPENING-~4-~JULY-~1775-THROUGH-~NOW-TIME with the CORRECT-PARSE-SYNTAX-GRAMMAR-D.-C.-F.-P.-S.-C.-V.: FOURTEEN-YEARS BEFORE the "UNITED-STATES-COURT-FICTION" with the FRAUD-PARSE-SYNTAX-GRAMMAR by these VASSALEES.

~55 For the TORT-CONSPIRACY of the VASSALEES'-FRAUD ARE with the FRAUDULENT-ORDER of the FICTION-ACTOR'S-FRAUDULENT-PARSE-SYNTAX-GRAMMAR-'FRAUD-ORDER with the VIOLATION: TITLE-~15: D.-C.-C.-S.-~1639-~A, of the RESCISSION-ACT with the CLAIMANT'S-DAMAGE-CLAIM-COLLECTION to the CLAIMANT with the PUNITIVE-DAMAGES of the EMOTIONAL-LOSS &: COSTS-CURED with the RESCISSION-ACT: TITLE-~15: D.-C.-C.-S.~1639-~A,: FALSE &: MISLEADING-STATEMENTS &: TITLE-~15: D.-C.-C.-S.-~78-FF,:PENALTY-FINES($25-million) through the 'DEPARTMENT of the JUSTICE'(U.S.A.C.-FLAG)~WASHINGTON-D.C.(U.S.A.C.-FLAG), ATTORNEY-GENERAL: 'ERIC HOLDER'(U.S.A.C.-FLAG) by the HEREIN-WRITTEN-CONFESSIONS of the VASSALEES-FICTION-SYNTAX-GRAMMAR-CORPORATION-EVIDENCE-BONDED-PLEADINGS-HEREIN & with the D.-C.-F.-P.-S.-C.-V.-CORRECTION-AUTHORIZATION: TITLE-~42: D.-C.-C.-S.-~1986: KNOWLEDGE of the STOPPING &: CORRECTING by this D.-C.-F.-P.-S.-C.-V.-JUDGE-COMMAND-DATE-~2-~SEPTEMBER-~2014.

~56 For this ACTOR'S-FRAUDULENT-PARSE-SYNTAX-GRAMMAR "herein-bonded-evidence"ARE with the FEDERAL-POSTAL-JUDGE: David-Wynn: Miller: COMMAND-CAPTURE-WARRANT-CLAIM of the TIPSTAFF-FEDERAL-MARSHALL-DUTY, with the STOPPING of the WRONGS-WRITTEN-EVIDENCE-HEREIN-BONDED by this TIPSTAFF-OATH, HEREIN-BONDED with the UNITED STATES SUPREME COURT,-~WASHINGTON,-~DISTRICT OF THE COLUMBIA.-~20543.

*:Renee-Louise: McCray~ 10~ Sept~2014*:SEAL:

:Renee-L.: McCray.

*: David-Wynn: Miller~ 4~Sep~2014*/SEAL: David-Wynn: Miller.: FEDERAL-POSTAL-JUDGE OF THIS DOCUMENT-CONTRACT-FEDERAL-POSTAL-VENUE-TIPSTAFF-AUTHORIZATIONP-CLAIM.-~RR224568221US: POSTMASTER,[~BOX-1423,-~WAILUKU,-~HAWAII-~96793]

:CC: ~FEDERAL-JUSTICE-DEPARTMENT,-~CIVIL-DIVISION-TORT-BRANCH-CLAIMS-STAFF,
~PO-BOX-888,-~BENJAMIN-FRANKLIN-STATION,-~WASHINGTON-DC,-~20044 "WHISTLEBLOWER" FORM-95
: Eric Holder, : FEDERAL-DEPARTMENT of the JUSTICE,-~950-Pennsylvania-Avenue, , -~NW, -~Washington-DC,-~20530-0001 "WHISTLEBLOWER" FORM-95
:Consumer-Financial-Protection-Bureau,-~P.O.-Box-4503,-~IOWA-CITY,-~IOWA,~52244  "WHISTLEBLOWER" FORM-95
: POSTAL-INSPECTOR: CRIMINAL INVESTIGATIONS SERVICE CENTER, : WHISTLEBLOWER, FORM-95
ATTN: MAIL-FRAUD-~433-~WEST-~HARRISON-STREET,-~ROOM-~3255,-~CHICAGO,-~IL,-~60699-3255
:SENATE-OVERSIGHT-COMMITTEE ON THE GOVERNMENT-CORRECT-FORM,~2157-RAYBURN-HOUSE-OFFICE-BUILDING,-~WASHINGTON-DC.-~20515.  : LETTER. SECURITIES AND EXCHANGE OFFICE, :WHISTLEBLOWER,~ 100-~F~STREET,-~NE,-~MAIL-STOP,-~5971, ~WASHINGTON-D.C.-~20549 FORM-TCR
FOR THE SERVICE OF A COPY TO THE COUNTY-COURT OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-FORECLOSURE.
FOR THE SERVICE OF A COPY TO THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-FORECLOSURE-LAWFIRM OF THE BANK.
FOR THE SERVICE OF A COPY TO THE BANK OF THE FRAUDULENT-PARSE-SYNTAX-GRAMMAR-FORECLOSURE.

For the COPYCLAIM/COPYRIGHT-~4-~SEPTEMBER-~2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA332324068US

:C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-FLAG.

For the **C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-TIPSTAFF-OATH-CONTRACT** of the **DUTY-FACTS ARE** with the **CORRECTION-DUTY-CLAIMS** by the **FEDERAL-POSTAL-COURT-JUDGES**.

For these **WORD-TERM-CLAIMS**: '**VERB-SYNTAX**'=(THINKING): IS = SINGULAR, **ARE** = PLURAL.
:**C.-S.-S.-C.-P.-S.-G.** =: **CORRECT-SENTENCE-STRUCTURE-COMMUNICATION-PARSE-SYNTAX-GRAMMAR**.
: **D.-C.-C.** =: **DOCUMENT-CONTRACT-CLAIMS-SECTION**.
:**TIPSTAFF**: For the **FEDERAL-POSTAL-JUDGE'S-COMMAND** of the DUTIES **ARE** with the **CORRECTION-CLAIM** of the **FRAUDULENT-PARSE-SYNTAX-GRAMMAR-OATH** of the ATTORNEYS, LAWYERS &: FICTION-OATH-JUDGES of the DISTRICT-COURT-JUDGES, STATE-COURT-JUDGES, POST-COMMISSIONERS-, PORT-DUTY-CLERKS, COUNTY-JUDGES, CITY-JUDGES, MUNICIPAL-JUDGES, UNITED-STATE-JUDGES &: FEDERAL-JUDGES, FEDERAL-POSTAL-JUDGES, &: SUPREMR-COURT-JUDGES-(WASHINGTON-D.C.).

