# ANNEX B

# ANNEX E

Renee L. McCray
c/o 109 Edgewood Street
Baltimore, Maryland  21229
**CERTIFIED MAIL #7011 2970 0003 7991 1012**

September 18, 2015

Rod J. Rosenstein, United States Attorney for
   the Office of the District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland  21201

**Re:  AFFIDAVIT OF CRIMINAL COMPLAINT**

Dear Mr. Rosenstein:

     This correspondence is to bring to your attention that I recently discovered that a crime has been committed against me and my property under Title 18 § 335. Therefor, I am filing the enclosed Affidavit of Criminal Complaint against Wells Fargo Bank, N.A., Joel Alringer and Theresa Larson employees of Wells Fargo Home Mortgage, Mortgage Electronic Registration Systems, Inc. (MERS), the law firm of Samuel I. White, P.C., including numerous attorneys employed by Samuel I. White, P.C. (John E. Driscoll, III, Robert E. Frazier, Jana M. Gantt, Laura D. Harris, Kimberly Lane, Deena Reynolds, Robert H. Hillman, Daniel J. Pesachowitz, and Lance R. Garner), and the law firm of Treanor Pope & Hughes, P.A. (including attorneys Michael S. Barranco and Douglas B. Riley employed by this law firm); and there may be others unknown to me at this time for violation of Title 18 § 335 – Circulation of Obligations of Expired Corporations.

Title 18 § 335 states:

**18 U.S. Code § 335 - Circulation of obligations of expired corporations**

*Whoever, being a director, officer, or agent of a corporation created by Act of Congress, the charter of which has expired, or trustee thereof, or an agent of such trustee, or a person having in his possession or under his control the property of such corporation for the purpose of paying or redeeming its notes and obligations, knowingly issues, reissues, or utters as money, or in any other way knowingly puts in circulation any bill, note, check, draft, or other security purporting to have been made by any such corporation, or by any officer thereof, or purporting to have been made under authority derived therefrom, shall be fined under this title or imprisoned not more than five years, or both.* **[Emphasis added]**.

Rod J. Rosenstein, United States Attorney
September 18, 2015
Page 2


On July 3, 2012, the enclosed Corporate Assignment of Deed of Trust was entered into the Land Record for the Circuit Court of Baltimore City for a defunct corporation, American Home Mortgage (see ANNEX A). American Home Mortgage has been out of business since 2007 (see ANNEX B). This Corporate Assignment of Deed of Trust allegedly assigned my property known as: 109 North Edgewood Street, Baltimore, Maryland to Wells Fargo Bank, N.A from American Home Mortgage. I recently discovered this assignment is a legal impossibility. Wells Fargo Bank, N.A. has slandered and clouded my Title and the offenders are attempting to steal my real property by using a fraudulent document. Also, pursuant to Md. Real Property Rule Title 5, this Corporate Assignment of Deed violates Maryland's Statute of Frauds which states:

### Md. Code Real Prop. § 5-103. Transfer of interest; writing required

*"No corporeal estate, leasehold or freehold, or incorporeal interest in land may be assigned, granted, or surrendered, unless it is in writing signed by the party assigning, granting, or surrendering it, or his agent lawfully authorized by writing, or by act and operation of law."* **[Emphasis added.]**

Further, by and through its attorneys (named above), Wells Fargo Bank, N.A. has entered the same Corporate Assignment of Deed of Trust into numerous court records misrepresenting to me and various courts in Maryland that the fabricated assignment was valid, bringing **"Fraud Upon the Court"** in the following court records:

- In the Circuit Court for Baltimore City, Case Number: 24-O-13-000528, John E. Driscoll, III, et al. v. Renee L. McCray;
- In the United States District Court for the District of Maryland, Civil Action Number: GLR-13-CV1518, MCCRAY v. FEDERAL HOME LOAN MORTGAGE, ET AL.;
- In the United States Bankruptcy Court for the District of Maryland, In Re: RENEE LOUISE MCCRAY, Case Number: 13-26131;
- In the United States Bankruptcy Court, Adversary Proceeding Case Number: 13-00710, McCray v. Wells Fargo Bank, N.A.; and
- In the United States Court of Appeals for the Fourth Circuit, Appeal No. 15-444, RENEE L. MCCRAY v. FEDERAL HOME LOAN MORTGAGE CORPORTION, et al.

On Thursday, February 9, 2012, Attorney General Douglas F. Gansler entered into a settlement along with 48 other Attorney Generals (49 state attorney generals entered into the agreement) with the nation's five largest mortgage servicers - Wells Fargo, Bank of America, Citi, JP Morgan Chase, and Ally Bank/GMAC. The accord follows an extensive investigation into foreclosure abuses, fraud, and unacceptable mortgage servicing practices such as "robo-signing." The settlement does not release the banks from criminal liability, and it does not prevent individuals from bringing their own claims.

Rod J. Rosenstein, United States Attorney
September 18, 2015
Page 3

Also, in a recent newspaper article in The New York Times entitled "Justice Department Sets Sights on Wall Street Executives", Sally Q. Yates, Deputy Attorney General for the Justice Department stated "Corporations can only commit crimes through flesh-and-blood people...It's only fair that the people who are responsible for committing those crimes be held accountable. The public needs to have confidence that there is one system of justice and it applies equally regardless of whether that crime occurs on a street corner or in a boardroom."

Therefore, as stated above and the enclosed Affidavit of Criminal Complaint, I am requesting your office do an extensive investigation into this complaint. If you need any additional information from me in order to process this complaint, please contact me in writing at the above address or by telephone at (410) 945-2424. Your immediate attention to this matter would be appreciated.

