IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In Re: | * | |
| **RENEE LOUISE MCCRAY** | * | Case No. 13-26131 |
| Debtor/Petitioner | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO DEBTOR'S
MOTION FOR RECONSIDERATION**

Wells Fargo Bank, N.A. ("Wells Fargo"), by its undersigned counsel and pursuant to Rule 59 of the Federal Rules of Civil Procedure and Bankruptcy Rule 9023, hereby opposes the "Motion for Reconsideration of the Court's Order Denying to Reopen Case and for Other Relief" filed by Renee L. McCray ("Ms. McCray") on April 10, 2020. For the reasons stated herein, Ms. McCray's Motion should be denied.

**INTRODUCTION**

On November 15, 2019, Ms. McCray filed a "Motion to Reopen for Relief From Judgment and Violation of the Bankruptcy Discharge" (the "Motion to Reopen"). In her Motion to Reopen, Ms. McCray argued that the Court should reopen her 2013 Chapter 7 Bankruptcy (which was closed on December 10, 2015) and vacate its May 21, 2014 Order granting Wells Fargo's motion for relief from the automatic stay. *See* ECF No. 94. Ms. McCray also claimed that Wells Fargo had violated the discharge order entered in her bankruptcy on July 14, 2014. *Id.* In support of her Motion to Reopen, Ms. McCray (i) asserted that there was fraud on the Court in her prior bankruptcy and (ii) re-asserted her previously-rejected arguments that (a) Wells Fargo was not the Noteholder entitled to enforce her mortgage promissory note, (b) the 2012 Corporate Assignment of the Deed of Trust on her property was not valid, and (c) the July 14, 2014 Order discharging

her *personal* liability was violated by the continuation of the foreclosure action against her property, which was authorized by the Court's May 21, 2014 Order granting Wells Fargo's motion for relief.

Wells Fargo opposed Ms. McCray's Motion to Reopen and, on March 31, 2020, this Court denied the Motion to Reopen by Memorandum Order filed at ECF No. 114 ("the 3/31/2020 Memorandum Order") finding that: (i) "None of the allegations regarding the criminal complaint … are new to this Court .... This Court also considered, and rejected, arguments and evidence that Wells Fargo committed a fraud on the Court by virtue of presenting a forged document in the context of the lift stay hearing. This Court concludes, therefore, that the Debtor raises no new arguments"; (ii) "... the Court has already denied the Debtor's challenges to Wells Fargo's security interest"; and (iii) "The Court has already considered, and rejected, the arguments raised by the Debtor with respect to invalidating Wells Fargo's security interest. There is no purpose to be served by reopening this case." See ECF No. 113, pp. 4-5.

Undeterred, Ms. McCray filed this Motion for Reconsideration asserting the very same challenges with respect to Wells Fargo's security interest and right to enforce the Deed of Trust, as well as her previously rejected contention that criminal conduct occurred. Ms. McCray again requests "an opportunity to present her evidence of a crime that has been committed against her in this court of equity." See ECF No. 115, p. 4. Nothing offered by Ms. McCray in her Motion for Reconsideration reflects any new evidence or any basis for reconsideration. In addition to filing her Motion for Reconsideration, Ms. McCray also noted an appeal of the 3/31/2020 Memorandum Order denying her Motion to Reopen to the United States District Court. See ECF No. 119.

**ARGUMENT**

Ms. McCray does not cite the Rule under which she seeks reconsideration, however, given that this motion was filed within 14 days of the 3/31/2020 Memorandum Order, it should be treated as a motion pursuant to Federal Rule 59 in accordance with Bankruptcy Rule 9023. "Except as provided in this rule ..., Rule 59 F.R.Civ.P. applies in cases under the Code. A motion ... to alter or amend a judgment shall be filed, ... no later than 14 days after entry of judgment." Bankruptcy Rule 9023.

A Motion to Alter or Amend Judgment under Federal Rule 59(e) "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error of law or prevent manifest injustice." *Edokobi v. Toyota Motor Credit Corp.*, 2019 WL 2250568, *2 (D. Md. May 24, 2019) (quoting *Robinson v. Wix Filtration Corp. LLC,* 599 F.3d 403, 411 (4th Cir. 2010)). "Mere disagreement with a court's ruling does not support a Rule 59(e) motion. Indeed, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Bank v. M/V "Mothership"*, 2019 WL 2192488, at *4 (D. Md. May 20, 2019) (citations, quotations marks and alterations omitted).

Here, nothing in Ms. McCray's Motion for Reconsideration even suggests that it is new. In fact, her Motion for Reconsideration contains nearly identical statements and arguments from her Motion to Reopen, which was properly denied. See ECF No. 108 p. 3 and ECF No. 115, p. 3 regarding Ms. McCray's interpretation of the so-called "Errata" with respect to the Assignment of the Deed of Trust. Further, she again requests the opportunity to assert her previously rejected arguments at an evidentiary hearing admitting that she has been challenging Wells Fargo's enforcement rights for "over 7 years." ECF No. 115, p. 2. Ms. McCray has failed to set forth any

intervening change of controlling law, new evidence, or need to correct a clear error of law or prevent manifest injustice. As such, for reasons set forth in this Opposition, and those set forth in Wells Fargo's Opposition to Ms. McCray's Motion to Reopen, which are incorporated herein, this Motion should also be denied.

## CONCLUSION

For the foregoing reasons, Ms. McCray's Motion for Reconsideration should be denied.

/s/ Sarah E. Meyer
Sarah E. Meyer, Bar No. 29448
Email: Sarah.Meyer@wbd-us.com
Womble Bond Dickinson (US) LLP
100 Light Street, 26th Floor
Phone: 410-545-5803
Fax: 410-545-5801

*Counsel for Wells Fargo Bank, N.A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April 2020, a copy of the foregoing was filed and served via CM/ECF upon counsel of record and by first-class mail, postage prepaid upon:

Renee L. McCray
109 North Edgewood Street
Baltimore, MD 21229

/s/ Sarah E. Meyer
Sarah E. Meyer, Bar No. 29448