

Nancy V. Alquist
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| In re: | |
| RENEE LOUISE MCCRAY, | CASE NO. 13-26131-NVA |
| Debtor. | CHAPTER 7 |

**MEMORANDUM ORDER DENYING
MOTION [ECF NO. 115] FOR RECONSIDERATION**

The Court has before it a motion [ECF No. 115] for reconsideration (the "Motion") filed by the debtor, Renee Louise McCray (the "Debtor"); an objection thereto [ECF No. 122] filed by a creditor, Wells Fargo Bank, N.A. ("Wells Fargo"); and a response [ECF No. 125] filed by the Debtor. In the Motion, the Debtor asks this Court to reconsider its prior Order [ECF No. 113] (the "Order") in which the Court denied the Debtor's motion [ECF No. 108] to reopen her bankruptcy case. The Order sets forth a detailed recitation of the facts and procedural history pertinent to this Motion. For the reasons that follow, the Motion will be denied.

**Applicable Law**

A motion to reconsider is analyzed under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.[1] *In re Enron Corp.*, 352 B.R. 363, 368 (Bankr. S.D.N.Y. 2006) ("[A]ll motions

---

[1] These Civil Rules are made applicable here by Bankruptcy Rules 9023 and 9024, respectively, of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 9023, 9024.

for reconsideration are merely substantively analyzed as if they were either Civ. Rule 59 or Civ. Rule 60 motions."). The timing of the motion determines the applicable standard of analysis – Civil Rule 59 contains a stricter deadline of twenty-eight days from the date of the order being challenged, while Civil Rule 60 provides for a year (or longer, under certain circumstances). Fed. R. Civ. P. 59(b), 60(c).[2]

Here, the record shows that the Motion was filed on April 10, 2020 – ten days after the March 31, 2020 Order [ECF No. 52] from which the Debtor seeks relief – and thus is timely under Civil Rule 59, as modified by Bankruptcy Rule 9023. As a result, the Motion will be construed under this Rule in accordance with Fourth Circuit precedent. *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (applying Civil Rule 59(e) where motion was filed within the Rule's time limitations).

## Discussion

Reconsideration under Civil Rule 59(e) is discretionary and only available where "the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson*, 599 F.3d at 407.

In the Motion, the Debtor argues that she was not provided sufficient time to obtain evidence of Wells Fargo's status as holder of the note at issue and now has "new evidence" which shows that the note is counterfeit. The Debtor does not identify the nature or content of this "new evidence;" does not specifically explain why the Debtor could not have previously obtained this evidence during the multi-year trajectory of this case, a related adversary proceeding, and appeals to the District Court and the Fourth Circuit; and does not identify what attempts – if any – the

---

[2] Bankruptcy Rule 9023 reduces the time limitation of Civil Rule 59 from twenty-eight days to fourteen days. Fed. R. Bankr. P. 9023.

Debtor made to obtain this evidence. The Order's recitation of the procedural history of this case belies any notion that the Debtor had insufficient opportunities to present credible evidence in support of her arguments.

The arguments set forth in the instant Motion are no different from those the Debtor has repeatedly raised over the years, including in the Debtor's motion to reopen her bankruptcy case. The history of this case and the related adversary proceeding show that multiple courts have considered and rejected the Debtor's arguments. In this case, after an evidentiary hearing on Wells Fargo's motion for relief from the automatic stay, the Court concluded that Wells Fargo did not present a forged note and that the Debtor's signature appeared on the relevant loan documents. *See* ECF No. 78. In the adversary proceeding, this Court concluded that "Wells Fargo is the holder of the note and is entitled to enforce it." *See McCray v. Wells Fargo Bank, N.A.*, 13-00710 (Bankr. D. Md. 2014) [ECF No. 55]. The District Court adopted this Court's conclusion. *See McCray v. Wells Fargo Bank, N.A.*, 14-03445-GLR (D. Md. 2014) [ECF No. 5]. Undeterred, the Debtor sought reconsideration of the District Court's order, which the District Court denied, and noted an appeal of the District Court's order. The Fourth Circuit affirmed the District Court's order.

In light of the above, the Court concludes that the Debtor has failed to make a showing under Civil Rule 59. The Court, exercising its discretion, will deny the Debtor's motion for reconsideration.

For the foregoing reasons, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED that the Debtor's Motion [ECF No. 115] is denied.

cc: All parties
     All counsel

**END OF MEMORANDUM ORDER**