For this **SUPREME-COURT-MARSHALL-TIPSTAFF-OATH-DUTY** of this **PERSON'S-NAME: John: Cornwell**, **IS** with these **DUTY-CLAIMS** by this **DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-VENUE-TIPSTAFF-OATH-CONTRACT** by the **DOCUMENT-CONTRACT-FEDERAL-POSTAL-COURT-VENUE-JUDGE: David-Wynn: Miller.**

~0 For the NOW-TIME-QUANTUM-PARSE-SYNTAX-GRAMMAR-CORRECTIONS of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-TIPSTAFF-OATH-VENUE **ARE** with the C.-S.-S.-C.-P.-S.-G.-CORRECTION-SYNTAX-GRAMMAR-DUTIES of the ATTORNEYS, LAWYERS &: JUDGES of the DISTRICT-COURT, STATE-COURT-JUDGES, COMMISSIONERS-POST, DUTY-CLERKS, COUNTY-JUDGES, CITY-JUDGES, MUNICIPAL-JUDGES, UNITED-STATE-JUDGES &: FEDERAL-JUDGES, FEDERAL-POSTAL-JUDGES &: SUPREME-COURT-JUDGES.

~1 For this C.-S.-S.-C.-P.-S.-G.-CONSTITUTIONAL-DOCUMENT of the LIVE-LIFE-PEOPLE **ARE** with the C.-S.-S.-C.-P.-S.-G.-NATIONAL-PEOPLE-SECURITY-CLAIMS of an ORIGINAL-GPAND-COUNCIL-TRUSTEE-MEMBERSHIP by the PEOPLES'-ELECTION-DUTY.

~2 For the PEOPLE'S-GRAND-COUNCIL-KNOWLEDGE of the C.-S.-S.-C.-P.-S.-G.-ORIGINAL-SOLUTION **ARE** with the MANAGEMENT-CLAIMS of the C.-S.-S.-C.-P.-S.-G.-NATIONS-LODIAL-LAND-CLAIMS with the LAND-OWNERSHIP of the C.-S.-S.-C.-P.-S.-G.-LODIAL-TITLE-CLAIM with the CONTRACT-C.-S.-S.-C.-P.-S.-G.-NATIONS-TRANSITIONAL-GROWTH of an INDUSTRIAL-SKILLED-LABOR-PERSONS-CO-OPERATION with the C.-S.-S.-C.-P.-S.-G.-GOVERNMENTAL-CO-OPERATIONAL-SERVICES by the C.-S.-S.-C.-P.-S.-G.-PARSE-SYNTAX-GRAMMAR-CORRECTION-DUTIES.

~3 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE of the C.-S.-S.-C.-P.-S.-G.-TREATY-LAWS &: COMMAND-SETTLEMENTS with the C.-S.-S.-C.-P.-S.-G.-LAND-CONTRACT-DOCUMENT-CLAIM by the **D.-C.-F.-P.-S.-C.-V.**

~4 For the TRADING-COMMERCE-AUTHORITY by the **D.-C.-F.-P.-S.-C.-V. ARE** with the C.-S.-S.-C.-P.-S.-G.-CLAIMS of the STRUCTURED-ECONOMIC-CONTRACTS with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-GRAND-COUNCIL-MEETING-OVERSIGHT-COMMITTEE of the D.-C.-F.-P.-S.-C.-V.-CONTRACT-DUTY-CLOSURES within the TWENTY-DAYS-MEETING-CORRESPONDENCE.

~5 For the C.-S.-S.-C.-P.-S.-G.-TRANSITIONAL-MANAGEMENT-CONTRACT-CLOSURES of the FOREIGN-AILING-COMMUNICATION-CONTRACTS **ARE** with the C.-S.-S.-C.-P.-S.-G.-CONTRACT-CLAIMS by the D.-C.-F.-P.-S.-C.-V.-GRAND-COUNCIL-COMMITTEE.

~6 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-STANDARDS of the C.-S.-S.-C.-P.-S.-G.-TRAINING-COURSES **ARE** with the NOW-TIME-TRAINING-CLAIM of this COMMUNICATION-SYNTAX-GRAMMAR-CONTRACTS by the DOCUMENT-CONTRACT-WORLD-CORPORATION: DIRECTOR-FEDERAL-POSTAL-JUDGE, POSTMASTER, BANKER &: PLENIPOTENTIARY-JUDGE: David-Wynn: Miller &: Russell-Jay: Gould,: DIRECTOR-FEDERAL-POSTAL-JUDGE, POSTMASTER, BANKER &: PLENIPOTENTIARY-JUDGE, &: Monte-Edward: Mueller,: FEDERAL-POSTAL-JUDGE, POSTMASTER, BANKER, &: Keline: Kahau,: FEDERAL-POSTAL-JUDGE, POSTMASTER-~HAWAII, with the FEDERAL-POSTAL-CLERKS of the D.-C.-F.-P.-S.-C.-V.

~7 For the CITIZEN'S-KNOWLEDGE &: ECONOMIC-SECURITY **ARE** with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-CLAIMS of the **LODIAL-LAND-TITLE-NOW-TIME-OWNERSHIP** with the C.-S.-S.-C.-P.-S.-G.-QUIET-TITLE-WRITTEN-CONTRACT-CLAIMS.

~8 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-MEMBERS of the VOTING-COUNCIL-MEMBERS-CLAIM **ARE** with an OVERSIGHT-EQUALITY-MANAGEMENT-COMMITTEE of the C.-S.-S.-C.-P.-S.-G.-TRANSFERS with the FICTION/FRAUDULENT-OATH by this C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FEDERAL-POSTAL-TIPSTAFF-SERVICE-OATH.