Yours truly,

Renee L. McCray

Enclosures:   AFFIDAVIT OF CRIMINAL COMPLAINT
              ANNEX A
              ANNEX B
              ANNEX C
              ANNEX D
              ANNEX E

cc:   WELLS FARGO BANK, N.A.
      MORTAGE ELECTRONIC REGISTRATION SYSTEMS, INC
      SAMUEL I. WHITE, P.C.
      JOHN E. DRISCOLL, et al.
      TREANOR POPE & HUGHES, P.A.
      MICHAEL S. BARRANCO
      DOUGLAS B. RILEY

# ANNEX C

# ANNEX
# F

# AFFIDAVIT OF CRIMINAL COMPLAINT

The State of Maryland     )
                           ) **ss.**   *TO ALL TO WHOM THESE PRESENTS SHALL*
The County of Baltimore     )   *COME*

      I, the Affiant, who goes by the appellation, Renee L. McCray, a living, breathing flesh-and-blood Woman, a Woman standing on Baltimore the city, Maryland the land, non-territorial to the United States, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for The State of Maryland, 1776, in good faith, with no intention of delaying, nor obstructing, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts, are true and correct of Affiant's own firsthand knowledge, understanding, and belief, does solemnly declare, and depose and say:

1. On July 3, 2012, a Corporate Assignment of Deed of Trust was entered into Affiant's Baltimore City Land Records. The alleged Assignor for this Corporate Assignment of Deed of Trust was MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS) AS NOMINEE FOR AMERICAN HOME MORTGAGE (see ANNEX A).

2. Affiant has discovered that, the corporation, American Home Mortgage has been out of business since 2007 (see ANNEX B). Affiant states it is a legal impossibility for American Home Mortgage to have authorized the Corporate Assignment of Deed of Trust.

3. The date of the assignment was June 26, 2012 and the signatory for the Corporate Assignment of Deed of Trust was Joel Altringer.

4. On June 22, 2012, four days before Joel Altringer's execution of the above assignment to WELLS FARGO BANK, N.A., Mr. Altringer executed another assignment, also to WELLS FARGO BANK N.A., acting as an Assistant Secretary of Mortgage Electronic

1

Registration Systems, Inc. "AS NOMINEE FOR COMMERCIAL FEDERAL BANK…"
(see ANNEX C).

5.  Affiant has discovered that Joel Altringer was an employee of Wells Fargo Home
Mortgage a subsidiary of Wells Fargo Bank, N.A.

6.  In July 2014, Affiant obtained a certified copy of Joel Altringer's Application for
Appointment as Notary Public from the Office of the Secretary of State for Iowa which
states his employer is Wells Fargo Home Mortgage (see ANNEX D).

7.  Affiant further discovered that according to MERS certifying handbook (ANNEX E,
pages 3-4), in order for Joel Altringer to make this Corporate Assignment of Deed of
Trust, Mr. Altringer needed to be an officer of the original lender for whom MERS was
acting as nominee which was in this instance, American Home Mortgage.

8.  Affiant has also discovered that there must be a Corporate Resolution issued by MERS
from American Home Mortgage in order to authorize Joel Altringer to legally execute the
Corporate Assignment of Deed of Trust.

9.  To date, Joel Altringer nor Wells Fargo Bank, N.A. have produced for the record a
Corporate Resolution giving Mr. Altringer the authority to sign the Corporate
Assignment of Deed of Trust as Assistant Secretary as Nominee for American Home
Mortgage.

10. Affiant further investigated and discovered that the Notary Public Theresa Larson who
notarized the June 26, 2012 Corporate Assignment of Deed of Trust is also an employee
of Wells Fargo Home Mortgage.

11. By and through its attorneys, Wells Fargo Bank, N.A. has entered the June 26, 2012
fabricated Corporate Assignment of Deed of Trust into numerous court records
misrepresenting to Affiant and various courts in Maryland that the assignment was valid.

12. Based on the statement of facts above, and according to Title 18 § 335 Circulation of Obligations of Expired Corporations, the Corporate Assignment of Deed of Trust assigned to Wells Fargo Bank, N.A. on June 26, 2012 is a criminal violation.

I, Renee L. McCray, Affiant being of sound mind, having first-hand knowledge, affirm, state and declare by my freewill act and deed that the facts contained herein are true, correct, complete and not misleading, under penalties of perjury.

Further Affiant sayth naught.

Executed this _18th_ day of _September_, 2015

Renee L. McCray, Affiant

L.S. _Renie L. McCray_

*Notice: Use of Notary is for identification purposes only and shall not be construed against Declarant as adhesion, indicia, or submission to any foreign, domestic, or municipal jurisdiction or public venue.*

STATE OF MARYLAND )
COUNTY OF _Baltimore_ )     **JURAT**
)

Before me the undersigned, a Notary acting within and for the County of _Baltimore_ and State of Maryland on this _18th_ day of _September_, 2015, personally appeared and known to me to be the identical Woman, Renee L. McCray, who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of her firsthand knowledge, understanding, and belief, executed by her free will and voluntary act and deed the foregoing document.

Given under my hand and seal this _18th_ day of _September_, 2015.

_Lashaunta M. Ross_
Notary signature     Lashaunta M. Ross

(seal)

My Commission expires: _04-27-2019_

3

# ANNEX A

LIBER 14405 PAGE 061

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC: X9999-01B
PO BOX 1629
MINNEAPOLIS, MN 56440-9790

### CORPORATE ASSIGNMENT OF DEED OF TRUST

REDACTED

Baltimore (City), Maryland
"MCCRAY"

MERS #: 100024200010323117   SIS #: 1-888-679-6377

Date of Assignment: June 26th, 2012
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
AMERICAN HOME MORTGAGE, ITS SUCCESSORS AND ASSIGNS at BOX 2026 FLINT MI 48501,
1901 E VOORHEES ST STE C., DANVILLE, IL 61834
Assignee: WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA 50328

Executed By: RENEE L MCCRAY, To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR AMERICAN HOME MORTGAGE, ITS SUCCESSORS AND ASSIGNS
Date of Deed of Trust: 10/07/2005 Recorded: 10/14/2005 in Book/Reel/Liber: 06838 Page/Folio: 0938
in the County of Baltimore (City), State of Maryland.

Property Address: 109 N  EDGEWOOD STREET, BALTIMORE, MD 21229   - 2275-F

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above-named
assignee, the said Deed of Trust having an original principal sum of $66,500.00 with interest, secured
thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the
full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor
hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Deed of
Trust.

   TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said assignee forever,
subject to the terms contained in said Deed of Trust.

   IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above
written.