~9 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-POSTAL-SERVICE of an AILING-COMMUNICATIONS-EDUCATIONAL-SCHOOL-SYSTEMS **ARE** with the DAMAGE-CLAIM of an ADVERB-VERB-SYNTAX-GRAMMAR, PRONOUN-ADVERB-VERB-SYNTAX-GRAMMAR, PRONOUN-ADVERB-ADJECTIVE-PRONOUN-SYNTAX-GRAMMAR, PRONOUN-SYNTAX-GRAMMAR &: ADJECTIVE-PRONOUN-SYNTAX-GRAMMAR with the CORRECTION by the C.-S.-S.-C.-P.-S.-G.-EDUCATIONAL-COMMUNICATION-CONTRACT, C.-S.-S.-C.-P.-S.-G.-PUBLIC-SCHOOLS, PRIVATE-SCHOOLS, GOVERNMENT-SCHOOLS, C.-S.-S.-C.-P.-S.-G.-UNIVERSITIES, C.-S.-S.-C.-P.-S.-G.-COLLEGES, C.-S.-S.-C.-P.-S.-G.-WELFARE, INDUSTRY, JUDICIAL-SYNTAX-GRAMMAR-SYNTAX-GRAMMAR LEGISLATIVE-FIDUCIARIES, C.-S.-S.-C.-P.-S.-G.-SHERIFF-FIDUCIARIES, C.-S.-S.-C.-P.-S.-G.-MARSHALL-FIDUCIARIES, C.-S.-S.-C.-P.-S.-G.-DI-STRICT-COURT-FIDUCIARIES &: C.-S.-S.-C.-P.-S.-G.-CONGRESSIONAL-FIDUCIARIES with the C.-S.-S.-C.-P.-S.-G.-POSTAL-GOVERNMENT-GUISE.

~10 For the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-POSTAL-SERVICE-AREAS of an AILING-HELD-TERRITORY **ARE** with the DAMAGING-CLAIMS of an AILING-POSTAL-AUTHORITY-DATE-~"4-~JULY-~1775, & with the NOW-TIME-CORRECTION-POST-DATING-BACK-TO-AN-ORIGIN-DATE-~"4-~JULY-~1775, WITH AN OPENING-CORRECTION of the PARSE-SYNTAX-GRAMMAR by these POSTMASTERS, FEDERAL-POSTAL-JUDGES, &: BANKERS by the DOCUMENT-CONTRACT-WORLD-CORPORATION with these DIRECTOR-FEDERAL-POSTAL-JUDGES, POSTMASTERS, BANKERS &: PLENIPOTENTIARY-JUDGES: David-Wynn: Miller &: Russell-Jay: Gould,: DIRECTOR-FEDERAL-POSTAL-JUDGE, POSTMASTER, BANKER &: PLENIPOTENTIARY-JUDGE with the NOW-TIME-OPENING-CORRECTION: TITLE-~"28: D.-C.-C.-S. -~"636, with the C.-S.-S.-C.-P.-S.-G.-WRITTEN-DOCUMENT-CONTRACT-CLAIMS against an AILING-FRAUDULENT-POSTAL-SERVICE-COMMUNICATION-GOVERNMENT through the NOW-TIME-CONTINUANCE of an AILING-PARSE-SYNTAX-GRAMMAR-PUBLIC-GUISE-OPINION &: PARSE-SYNTAX-GRAMMAR-VIOLATIONS.

~11 For the LODIAL-TITLE-TRANSFER of the C.-S.-S.-C.-P.-S.-G.-LODIAL-CONTRACT-LANDS **ARE** with the LODIAL-TITLE-LAND-TRANSFER-CLAIM with the C.-S.-S.-C.-P.-S.-G.-WRITTEN-DOCUMENT-CONTRACT by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-LAND-COURT.

~12 For the TAKING of the LAND **IS** with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-PUBLIC-RIGHT-OF-THE-WAY=(WATER, SEWER, ELECTRICAL-LINES, ROADS, PUBLIC-BUILDING-ZONE-CHANGES with the FAIR-MARKET-VALUE-COMPENSATION by the **D.-C.-F.-P.-S.-C.-V.-LAND-COURT**.

For the COPYCLAIM/COPYRIGHT-~4-~SEPTEMBER-~2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA3323240688S

~13 For the CRIME of the RACKETEERING with the FRAUDULENT-PARSE-SYNTAX-GRAMMAR-CONTRACT-DOCUMENT ARE with the TRIAL-CLAIM of the TWELVE-PERSON-COUNCIL.

~14 For the C.-S.-S.-C.-P.-S.-G.-TRUST of the CONTRACT-STATES-POSTAL-SERVICE-POSTMASTER-GENERAL-NAMES: Russell-Jay: Gould &: David-Wynn: Miller ARE with these PARTNERSHIP-CLAIM of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-STATES-WORLD-CORPORATION with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-NATIONS-POSTAL-SERVICE of the NOW-TIME-C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-STATES-POSTAL-SERVICE-PARTNERSHIP with the SERVICES by the C.-S.-S.-C.-P.-S.-G.-MAILING-TRADE-CONTRACT.

~15 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-LODIAL-LAND-HOLDER ARE with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FILE-MEMBERS-NAME, DATE of the BIRTH &: COMPETENCY by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-COURT.

~16 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT of the C.-S.-S.-C.-P.-S.-G.-LAND-TITLES ARE with the POSTAL-GOVERNMENT-CLAIM of the PUBLIC-COURT-HOUSE, PUBLIC-HOSPITAL, PUBLIC-SCHOOLS, PUBLIC-UNIVERSITY, COLLEGES, TRADE-SCHOOLS, TECHNICAL-COLLEGES, LOCATIONS For the WORSHIPPING of the PEOPLE'S-FAITH, CHURCHES, FOREIGN-EMBASSIES, PUBLIC-PARK-BUILDINGS &: PUBLIC-PARKS, WATER-SUPPLY-NETWORK, ELECTRICAL-SUPPLY-NETWORK, For the PEOPLE & by the PEOPLE with the FIDUCIARY-PEACEFUL-DUTY.