   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN HOME
MORTGAGE, ITS SUCCESSORS AND ASSIGNS
On  6/26/12

By: _____
   Joel Altofinger _____, Assistant
Secretary

LIBER 14405 PAGE 062

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF Iowa
COUNTY OF Polk

On __6-28-12__, before me, _____Theresa Larson_____, a Notary Public in and for
Polk in the State of Iowa, personally appeared _____Joel Aitzinger_____, Assistant Secretary,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Theresa Larson_
Theresa Larson
Notary Expires: 1/24/15

THERESA LARSON
Commission Number 771339
My Commission Expires
January 24, 2015

(This area for notarial seal)

*FK1*PK1UFBM*04/26/2012 09:02:07 AM* WFBMC1WFBMA0000600000303025841 56* MDBALT2* MDSTATE_TRUST_ASSIGN_A9SM *MSZWFBB*

BC CIRCUIT COURT (Land Records) [MSA CE 104-23453] FMC 14405 p 0062. Printed 08/27/2013. Online 07/09/2012.

EXHIBIT "4"
Page 2 of 2

# ANNEX
# B

# American Home Mortgage

**American Home Mortgage Investment Corporation** (OTC Pink: AHMIQ) was the 10th largest retail mortgage lender in the United States and was structured as a real estate investment trust (REIT).

It has filed for bankruptcy.[2][3] The company stated that it was focused on earning net interest income from self-originated loans and mortgage-backed securities, and through its taxable subsidiaries, from originating and servicing mortgage loans for institutional investors.

Mortgages were originated through the company's employees as well as through mortgage brokers and purchased from correspondent lenders and were serviced at the company's servicing center in Irving, Texas.

The company filed for Chapter 11 bankruptcy protection in Wilmington Delaware federal court, on August 6, 2007.[2] The week before the filing, the company said that many of its lenders had demanded their money back, and that AHM was also unable to deliver on about US$800 million in commitments for housing loans, and had laid off nearly ninety percent of its 7,000 employees.[4]

## 1   History

Founded in 1987 in New York City, the company became a publicly traded on NASDAQ in September 1999. The company moved its corporate headquarters to Melville, NY in 2000. Since its beginning as American Home Mortgage Holdings, Inc., it was engaged only in the origination and servicing of mortgages. Following its acquisition of Apex Mortgage Capital in December 2003, the Company became a REIT and changed its name to American Home Mortgage Investment Corp., the new parent company of American Home Mortgage and moved from NASDAQ to NYSE.[5][6] The company has made numerous acquisitions since 1999 including Marina Mortgage of Irvine, CA, First Home Mortgage of Mt Prospect, IL, Columbia National of Columbia, MD, and retail branches from Principal Residential Mortgage, Waterfield Financial, Irwin Mortgage, and 86 Washington Mutual offices.[1] In December 2003, the company moved its listing from NASDAQ to NYSE, under the new ticker symbol, AHM.[6]

On July 31, 2007, the company announced that it can no longer fund home loans and may liquidate assets, putting its survival in doubt.[7] The Melville, New York-based real estate investment trust retained Milestone Advisors and Lazard to help it evaluate options and advise "with

respect to the sourcing of additional liquidity including the orderly liquidation of its assets."[8] American Home's announcement shows how concerns about credit quality and homeowner defaults have spread beyond subprime lenders, which lend to people with weaker credit, to lenders that make higher-quality loans. This announcement caused its stock price to plunge 90% that day to $1.04 on the NYSE. "The chances are pretty high that the company either goes bankrupt or materially restructures, leaving little value for shareholders," said Bose George, an analyst at Keefe, Bruyette & Woods Inc. in New York. American Home has specialized in prime and near-prime loans. It has, however, made many loans that allow borrowers to produce little documentation of income or assets. It recently commanded about 2.5 percent of the U.S. mortgage market.

## 2   Financial difficulties

On August 2, 2007, Michael Strauss sent an email to the entire company announcing company's serious financial difficulties.

> It is with great sadness I announce today that American Home Mortgage has been forced to close. Unfortunately, the market conditions in both the secondary mortgage market as well as the national real estate market have deteriorated to the point that our business is no longer viable. What this means for most of our employees is that Friday, August 3, 2007 will be your last day of employment. Detailed information regarding payroll, benefits and other human resource related matter will be available Friday morning for distribution in the office. I would like to personally thank every single individual working for the company for their efforts. It has been my privilege to be associated with such a wonderful team.

Following Strauss's email, at least one employee of AHM has stated that the western division of AHM had been purchased by IndyMac Bank, saving those employees' jobs. In 2008, IndyMac also failed—one of the largest bank failures in American history. On July 11, 2008, IndyMac Bank was placed into conservatorship by the FDIC and on August 6, 2008, the bank filed for Chapter 11 bankruptcy protection. American Home Mortgage

2

Servicing Inc. was sold to Wilbur Ross & Co. LLC, as part of the bankruptcy liquidation, in November 2007.[9]

## 3  WARN Act Class Action Law Suit

On August 8, 2007, Outten & Golden LLP filed suit against American Home Mortgage Corp, American Home Mortgage Acceptance, Inc., American Mortgage Serving Inc., American Home Mortgage Investment Corp., and American Home Mortgage Holding, Inc. seeking to recover 60 days wages and benefits for former employees of American Home Mortgage who they contended were terminated on or about August 3, 2007 in violation of the Worker Adjustment and Retraining Notification Act. (the WARN Act). On December 14, 2009, the court approved a final settlement valued at $6.5 million for the former employees of American Home Mortgage. As of May 5, 2013, no monies had been distributed as "The Trustee continues to work to resolve claims and pending litigation which will impact the timing of distributions to AHM creditors, including the WARN Class".Source
The warn act settlement was distributed in 2014.

## 4  External links

- American Home Mortgage Historical SEC Filings

- Facing liquidity crunch, American Home Mortgage suspends dividend payment (July 28, 2007)

- Outten & Golden LLP American Home Mortgage WARN Suit web page

## 5  References

[1] "American Home Mortgage, Form 10-K, Annual Report, Filing Date Mar 1, 2007" (PDF). secdatabase.com. Retrieved Jan 6, 2013.

[2] "American Home Mortgage, Form 8-K, Current Report, Filing Date Aug 9, 2007". secdatabase.com. Retrieved Jan 6, 2013.

[3] Pink Sheet information

[4] Associated Press (2007-08-06).   "AHM Files for Bankruptcy". New York Times. Retrieved 2007-08-06.