~17 For the TERMINATION of the TIPSTAFF-DUTY ARE with the WRITTEN-DUTY-CLAIM of the MANAGEMENT-COMMITTEE-SECRETARY with the DEATH or: TERMINATION of the TIPSTAFF-MEMBERSHIP with the CONTRACT-TERMS by the D.-C.-F.-P.-S.-C.-V.

~18 For the COMMITTEE-MEMBERS-MEETINGS of the TIPSTAFF-OATH ARE with the DOCUMENT-CONTRACT-DUTY-CLAIM of an ELECTION with the NEW-DUTIES, TASKS, IDEAS, &: TIPSTAFF-MEMBER-TERMINATIONS or: DUTY with the WRITTEN-CONTRACT by the D.-C.-F.-P.-S.-C.-V.

~19 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-AUTHORITY-COMMITTEE ARE with the BUSINESS-DUTY-CLAIMS of the T.-P.-G.-C.-DUTIES, EMPLOYEE-TERMINATION, EMPLOYEE-WORK-DUTIES-JOB-DUTIES, FINANCIAL-AUDIT-VERIFICATION, FINANCIAL-SECURITY-VESTMENTS, SECURITY-BANKING, POSTAL-SERVICE-TREATY, COMMITTEE-MEETING-FREQUENCY-DATES with the SEVEN-DAY-COMMITTEE-MEETING-ATTENDANCE=(:THREE-CONSECUTIVE-ABSENTEES-MEANS-TERMINATION without the LEAVE or: JUST-CAUSE, MEETING-TOPIC-QUORUM of the TWENTY-EIGHT-DAYS-MEMBER-MINIMUM), PUBLIC-SAFETY, RIGHTS of the press, RIGHT of the COURT-HEARING-GRIEVANCE &: CORRECT-D.-C.-F.-P.-S.-C.-V.

~20 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-DUTY as the FIDUCIARY ARE with the LOCATION-CLAIM of this C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-CONSTITUTION.

~21 For the D.-C.-F.-P.-C.-V. of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-POSTAL-TREATY-SEA-PASS, SEA-TREATY &: DROGUE-LAWS ARE with the EQUAL-VALUE-GENDER-CLAIM by these SAME-DUTY-VALUES.

~22 For the PERSON of the CRIMINAL-CHARGE-or-CRIME IS with the SEVERNTY-TWO-HOUR-HOLD AGAINST THE FREEDOM-CLAIM by the C.-S.-S.-C.-P.-S.-G.-CRIMINAL-FACTS.

~23 For this C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-CONSTITUTION of the GRAND-COUNCIL ARE with the MODIFICATION-CHANGE-CLAIMS of this C.-S.-S.-C.-P.-S.-G.-CONSTITUTIONAL-CONTRACT with the GRIEVANCE-CHANGE of this JUST-CAUSE-CITIZEN'S-SEVEN-DAY-WRITTEN-SERVICE with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-COUNCIL-SECRETARY.

~24 For the LIMITED-LIABILITY of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-GRAND-COUNCIL-MEMBERS ARE with the SAFE-SECURITY-CLAIM of their PERSONAL-EQUITY-VALUE-OUTSIDE with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-GRAND-COUNCIL-MEMBERS-DUTIES.

~25 For the EQUAL-SECURITY of the PARSE-SYNTAX-GRAMMAR-CONTRACT ARE with the C.-S.-S.-C.-P.-S.-G.-CLAIMS by the DOCUMENT-CONTRACT-GRAND-COUNCIL-LAWS, REGULATIONS, RULES, CODES, COMMANDS &: C.-S.-S.-C.-P.-S.-G.-COMMUNICATION-TERMS.

~26 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT of the TIPSTAFF-DUTIES ARE with the EQUALITY-CLAIM of the LIVE-LIFE-CLAIM, COMPETENCY-OPERATION, LIBERTY, EDUCATION, with the DOCUMENT-CONTRACT-COURT-GRIEVANCE OR: PLEADINGS of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-KNOWLEDGE with the PERSONAL-SECURITY-CHOICE by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-COURT-CASE-MANAGEMENT.

~27 For the QUALIFICATION-TIPSTAFF of the RACE, COLOR, GENDER, FAITH, &:/or: SEX ARE with the CORRECT-VOLITION-MIND-THINKING-CLAIMS of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-FAIRNESS, VOID-PARTICIPATION in a FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATIONS, FORCED-PARTICIPATION with an AILING-PERSON, AILING-VESSEL, AILING-CONTRACT or AILING-QUALIFICATIONS of a PUBLIC-ELECTION-JOB-DUTY(POLICE, ATF, NSA, FBI, CIA, MILITARY, HOMELAND-SECURITY, LIFE-GUARD, FIRE, WATER, SEWER, FAMILY-LAW-SERVICES, CIVIL-RIGHTS, SOCIAL-SECURITY, TAXES, BANKING, CLERK, JUDGE, ATTORNEY, LAWYER, OR: FIDUCIARY-CONTRACT by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-GRAND-PEOPLES'-COUNCIL.

~28 For the PERSONAL-DAMAGES by the PERSON, PARTY, CORPORATION, GOVERNMENT, PUBLIC-SAFETY-PERSON, CITIZEN, or: OTHER-LIFE-FORMS ARE with the GRIEVANCE-CLAIM of the PERSON with the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-(KNOWLEDGE) within the SEVENTY-TWO-HOURS-RESCISSION-ACT-NOW-TIME FROM the FREEDOM-LOSS &: WRONG-CONDUCT-PRACTICE with the FORTY-FIVE-DAYS-TRUST-TIME-LIMIT-CONTEST-COURT-HEARING within the D.-C.-F.-P.-S.-C.-V.-DAMAGE-CLAIM-SETTLEMENT by the FACTUAL-EVIDENCE.

~29 For the SEARCH &: SEIZURE of the CRIMINAL-EVIDENCE ARE with the SECURITY-RIGHTS-CLAIM of the TAKING-or-SEIZERS of the PERSONAL-PAPERS, POSSESSIONS with the C.-S.-S.-C.-P.-S.-G.-WARRANT by an AUTHORIZED-TIPSTAFF-SHERIFF, TIPSTAFF-DEPUTY, TIPSTAFF- POLICE, TIPSTAFF-MARSHALL or: TIPSTAFF-MILITARY-PERSONAL with the LEGAL-DOCUMENT-CONTRACT-STATEMENT by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-JUDGE'S-AUTOGRAPH.