[5] "American Home Mortgage, Form 8-K, Current Report, Filing Date Dec 17, 2003". secdatabase.com. Retrieved Jan 6, 2013.

[6] "American Home Mortgage, Form 10-K, Annual Report, Filing Date Mar 15, 2004". secdatabase.com. Retrieved Jan 6, 2013.

[7] "American Home Mortgage, Form 8-K, Current Report, Filing Date Jul 31, 2007". secdatabase.com. Retrieved Jan 6, 2013.

[8] "American Home Mortgage, Form 8-K/A, Filing Date Aug 3, 2007". secdatabase.com. Retrieved Jan 6, 2013.

[9] "American Home Mortgage, Form 8-K, Current Report, Filing Date Sep 28, 2007". secdatabase.com. Retrieved Jan 6, 2013.

**Maryland Department of Assessments and Taxation Business Services (w2)**

Entity Name: AMERICAN HOME MORTGAGE

Department ID: T00208335

| General Information | Amendments | Personal Property | Certificate of Status |
|---|---|---|---|

Status:                           FORFEITED

Owner (Primary):                  AMERICAN HOME MORTGAGE CORP.
                                  520 BROADHOLLOW RD
                                  MELVILLE, NY 11747

Location:                         AMERICAN HOME MORTGAGE
                                  SEE INTERNET FOR ADDITIONAL ADDRESSES
                                  7142 COLUMBIA GATEWAY DR
                                  COLUMBIA, MD 21046

Renewal Notice Date:              01/19/2009

Expiration Date:                  6/15/2009

# ANNEX
# C

8004583
Tx:4003702
**2012-09540**
RECORDER JOHN SCIORTINO
POTTAWATTAMIE COUNTY, IA
FILE TIME: 06/29/2012 2:09:52 PM
REC: 10.00AUD: T TAX:
RMA: 1.00ECM: 1.00

R Fee _10.00_

A Fee _____

T Tax _____

Prepared By: Britney N Howard,  WELLS FARGO BANK, N.A. 1 HOME CAMPUS, MAC X2598-015,
DES MOINES, IA  50328-0001 1-866-234-8271

Return By Mail To:
DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC: X9999-018
PO BOX 1629                          RETURN ENVELOPE
MINNEAPOLIS, MN  55440-9790

### CORPORATE ASSIGNMENT OF MORTGAGE

Pottawattamie, Iowa
"DAY"

MERS #: 100104000183023657  SIS #: 1-888-679-6377

Date of Assignment: June 22nd, 2012
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
COMMERCIAL FEDERAL BANK, FEDERAL SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS at
BOX 2026 FLINT MI 48501, 1901 E VOORHEES ST STE C , DANVILLE, IL  61834
Assignee: WELLS FARGO BANK, NA at 1 HOME CAMPUS, DES MOINES, IA  50309

Executed By: PATRICIA A DAY, A SINGLE PERSON AND ROBERT L SHERRICK, A SINGLE PERSON
To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COMMERCIAL
FEDERAL BANK, FEDERAL SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS
Date of Mortgage: 01/03/2005 Recorded: 01/13/2005 in Book/Reel/Liber: 105 Page/Folio: 13122 in the
County of Pottawattamie, State of Iowa.

Property Address: 1085 WATERS EDGE CT, CARTER LAKE, IA  51510

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named
Assignee, the said Mortgage having an original principal sum of $196,000.00 with interest, secured
thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and
the full benefit of all the powers and of all the covenants and provisos therein contained, and the said
Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the
Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever,
subject to the terms contained in said Mortgage.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC , AS NOMINEE FOR COMMERCIAL .
FEDERAL BANK, FEDERAL SAVINGS BANK, ITS SUCCESSORS AND ASSIGNS
On  _6/26/12_

By _____
        Joel Altringer          , Assistant
Secretary

*BNH*BNHMFEB*06/22/2012 01:54:46 PM* WFEMORWFEBIA00000000000000598046* IAPOTTA* IASTATE_MORT_ASSIGN_ASSN *BNHMFEB*

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Iowa
COUNTY OF Polk

On  6-26-12 , before me,  **Kou Phongphetpannha** , a Notary Public in and for
Polk in the State of Iowa, personally appeared  **Joel Altringer** , Assistant Secretary,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity, and that by his/her/their signature on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Kou Phongphetpannha_
Notary Expires: ● 1/24/15

KOU PHONGPHETPANNHA
Commission Number 771332
My Commission Expires
January 24, 2015

(This area for notarial seal)

EXHIBIT "7"
Page 2 of 2

# ANNEX
# D



**MATT SCHULTZ**
Secretary of State
State of Iowa

**Application for Appointment as Notary Public**

READ the instructions on the back before con

D448793                 RINT CLEARLY

1. Joel Altringer
   Name   NOTE: Notaries at all commissions with the name exactly as provided above.

2. 10546 Forest Ave.
   Complete Home Mailing Address
   Clive, IA  50325
   City, State, ZIP                          (319) 290-7697
                                             Home Phone Number

3. Wells Fargo Home Mortgage
   Complete Employer Name
   475 SW 5th St
   Complete Employer Address
   Des Moines, IA  50309
   City, State, ZIP                          (515) 697-5413
                                             Work Phone Number

4. Check the box to indicate which address you wish to designate for mailing purposes.
   (If no address specified, home address will be designated.)  ☐ Home  ☑ Business

   If you have provided business contact information different from your home information, you may opt to shield your home address, phone number and e-mail from display on the Secretary of State's website. Would you like to exercise this option?  ☑ Yes  ☐ No

5. E-Mail Address: (optional)
   (home) _____
   (work) _____

6. Date of Birth: 05 20 1982
   I am: (check one)
   ☑ A resident of Iowa.          771334
   ☐ A resident of _____, a state bordering Iowa, with work or business in Iowa.

7. Have you ever had your Notary Commission revoked or suspended or has any other discipline been imposed upon you as a Notary in Iowa or any other state?  __ Yes ☑ No
   If "Yes", please identify the state(s), the date(s) of the action(s) and the reason(s) for the action(s).