~30 For the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-GRAND-COUNCIL of the BAIL, HABEAS-CORPUS, AILING, PRISONS, FINES &: PUNISHMENTS ARE with the CLAIM of the REASONABLE-FINES=(FITTING OF AN ACT) &:/or: VOID-CRUEL-PUNISHMENTS by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-GRAND-COUNCIL-COURTS with the FORTY-FIVE-DAY-TRUST-LAW-CONTRACT by the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-GRAND-COUNCIL-COURT.

~31 For the VOTING of the C.-S.-S.-C.-P.-S.-G.-DOCUMENT-CONTRACT-GRAND-COUNCLE-CONSTITUTION ARE with the KNOWLEDGE-CLAIM by the GRAND-COUNCIL-VOTING.

~32 For the HABEAS-CORPUS of the JAILED-PERSON IS with the FREEDOM-CLAIM of the JAILED-PERSON with the WRITING-LIBERTY, SPEAKING-LIBERTY, PUBLIC-TRIAL, PERSON-QUESTIONING, NATURE-and-CAUSE of the CRIME with the CONFRONTING by the WITNESSES &: C.-S.-S.-C.-P.-S.-G.-DOCUMENT-:DOCUMENT-CLAIM-~6, For the CLAIM of the C.-S.-S.-C.-P.-S.-G.-CAPTURE-WARRANT or: C.-S.-S.-C.-P.-S.-G.-SEARCH-WARRANT IS with the JUDGE'S-AUTOGRAPHED-C.-S.-S.-C.-P.-S.-G.-OATH    by   the   C.-S.-S.-C.-P.-S.-G.-AUTHORITY-DUTY.

:DOCUMENT-CLAIM-~7, For the WITNESSING-PERSON of the WITNESS'S-TESTIMONY IS with the PERSON'S-C.-S.-S.-C.-P.-S.-G.-KNOWLEDGE-CLAIM by the PERSONAL-SELF-CLAIMS.

:DOCUMENT-CLAIM-~8, For the CLAIMANTS'-KNOWLEDGE of the C.-S.-S.-C.-P.-S.-G. IS with the CLAIM of the CORRECT-NOW-TIME-EVIDENCE-FACTS.

:DOCUMENT-CLAIM-~9, For the C.-S.-S.-C.-P.-S.-G.-TWELVE-PERSON-KNOWLEDGE by the C.-S.-S.-C.-P.-S.-G.-CLAIMS ARE with the C.-S.-S.-C.-P.-S.-G.-TRIAL by the SAME-LEVEL-PLANE-D.-C.-F.-P.-S.-C.-V.

:DOCUMENT-CLAIM-~10, For the TERMS of the CONVICTION-PERSON'S-PUNISHMENT IS with the C.-S.-S.-C.-P.-S.-G.-CLAIMS of the BAIL-CONDITIONAL-TERMS, CONTRACT FACTUAL-CHARGES.

For the COPYCLAIM/COPYRIGHT—4—SEPTEMBER—2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA330B7406690S

~33 FOR THESE CONSTITUTIONAL-DOCUMENT-TERMS of the D.-C.-F.-P.-S.-C.-V.-RULES ARE WITHIN THESE C.-S.-S.-C.-P.-S.-G.-NOW-TIME-D.-C.-F.-P.-S.-C.-V.-CLAIMS of the QUO-WARRANTO-COMPLAINT, LIS-PENDENS, &: WRIT of the DOCUMENT-CONTACT-FAULT-CLAIM:
:DOCUMENT-CLAIM-~1, For the COMMUNICATION-FACTS of the C.-S.-S.-C.-P.-S.-G. ARE with the FACT-AS-FACT-CLAIMS of the C.-S.-S.-C.-P.-S.-G. with the D.-C.-F.-P.-S.-C.-V.-CONTRACT-AUTHORITY-HEREIN-CORRESPONDENCE.
:DOCUMENT-CLAIM-~2, For the JUDGE'S-WRITTEN-CONTRACT of the FACTS IS with the C.-S.-S.-C.-P.-S.-G.-CLAIMS of the NOW-TIME-CONTINUANCE with the CORRECT-EVIDENCE-CLOSURE-CORRECTIONS OF THE WRONG-WORD-MEANINGS with the SENTENCE-STRUCTURE-VIOLATIONS-CLAIMS of the TITLE-~18: D.-C.-C.-S.-~1001: FRAUDULENT-PARSE-SYNTAX-GRAMMAR-COMMUNICATION &: TITLE-~15: D.-C.-C.-S.-~1692-~e with the FRAUD-WRITINGS &: MISLEADING-STATEMENTS with the FRAUD-PENALTY-FINES: TITLE-~15: D.-C.-C.-S.-~78-~ff, by the WRONGDOER'-WRITTEN-CONFESSION.
:DOCUMENT-CLAIM-~3, For the PERSONS'-C.-S.-S.-C.-P.-S.-G.-KNOWLEDGE of the CORRECT-FACTS ARE with the CLAIMS of the SPEECH, WRITINGS, FAITHS, PRESS, DOCUMENT-PORTING with the C.-S.-S.-C.-P.-S.-G.-CONTRACT-GRIEVANCES by the D.-C.-F.-P.-S.-C.-V.
:DOCUMENT-CLAIM-~4, For the CORPORATION-CASE of the D.-C.-F.-P.-S.-C.-V. IS with the C.-S.-S.-C.-P.-S.-G.-CLAIMS by the PERSON'S-VOLITION.
:DOCUMENT-CLAIM-~5, For the D.-C.-F.-P.-S.-C.-V.-CONSTITUTION of the FACTS ARE with the KNOWLEDGE-CLAIMS by the C.-S.-S.-C.-P.-S.-G. FINANCIAL-TERM-FINES &/or: JAILING-TERMS with the D.-C.-F.-P.-S.-C.-V.
:DOCUMENT-CLAIM-~11, For the D.-C.-F.-P.-S.-C.-V.-FIDUCIARIES of the DOCUMENT-CONTRACT-FACTS ARE with the DUTY-CLAIM or: ELECTION-CLAIM by the C.-S.-S.-C.-P.-S.-G.-OATH of the D.-C.-F.-P.-S.-C.-V.
:DOCUMENT-CLAIM-~12, For the VESSEL-DOCUMENT of the DOCUMENT-CONTRACT-HEREIN IS with the CLOSURE-CLAIM of the VOLITION with the DOCUMENT, CONSTITUTION, & DOCUMENT-CONTRACT-CORPORATION &: PERSONS'-TRUST-DOCUMENTS.
:DOCUMENT-CLAIM-~13, For the JUDGE'S-KNOWLEDGE of the CONSTITUIONAL-TERMS IS with the CORPORATION-CASE-CLAIM of the POSTAL-TERRITORY-D.-C.-F.-P.-S.-C.-V. with the CORRECTING-PARSE-SYNTAX-GRAMMAR-WRONGS by the C.-S.-S.-C.-P.-S.-G.