8. Have you been adjudged mentally incompetent or convicted of a felony?  __ Yes ☑ No
   If yes, have you received a restoration of rights?  __ Yes  __ No

9. Do you wish to have your name placed on a list of bilingual notaries?  __ Yes ☑ No
   List language(s) in which you are fluent: _____

10. Include your filing fee of $30.00. Make check payable to SECRETARY OF STATE.

I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct. I understand that I may not notarize any documents until I have received my notary commission from the Secretary of State.

11. _Joel Altringer_                    1/6/2012
    Signature                          Date



**Notary Public
Change/Amendment
to Application**

D463659

INFORMATION AS IT APPEARS IN OUR SYSTEM:

_Ottinger_                              City _Des Moines_    State _IA_    Zip Code _50309_

Commission No: _771334_

I understand and agree that by notifying the Secretary of State amend my notary commission by changing my name to: _____ Date effective _____

I understand and agree that by notifying the Secretary of State of my name change I will use my new name when notarizing documents beginning on the effective date shown above through the end of my term.

**2. APPLICANT'S HOME CONTACT INFORMATION (must complete)**

Address _609 NW Morningside Dr._    City _Grimes_    State _IA_    Zip Code _50111_

Home Phone _515-270-7057_    Home Email Address _joel.ottinger@gmail.com_

**3. APPLICANT'S EMPLOYER CONTACT INFORMATION (must complete)**

Employer _Wells Fargo_

Employer Address _475 SW 5th St_    City _Des Moines_    State _IA_    Zip Code _50309_

Applicant's Work Phone Number _515-697-5380_    Applicant's Work Email Address _joel.r.ottinger@wellsfargo._

**4. Preferred Contact Method:** Designate preferred contact method. If no designation is made, home contact information will be used.

☐ Home Contact Information    ☒ Employer Contact Information

If applicant has provided employer contact information different from the home contact information, applicant may opt to shield the home contact information from display on the Secretary of State's website. Does applicant wish to exercise this option? ☐ Yes ☒ No

**5. Qualifications:** Does applicant meet all the qualifications as stated in Iowa Code 9B.21 (2): ☒ Yes ☐ No

Applicant is a resident of: ☒ Iowa or ☐ resident of _____, a state bordering Iowa.

**6. Electronic records – Effective January 1, 2013:** Will applicant be performing notarial acts with respect to electronic records: ☒ Yes ☐ No

If "Yes", identify the tamper proof technology the applicant intends to use: _REKON System with digital certificate installed_

**7. Bilingual Notary Registry:** Does applicant wish to have name placed on a list of bilingual notaries: ☐ Yes ☒ No

If "Yes", list the language(s) in which applicant is fluent: _____

**8. Affirmation and Signature:**

By submitting this notary notary affirm that I will support the Constitution of the United States and the Constitution and laws of the state of Iowa, I will faithfully and impartially discharge the duties of notary public according to the best of my ability, and that I have read and understood the requirements of Iowa Code chapter 9B and administrative rules in 721-chapter 43.

Applicant's Signature _Joel Ottinger_    Date _1/3/13_

Applicants filing by paper may obtain a copy of Iowa Code chapter 9B at the following website:
https://www.legis.iowa.gov/DOCS/ACO/IC/LINC/Chapter.9B.pdf

Deliver completed application to:
**SECRETARY OF STATE**
Notary Public Division
Lucas Building, 1st Floor
Des Moines, IA 50319

Phone: (515) 281-5204
Fax: (515) 242-5953
Website: sos.iowa.gov

Rev. 1-13

**RECEIVED**

JAN 3 2013

**STATE OF IOWA
SECRETARY OF STATE**



# ANNEX
# E

**MERS**

# MERS Certifying Officers & the Corporate Resolution Management System

Richard Anderson

Jay Arneja

Process Loans, Not Paperwork℠

# MERS Corporate Resolution

- Introduction
- Purpose of resolution
- Usage and authority
- Corporate resolution vs. power of attorney





Page 2 of 30

# Sample Corporate Resolution

Be It Resolved that the attached list of candidates are officers of <Insert name of company> a Member of Mortgage Electronic Registration Systems, Inc. (MERS), and are hereby appointed as assistant secretaries and vice presidents of MERS, and, as such, are authorized to:

Must be officer of your company

(1) release the lien of any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(2) assign the lien of any mortgage loan naming MERS as the mortgagee when the Member is also the current promissory note-holder, or if the mortgage loan is registered on the MERS System, is shown to be registered to the Member;

Limitation: may only execute documents for loans registered to your company

(3) execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

(4) take any and all actions and execute all documents necessary to protect the interest of the Member, the beneficial owner of such mortgage loan, or MERS in any bankruptcy proceeding regarding a loan registered on the MERS System that is shown to be registered to the Member, including but not limited to: (a) executing Proofs of Claim and Affidavits of Movant under 11 U.S.C. Sec. 501-502, Bankruptcy Rule 3001-3003, and applicable local bankruptcy rules, (b) entering a Notice of Appearance, (c) vote for a trustee of the estate of the debtor, (d) vote for a committee of creditors, (e) attend the meeting of creditors of the debtor, or any adjournment thereof, and vote on behalf of the Member, the beneficial owner of such mortgage loan, or MERS, on any question that may be lawfully submitted before creditors in such a meeting, (f) complete, execute, and return a ballot accepting or rejecting a plan, and (g) execute reaffirmation agreements;

Para. 3 thru 7 break out specific types of documents a MERS officer may execute





MERS

Process Loans, Not Paperwork™

Page 3 of 30

# Sample Corporate Resolution (cont.)

(5) take any and all actions and execute all documents necessary to refinance, subordinate, amend or modify any mortgage loan registered on the MERS System that is shown to be registered to the Member.

(6) endorse checks made payable to Mortgage Electronic Registration Systems, Inc. to the Member that are received by the Member for payment on any mortgage loan registered on the MERS System that is shown to be registered to the Member;

(7) take any such actions and execute such documents as may be necessary to fulfill the Member's servicing obligations to the beneficial owner of such mortgage loan (including mortgage loans that are removed from the MERS System as a result of the transfer thereof to a non-member of MERS).