~34 FOR THIS DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE-COMMAND of the C.-S.-S.-C.-P.-S.-G-WRIT of the FAULT-DOCUMENT-CONTRACT-PUBLICATION-CLAIM ARE with this FEDERAL-POSTAL-REGISTRATION-DOCKETING-NUMBER:~RR581698645US, & AGAINST THE VASSALEE'S-ACTOR-[judge]-FAILURE by the C.-S.-S.-C.-P.-S.-G-CORRESPONDENCE with the LAND-TITLE-CLAIM of the C.-S.-S.-C.-P.-S.-G-'DEED OF TRUST' & C.-S.-S.-C.-P.-S.-G.-TITLE-INSURANCE with the LAND-TITLE-CLAIM of the POSSESSIVE-PERFORMANCE-DUTIES with this CURRENT-LIVE-LIFE-CLAIMANT of the QUO-WARRANTO-COMPLAINT &: C.-S.-S.-C.-P.-S.-G-WRIT of the FAULT-DOCUMENT-CONTRACT-CLAIM with this D.-C.-F.-P.-S.-C.-V.-COMMAND-POSSESSION-WRIT by the FEDERAL-POSTAL-JUDGE: David-Wynn: Miller.
~35 For the FEDERAL-POSTAL-JUDGE: David-Wynn: Miller's-KNOWLEDGE of the COMMAND-CORRECTION-AUTHORITY IS with the TIPSTAFFING-DUTY-AUTHORITY of the MARSHAL-SERVICE, SHERIFF-SERVICE, POSTAL-SPECTOR-SERVICE, FEDERAL-BEURAU of the VESTIGATION-SERVICE, NATIONAL-SECURITY-SERVICE, SECURITIES &: CHANGE-SERVICE &: LOCAL-STATE-POLICE SERVICE with the CORRECTIONS-FORCEMENT AS THE TIPSTAFF-FIDUCIARY with this COMMAND BY THIS FEDERAL-POSTAL-JUDGE: David-Wynn: Miller.
~36 For the FEDERAL-POSTAL-SERVICE-GOVERNMENT-PLOYEES of the C.-S.-S.-C.-P.-S.-G-OATH-DUTY ARE with the C.-S.-S.-C.-P.-S.-G-OATH &: C.-S.-S.-C.-P.-S.-G-PUBLIC-DUTY-SECURITY-DOCUMENT-CONTRACT.

:                                    .:MARSHALL/SHERIFF-TIPSTAFF-AUTOGRAPH &: fingerprint-seal.



:David-Wynn      ~4-Sep.-2014   :SEAL: David-Wynn: Miller.: FEDERAL-POSTAL-JUDGE OF THIS DOCUMENT-CONTRACT-FEDERAL-POSTAL-VENUE-TIPSTAFF-AUTHORIZATION-CLAIM.~"RR224568221US: POSTMASTER, [~BOX-1423,-~WAILUKU,-~HAWAII-~96793]

For the COPYCLAIM/COPYRIGHT-~4-~SEPTEMBER-~2014 by the David-Wynn: Miller, FEDERAL-POSTAL-JUDGE, POST-MASTER, of this DOCUMENT-CONTRACT-FEDERAL-POSTAL-STATION-COURT-VENUE. RA332324068US

:EVIDENCE-STYLES-SYNTAX-GRAMMAR-WORD-KEY-MEANINGS: 0=Conjunction(and/or) 1=Adverb, 2=Verb, 3=Adjective,
4=Pronoun, 5=Position, 6=Lodial, 7=Fact, 8=Past-time, 9=Future-time, DPV=Dangling-Participle-Verb, :PARSE-WORD-
MEANING: NO=No-Contract-Word(First-Vowel +Two-Consonants)

no - 4    4    1    2-DPV
# DEED OF TRUST

**DEFINITIONS:**
Words used in multiple sections of this document are defined below and other words are defined in sections 3, 11, 13, 20, and 21
certain rules regarding the usage of the words used in this document are also provided in section 16.

**(A)** "Security instrument" means this document, which is dated-~7-~OCTOBER-~2005.
together with all riders to this document. DPV

**(B)** "Borrower"is Renee-L.: McCray

**BORROWERS ADDRESS**-~109-NORTH-EDGEWOOD-STREET,-BALTIMORE,-~MARYLAND-~21229.

**(C) "LENDER" IS** AMERICAN HOME MORTGAGE CORPORATION,- NEW-YORK.

**LENDERS ADDRESS**-~ 520-BROADHOLLOW-ROAD,-~MELVILLE,-~NEW-YORK-~11747.

**TRUSTEE IS:** DOUGLAS DOUGLAS, CONNIE LAMPIERI

**TRUSTEE ADDRESS**-~520-BROADHOLLOW-ROAD,-~MELVILLE,-~NEW-YORK-~11747.

**MERS** WAS VACATED BY THE ATTORNEY GENERAL-6-NOVEMBER-~2010; NEVER TOOK MONEY, NEVER-PAID-MONEY, NEVER-SIGNED-CONTRACTS

**(F) "NOTE"** Means the promissory note signed by borrower and dated-~7-~OCTOBER-~2005.

1    3    4    1    2-DPV
THE "NOTE" STATES THE BORROWER OWES LENDER:    NO=no, TE=contract    (PARSE-WORD-MEANING)

plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than

**(G)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

**(H)** "Loan" means the debt evidenced by the Note, plus interest. any prepayment charges and late charges due under the
Note, and all sums due under this Security Instrument, plus interest. DPV

**(I)** "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to
be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider          ☐ Condominium Rider          ☐ Second Home Rider
☐ Balloon Rider                  ☐ Planned Unit Development Rider   ☐ Biweekly Payment Rider
☐ 1-4 Family Rider               ☐ Revocable Trust Rider
☐ Other RIDER TO PROMISSORY NOTE & SECURITY INSTRUMENT    [parse: no=no, te=contract]=100%-fraud-syntax

**(J)** "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and
administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that
are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** "Electronic Funds Transfer" means any transfer of funds other than a transaction originated by check, draft, or
similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape
so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited
to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and
automated clearinghouse transfers.