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the <insert day of <insert month>, 2009 which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

_____

William C. Hultman, Secretary




Page 4 of 30

Case 8:18-cv-03491-TDC   Document 28-8   Filed 05/10/19   Page 24 of 29

# MERS Certifying Officer

- Role and responsibilities

- Eligibility

  - Membership Rule 3

  - Certification required





Process Loans, Not Paperwork™

Page 5 of 36

# Corporate Resolution Management System (CRMS) & Certification Process

- **When:** April 19, 2010

- **Who:** members that have or will have an active MERS Corporate Resolution

- **What:** web-based application to facilitate the processing of member requests for a MERS Corporate Resolution and updates to their MERS certifying officers list





Page 6 of 30

# Project Managers

- **Administrative access is granted to MERS project manager for each member**

  – Request a new corporate resolution

  – Request updates to MERS certifying officer list

  – Update contact information for certifying officers

  – Order MERS corporate seals



MERS
Process Loans, Not Paperwork*

Page 7 of 30

# Certifying Officers

- Certification access to certifying officers
  - Review *MERS Certifying Officer Primer*
  - Take certification quiz
  - Renew certification yearly
  - Special announcements



Page 4 of 30

# Certification

- Review primer and take certification quiz

  - Information on roles and responsibilities of certifying officers

  - Ensures basic understanding of MERS

  - Quiz consists of 10 randomly selected questions

  - Must answer eight out of 10 questions correctly to pass

  - Renew annually





Page 9 of 30

# Sample Certification Q & A's

- What title should a MERS certifying officer use when executing documents as an officer of MERS?

- Where is MERS incorporated?

- True or false: A MERS certifying officer has authority to accept service of process on behalf of MERS.



Page 10 of 30



# ANNEX
# D

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

### APPEAL NO.  15-1444

---

### RENEE L. McCRAY

*Plaintiff/Appellant*

v.

### WELLS FARGO BANK, N.A. et al

*Defendants/Appellee*

---

### CERTIFICATE OF SERVICE
### OF CORRECTED INFORMAL RESPONSE BRIEF

I HEREBY CERTIFY that, on this 15th day of October, 2015, a copy of the

Appellees' Corrected Informal Response Brief was filed electronically via CM/ECF

and served by United States Mail, first class,  postage prepaid, to:

        Ms. Renee L. McCray
        109 North Edgewood Street
        Baltimore, Maryland 21229

        Appellant

                /s/ Michael S. Barranco
                Michael S. Barranco

# EXHIBIT 1

II.    **The District Court Did Not Err In Dismissing McCray's TILA Claims Against Freddie Mac and Wells Fargo**

McCray argues that she was entitled to notice under TILA that her loan had changed hands.  However, Judge Russell correctly found that the MERS assignment was of ~~a beneficial, not legal, interest~~ the Deed of Trust alone, and not the underlying debt, and that Wells Fargo continued at all times to be her loan servicer.  Indeed, McCray acknowledged always paying Wells Fargo until she defaulted on May 1, 2012.  An assignment by MERS of ~~its beneficial interest~~only the ~~in a~~ deed of trust to the holder of the underlying debt does not implicate 15 U.S.C.§1641(g).  See *Connell v. Citimortgage, Inc.*, 2012 WL 5511087 (S.D. Ala. 2012) and *Terry v. Mortgage Electronic Registration System, Inc.*, 2013 WL 1832376 *3 (D. Md. April 30, 2013) and collection of cases cited therein.  Moreover, as correctly noted by the District Court, with respect to Freddie Mac, McCray did not allege there was any sale, transfer, or assignment of McCray's loan after 2009, which is when Congress amended TILA to add the notice requirement.  *See Helping Families Save Their Home Act of 2009,* Pub. L. No. 111-22, 123 Stat. 1632.

# ANNEX
# E

# ANNEX
# G

Renee L. McCray
c/o 109 Edgewood Street
Baltimore, Maryland  21229

August 31, 2018

Robert K. Hur, United States Attorney for
   the Office of the District of Maryland
36 South Charles Street, 4th Floor
Baltimore, Maryland  21201

### Re:  CRIMINAL COMPLAINT AND AFFIDAVIT OF CRIMINAL COMPLAINT

Dear Mr. Hur:

My name is Renee L. McCray, Complainant, in the above referenced complaint.  This complaint is to bring to your attention that I recently discovered that a serious crime has been committed against me under Maryland Criminal Law Title 8, Subtitle 6 Counterfeiting of Private Instruments and Documents. Therefor, I am filing this complaint and the enclosed Affidavit of Criminal Complaint against Robert H. Hillman and the Law Firm of Samuel I. White, P.C., and Michael S. Barranco, and the Law Offices of Treanor Pope & Hughes, P.A.; and there may be others unknown to me at this time for violations of Maryland Criminal Law Title 8, Sections 8-601 and 8-602.

Title 8, Section 8-601 states:

### § 8-601 – Counterfeiting of private instruments and documents

(a)  Prohibited.- A person, with intent to defraud another, may not counterfeit, cause to be counterfeited, or willingly aid or assist in counterfeiting any:
   (1) bond;
   (2) check;
   (3) deed;
   (4) draft;
   (5) endorsement or assignment of a bond, draft, check, or promissory note;
   (6) entry in an account book or ledger;
   (7) letter of credit;
   (8) negotiable instrument;
   (9) power of attorney;
   (10) promissory note;
   (11) release or discharge for money or property;
   (12) title to a motor vehicle;
   (13) waiver or release of mechanics' lien; or
   (14) will or codicil.

(b) Prohibited - Possession of counterfeit.- A person may not knowingly, willfully, and with fraudulent intent possess a counterfeit of any of the items listed in subsection (a) of this section.

(c) Penalty.-

    (1) A person who violates subsection (a) of this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 10 years or a fine not exceeding $1,000 or both.

    (2) A person who violates subsection (b) of this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $1,000 or both.

(d) Venue.- Notwithstanding any other provision of law, the prosecution of an alleged violation of this section or for an alleged violation of a crime based on an act that establishes a violation of this section may be commenced in any county in which:

    (1) an element of the crime occurred;

    (2) the victim resides; or

    (3) if the victim is not an individual, the victim conducts business.

**§ 8-602 states:**

(a) Prohibited. -- A person, with intent to defraud another, may not issue or publish as true a counterfeit instrument or document listed in § 8-601 of this subtitle.

(b) Penalty. -- A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 10 years or a fine not exceeding $ 1,000 or both.