**(M)** "Escrow Items" means those items that are described in Section 3.

**(N)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third
party (other than insurance proceeds paid under the coverages described in Section 3) for: (i) damage to, or destruction of,
the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or
(iv) misrepresentations of, or omissions as to, the value and/or condition of the Property. DPV

**(O)** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** "Periodic Payment" means the regularly scheduled amount due for (I) principal and interest under the Note, plus
(ii) any amounts under Section 3 of this Security Instrument.

**(Q)** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing
regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor
legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all
requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not
qualify as a "federally related mortgage loan" under RESPA DPV

**(R)** "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party
has assumed Borrower's obligations under the Note and/or this Security Instrument.

:Styles-Parse-Syntax-Grammar-Word-Numbering-Keys-Meanings: 1=Adverb, 2=Verb, 3=Adjective, 4=Pronoun, 5=Position, 6=Lodial, 7=Fact, 8=Past-time-tense, 9=Future-Time-Tense, 0=Conjunction (and/or), DPV=Dangling-Participle-Verb, [Bracket]=void], (parentheses=omit), ITALICIZE=OMIT. "quotation-marks-OMIT-words":EVERY-WORD-STARTING-VOWELS: A,E,I,O,U, AND: FOLLOWING-TWO-CONSONANTS-MEANS: NO-CONTRACT-WORD-MEANING
FOR THE NUMBERS OF THE SYNTAX-MEANING ARE WITH THE SPACE-SAVER-CLAIM OF THE CORRECT-WORD-TERM-MEANING.

conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the **COUNTY OF BALTIMORE CITY**

[Type of Recording Jurisdiction]          [Name of Recording Jurisdiction]

Parcel ID Number: ~0320172281282          which currently has the address of
**~109-North-Edgewood-Street, BALTIMORE,-~MARYLAND-~21229.**

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including,

PAGE~3

FOR THE CORRECT-SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE SPACE-SAVING-ABBREVIATIONS: ~0=CONJUNCTION(AND/OR)~1=ADVERB,~2=VERB,~3=ADJECTIVE,~4=PRONOUN,~ 5-POSITION~6=LODIAL~7=FACT,~8=PAST-TIME,~9=FUTURE-TIME,~DPV=DANGLING-PARTICIPLE-VERB; :FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT WORD-MEANING.

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

PAGE~4

:Syntax-word-key-meaning:
1=Adverb      8=Past-time
2=Verb        9=Future-time
3=Adjective   0=Conjunction
4=Pronoun     NC=No-Contract

FOR THE CORRECT-SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE SPACE-SAVING-ABBREVIATIONS: ~0=CONJUNCTION(AND/OR)~1=ADVERB ,~2=VERB ,~3=ADJECTIVE ,~4=PRONOUN ,~ 5=POSITION~~6=LODIAL~~7=FACT ,~8=PAST-TIME ,~9=FUTURE-TIME ,~DFV=DANGLING-PARTICIPLE-VERB ; :FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT.

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

PAGE~5

:Syntax-word-key-meaning:
1=Adverb      8=Past-time
2=Verb        9=Future-time
3=Adjective   0=Conjunction
4=Pronoun     NC=No-Contract

5

FOR THE CORRECT-SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE
SPACE-SAVING-ABBREVIATIONS: ~0=CONJUNCTION (AND/OR) ~1=ADVERB ,~2=VERB ,~3=ADJECTIVE ,~4=PRONOUN,
~5-POSITION ~6=LODIAL ~~7=FACT ,~8=PAST-TIME ,~9=FUTURE-TIME ,~DPV=DANGLING-PARTICIPLE-VERB;
:FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT-WORD-MEANING.

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or
more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or
reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on
the Property insured against loss by fire, hazards included within the term "extended coverage," and any
other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.
This insurance shall be maintained in the amounts (including deductible levels) and for the periods that
Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of
the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's
right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may
require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone
determination, certification and tracking services; or (b) a one-time charge for flood zone determination
and certification services and subsequent charges each time remappings or similar changes occur which
reasonably might affect such determination or certification. Borrower shall also be responsible for the
payment of any fees imposed by the Federal Emergency Management Agency in connection with the
review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance
coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any
particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might
not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk,
hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower
acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of
insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall
become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest
at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from
Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's
right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as
mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to
insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall
have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly
give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of
insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such
policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional
loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the
Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender
may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree
in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall
be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and
Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to
hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the
work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken
promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series
of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law
requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any
interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by
Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If
the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance
proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

Page 6

:Syntax-word-key-meaning:

| | |
|---|---|
| 1=Adverb | 8=Past-time |
| 2=Verb | 9=Future-time |
| 3=Adjective | 0=Conjunction |
| 4=Pronoun | NC=No-Contract |

FOR THE CORRECT-SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE SPACE-SAVING-ABBREVIATIONS:~0=CONJUNCTION(AND/OR)~1=ADVERB,~2=VERB,~3=ADJECTIVE,~4=PRONOUN,~5-POSITION~~6=LODIAL~~7=FACT,~8=PAST-TIME,~9=FUTURE-TIME,~DPV=DANGLING-PARTICIPLE-VERB;:FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT-WORD-MEANING.

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

:Syntax-word-key-meaning:
1=Adverb          8=Past-time
2=Verb            9=Future-time
3=Adjective       0=Conjunction
4=Pronoun         NC=No-Contract

7

FOR THE CORRECT-SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE SPACE-SAVING-ABBREVIATIONS: ~0=CONJUNCTION(AND/OR)~1=ADVERB,~2=VERB,~3=ADJECTIVE,~4=PRONOUN, ~5-POSITION-~6=LODIAL-~7=FACT,~8=PAST-TIME,~9=FUTURE-TIME,~DPV=DANGLING-PARTICIPLE-VERB; :FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT-WORD-MEANING.