    I have been contesting an illegally filed state foreclosure action for over five (5) years, and on Wednesday, June 27, 2018, received material fact evidence that attorneys Barranco and Hillman have used a counterfeit copy of my alleged note as an original in an attempt to defraud me and various courts throughout the State of Maryland. I now have material evidence that proves attorneys Barranco and Hillman have been engaging in conduct involving dishonesty, fraud, deceit and counterfeiting. The material facts to this complaint are as follows:

1. On March 20, 2014 at the Relief from Stay Hearing for Bankruptcy Case No.: 13-26131, the Complainant was given liberty to examine what was presented to her as the alleged original promissory note, which Complainant signed on October 7, 2005. After careful examination of the document, the Complainant specifically denied and testified under oath that the document presented to her was not the document she signed on October 7, 2005. The document the Complainant examined appeared to have been freshly printed, contained no imprint of the Complainant's signature, and there were no noticeable marks or imperfections, i.e., rips or holes on any of the pages.

On Thursday, April 24, 2014, attorneys Barranco and Hillman held a deposition hearing and presented the Complainant with the same document that the Complainant specifically denied signing at the March 20, 2014 hearing. Again, the document had no imprint of the Complainant's signature and no noticeable marks or imperfections, i.e., rips or holes on any of the printed pages. At the beginning of the deposition hearing, the Complainant was given permission to record the proceeding by Mr. Barranco.

During the deposition hearing, Mr. Barranco continually stated he was going to make a copy of the document. When it was time to make the copy, the Complainant followed Mr. Barranco to the copy room. At first, Mr. Hillman was following behind the Complainant but then he left and went across the hall to another room. Then moments later Mr. Hillman appeared in the copy room with a different document in his hand. I (Complainant) immediately noticed that the document Mr. Hillman was attempting to pass to Mr. Barranco to copy, had a hole on the last page, in the upper left hand corner; the hole was larger than a fifty-cent piece. The hole was where the staple was on the copy presented to the Complainant earlier, and it would have been impossible for a staple to hold the last page in place with the other two pages. At that time, I stated, "I don't know what you two are trying to pull, that is not the same document I just examined." I became nervous and fearful and realized something was not right. I then pulled the tape recorder from my pocket and started recording the confrontation. When I informed attorneys Barranco and Hillman that I was going to report this to the bankruptcy judge, Mr. Barranco stated, "…bring it up with the Judge. I guess she'll take your word over the word of two officers of the court."

After the confrontation in the copy room, both attorneys Barranco and Hillman testified on the record (see ANNEX A) that the document presented to the Complainant earlier had "… a small rip up in the upper left-hand corner of page three of the promissory note where a staple would have gone over the years…" Upon review of the April 24, 2014 deposition video (which the Complainant has enclosed a copy of the video with this complaint), you will find attorneys Barranco and Hillman's testimonies on the record and under oath to be untrue as the video clearly shows that the promissory note Complainant inspected had no hole on the upper left corner of the signature page, and that their testimonies violate Md. Criminal Law Section 8-601 and 8-602.

Attorneys Barranco and Hillman were attempting to defraud myself and the U.S. bankruptcy court by using a counterfeit negotiable instrument and testifying under oath that it was the original, when it was not, thereby violating Md. Criminal Law.

As stated above, the Complainant has been contesting the illegally filed state non-judicial foreclosure action for over five (5) years and the parties are currently in the discovery phase of the Complainant's Fair Debt Collection Practices Act (FDCPA) federal lawsuit filed in 2013, Case No.: ADC-13-CV-1518, McCray v. Samuel I. White, P.C., et al. In Mr. Hillman's request for production of documents he requested "All documentation evidencing, or recordings of, communications between you and any Defendant or their agents that relate to concern, or refer any matters alleged in the Fourth Amended Complaint pertaining to the alleged FDCPA violation…" In another request for production of documents, he requested "All trial transcripts, deposition

transcripts, testimony or affidavits of any person made in connection with any lawsuit or legal proceeding which you contend are relevant to the issues remaining in this case." The Complainant then remembered the audio recording in her possession from the April 2014 deposition hearing and sent Mr. Hillman a copy of the recording. After listening again to the recording, the Complainant then remembered the deposition hearing was being videotaped, and ordered a copy of the video, which Complainant received on June 27, 2018. Again, when you review the enclosed video, it will show no "…small rip up in the upper left-hand corner of page three of the promissory note where a staple would have gone over the years…" as testified to by Mr. Barranco.

On July 1, 2018, the Complainant filed a complaint with the Attorney Grievance Commission of Maryland against attorneys Barranco and Hillman for violating the Maryland Lawyers' Rules of Professional Conduct; Title 19, Chapter 300. That complaint is currently being reviewed by the Commission. Also, enclosed is a copy of the September 18, 2015 Criminal Complaint and Affidavit of Criminal Complaint, I filed with Rod J. Rosenstein, the former U.S. Attorney regarding the same two attorneys, their principal, Wells Fargo Bank, N.A. and others. The only information I received concerning that complaint was that the complaint was being forwarded to the Federal Bureau of Investigation (FBI).

I am a homeowner and State of Maryland taxpayer. The State of Maryland offers no assistance to homeowners who are victims of mortgage fraud by unethical foreclosure law firms and financial institutions, i.e., banks. Maryland homeowners are referred to the Department of Housing and Community Development (DHCD) and that agency refers homeowners to the Department of Labor, Licensing and Regulation (DLLR). DLLR refers homeowners to the Attorney General Office. The Attorney General Office will then state "we only mediate, not investigate." Therefore, as a homeowner, consumer and victim of a crime, I am requesting your office to do an extensive investigation into this complaint.

If you need any additional information from me in order to process this complaint, please contact me in writing at the above address or by telephone at (410) 945-2424. Your immediate attention to this matter is warranted.

Sincerely,

Renee L. McCray, Complainant

Enclosures:    Affidavit of Criminal Complaint
ANNEX A – April 24, 2014 Testimonies of Attorneys Barranco and Hillman
ANNEX B – Affidavit of April 24, 2014 Deposition Hearing Incident
April 24, 2014 Video Recording of Deposition Hearing
September 18, 2015 Criminal Complaint and Affidavit of Criminal Complaint
(without Annexes)

cc:    Robert H. Hillman, Esquire (without enclosures/previously received)
Michael S. Barranco, Esquire (without enclosures/previously received)

# ANNEX

# F

# ANNEX
# H

# **AFFIDAVIT OF CRIMINAL COMPLAINT**

I, Renee L. McCray, am over 21 years of age, have personal knowledge of the facts set forth herein, and am competent to testify to those facts. The statements herein are based on my personal knowledge.