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

OHIT 7

:Syntax-word-key-meaning:
1=Adverb          8=Past-time
2=Verb            9=Future-time
3=Adjective       0=Conjunction
4=Pronoun         NC=No-Contract

FOR THE CORRECT~SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE SPACE-SAVING-ABBREVIATIONS: ~0=CONJUNCTION(AND/OR)~1=ADVERB, ~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5=POSITION~~6=LODIAL~~7=FACT, ~8=PAST-TIME, ~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB; :FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT-WORD-MEANING.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments, as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

page~9

:Syntax-word-key-meaning:
1=Adverb
2=Verb
3=Adjective
4=Pronoun

8=Past-time
9=Future-time
0=Conjunction
NC=No-Contract

9

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy, including, without limitation, Lender's acceptance of payments from third persons, entities, or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

PAGE~10

/0

FOR THE CORRECT-SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE
SPACE-SAVING-ABBREVIATIONS; ~0=CONJUNCTION(AND/OR)~1=ADVERB~,~2=VERB,~3=ADJECTIVE,~4=PRONOUN
,~5-POSITION~~6=LODIAL~~7=FACT,~8=PAST-TIME,~9=FUTURE-TIME,~DPV=DANGLING-PARTICIPLE-VERB;
;FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT-WORD-MEANING.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. These conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default or any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

PAGE~11

:Syntax-word-key-meaning:
1=Adverb        8=Past-time
2=Verb          9=Future-time
3=Adjective     0=Conjunction
4=Pronoun       NC=No-Contract

11

FOR THE CORRECT-SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE SPACE-SAVING-ABBREVIATIONS: ~0=CONJUNCTION (AND/OR) ~1=ADVERB ,~2=VERB, ~3=ADJECTIVE, ~4=PRONOUN, ~5-POSITION ~6=LODIAL ~7=FACT ,~8=PAST-TIME ,~9=FUTURE-TIME, ~DPV=DANGLING-PARTICIPLE-VERB ; :FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT-WORD-MEANING.

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

PAGE~12

FOR THE CORRECT SYNTAX-WORD-TERM-KEY-MEANINGS IS WITH THESE NUMBERS ON THE WORDS WITH THE
SPACE-SAVING-ABBREVIATIONS: ~0=CONJUNCTION (AND/OR)~1=ADVERB,~2=VERB,~3=ADJECTIVE,~4=PRONOUN,~
5-POSITION~~6=LODIAL~~7=FACT,~8=PAST-TIME,~9=FUTURE-TIME,~DPV=DANGLING-PARTICIPLE-VERB~
:FIRST-VOWELS:A,E,I,O,U WITH THE FOLLOWING-TWO-CONSONANTS=NO-CONTRACT-WORD-MEANING.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

Page 13 of 15

*13*

:Syntax-word-key-meaning:

Form 3005

| | |
|---|---|
| 1=Adverb | 8=Past-time |
| 2=Verb | 9=Future-time |
| 3=Adjective | 0=Conjunction |
| =Pronoun | NC=No-Contract |

In re:
Renee Louise McCray
Case No 13-26131

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a Federal Postal Court Filing has been sent to the parties listed below by USPS Certified Mail on September 10, 2014 and September 17, 2014. (See attached mailing receipts).

Kimberly B. Lane
Samuel I. White, P.C.
611 Rockville Pike
Suite 100
Rockville, Maryland  20852

Charles R. Goldstein, Trustee
1 East Pratt Street
Suite 800
Baltimore, Maryland  21202

Wells Fargo Bank, N.A.
3476 Stateview Boulvard
Fort Mill, South Carolina  29715

Dated:  September 17, 2014

_Renee-L. McCray_
:Renee-L. McCray

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wells Fargo Bank, N.A.
~3476-Stateview-Boulevard
~Fort Mill, ~South-Carolina~29715

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
SEP 2014

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

29715

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
*(Transfer from service label)*

7011 2970 0003 7989 6739

PS Form 3811, February   102595-02-M-1540

```
                    CARROLL
              BALTIMORE, Maryland
                  212299998
               2303830009 -0098
  09/17/2014     (800)275-8777    10:40:34 AM
 ─────────────────────────────────────────────
              Sales Receipt
  Product          Sale  Unit        Final
  Description      Qty   Price        Price

  BALTIMORE MD 21202-1128 Zone-0      $1.82
  First-Class Mail Large Env
   5.00 oz.
   Expected Delivery: Thu 09/18/14
   Return Rcpt (Green Card)           $2.70
   @@ Certified                       $3.30
   USPS Certified Mail #:
   70112970000379896814
                                    ========
   Issue Postage:                     $7.82

  ROCKVILLE MD 20852-1137 Zone-1      $1.82
  First-Class Mail Large Env
   4.80 oz.
   Expected Delivery: Fri 09/19/14
   Return Rcpt (Green Card)           $2.70
   @@ Certified                       $3.30
   USPS Certified Mail #:
   70112970000379896807
                                    ========
   Issue Postage:                     $7.82

                                    ========
   Total:                            $15.64

   Paid by:
   Cash                              $20.00
   Change Due:                       -$4.36

  @@ For tracking or inquiries go to
  USPS.com or call 1-800-222-1811.

  Order stamps at usps.com/shop or call
  1-800-Stamp24. Go to usps.com/clicknship
  to print shipping labels with postage. For
  other information call 1-800-ASK-USPS.
  ****************************************
  ****************************************
  Get your mail when and where you want it
  with a secure Post Office Box. Sign up for
  a box online at usps.com/poboxes.
  ****************************************
  ****************************************

  Bill#: 1000202285903
  Clerk: 06

     All sales final on stamps and postage
       Refunds for guaranteed services only
           Thank you for your business

       ------------------------------------

           HELP US SERVE YOU BETTER

         TELL US ABOUT YOUR RECENT
                POSTAL EXPERIENCE

                     Go to:
         https://postalexperience.com/Pos

    Or scan this code with your mobile device.
```