1. On March 20, 2014, at a bankruptcy hearing, Case No.: 13-26131, *In Re: RENEE LOUISE MCCRAY*, the Affiant had the opportunity to examine the alleged promissory note. At the hearing, the Affiant specifically denied under oath the authenticity of the note that was presented to her as the original document she signed on October 7, 2005. The Affiant's testimony was never rebutted or refuted by the Plaintiffs nor their principal, Wells Fargo Bank, N.A.

2. At the same hearing, the Affiant specifically denied the copy of the deed of trust present to her as the original deed of trust. The Plaintiffs never presented the original note and deed of trust that was signed by the Affiant on October 7, 2005 at the March 20, 2014 hearing; and the Affiant is not in receipt of any evidence to the contrary.

3. On March 26, 2014, the Affiant filed an "Affidavit of Note Examination" stating that the note present to her for inspection on March 20, 2014 was not the document she signed on October 7, 2005. As of the writing of this affidavit, the Plaintiffs, nor their principal, have rebutted or refuted the Affiant's March 26, 2014 affidavit.

4. On April 24, 2014, Affiant attended a Deposition Hearing at the Law Offices of Treanor, Pope & Hughes, PA. Upon Affiant's arrival, Scott Pickering, Videography Specialist for Merrill Lad, Robert Hillman, Attorney for Samuel I. White, P.C. and Michael Barranco, Attorney for Treanor, Pope & Hughes, P.A. were already in attendance.

5. During the deposition, Affiant was presented again with what was purported to be the original promissory note. The document appeared to have been the same document Affiant examined at the March 20, 2014 Relief from Stay Hearing.

1

6.  At the end of the deposition, Mr. Barranco stated we would now make a copy of the file together. Affiant followed Mr. Barranco into the copy room. Mr. Hillman was behind the Affiant when leaving the conference room. He did not follow the Affiant and Mr. Barranco immediately into the copy room. He arrived several minutes later with the folder.

7.  As Mr. Barranco asked Mr. Hillman for the note so he could copy it, Affiant noticed that the last page of the document had a piece missing from the top left corner the size of a fifty-cent piece or larger. Affiant stated, "That's not the same document. That last page was not ripped." Mr. Barranco and Mr. Hillman both responded, "it was ripped." At that time Affiant became angry and upset because Affiant examined the document less than an hour earlier and the document was not torn or damage. The missing piece at the top left corner of page 3, the signature page, which was very noticeable was not missing from the top of the page when Affiant examined it earlier.

8.  A confrontation pursued between the parties. Affiant became nervous and fearful and realized something was not right. Affiant immediately began recording the confrontation. Both Mr. Barranco and Mr. Hillman knew Affiant was recording the confrontation. When Affiant stated she was going to report this to the judge, Mr. Barranco stated, "...bring it up with the Judge I guess she'll take your word over the word of two officers of the court." Affinat stated, "I guess they [meaning the judge] will since he [gesturing toward Mr. Hillman] puts fraud into the court, I guess they will."

9.  On May 13, 2014, at a hearing held in the United States Bankruptcy Court for the District of Maryland, Case No.: 13-26131, the Affiant did testify under oath regarding the April 24, 2014 incidence in the copy room with Mr. Barranco and Hillman. However, as Mr. Barranco stated in the copy room, the judge ignored the Affiant's testimony and ruled against the Affiant at the hearing.

10. On June 27, 2018, the Affiant received a copy of the video of the April 24, 2014 hearing and the video evidence shows no "...small rip up in the upper left-hand corner of page

three of the promissory note where a staple would have gone over the years..." as testified to by Mr. Barranco on the record (see ANNEX A).

11.   Affiant has been fighting a state foreclosure action since February 2013 filed by the alleged substitute trustees employed with the Law Firm Samuel I. White, P.C. The Affiant also recently discovered that Mr. Robert Hillman is an Assistant Vice President for Samuel I. White, P.C.

12.   On April 24, 2014, Mr. Hillman and Mr. Barranco presented the Affiant a counterfeit copy of the alleged note she signed on October 7, 2005. This same counterfeit copy was also presented to the United States Bankruptcy Court for the District of Maryland at the hearing held on March 20, 2014 as the original document.

I, Renee L. McCray, Affiant do solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing Affidavit of Criminal Complaint are true.

Executed this ___3/51___ day of ___August___, 2018

Renee L. McCray, Affiant

3

# ANNEX G

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

**JOHN E. DRISCOLL, III,** *et al*
Plaintiffs, Substitute Trustees

v.

Civil Action No. 24O13000528

**RENEE LOUISE MCCRAY A/K/A RENEE L. MCCRAY**
Defendant(s)

### AMENDED AFFIDAVIT OF DEED OF TRUST DEBT

I HEREBY CERTIFY under the penalty of perjury on this ⟨21st⟩ day of November, 2017, that I am the Attorney for Federal Home Loan Mortgage Corporation. Based on an examination of the loan servicing business records of Wells Fargo Bank, N.A., who either holds or services the Deed of Trust that is subject of this action, that are kept in the ordinary course of business regarding loan account number XXXXXX7104, and to the best of my knowledge, information and belief, the Plaintiffs as Substitute Trustees, have the right to foreclose and the amount currently owed on the loan is:

| | |
|---|---|
| Principal | $59,618.00 |
| Interest | |
| from April 1, 2012 to November 15, 2017 | $18,852.45 |
| Corporate Advances | $3,846.00 |
| Escrow Advance | $15,011.18 |
| | |
| Total | $97,327.63 |

This affidavit is provided based on the loan status as of November 15, 2017.

_____    11-21-17
Affiant                                                      Date
Name: Sara K. Turner
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462
(757) 490-9284 telephone
(757) 497-2808 facsimile
E-mail Address: sturner@siwpc.com

Loan No. XXXXXX7104

SIWPC File#4663