# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| RENEE LOUISE MCCRAY, | * | |
| Appellant, | * | |
| v. | * | Civil Case No.: SAG-20-0973 |
| WELLS FARGO BANK, N.A., | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This appeal results from two orders recently issued in a long-concluded Chapter 7 bankruptcy case before the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"), *In re Renee Louise McCray*, Case No. 13-26131 NVA. Debtor Renee Louise McCray ("Debtor" or "Appellant") appeals the orders issued by United States Bankruptcy Judge Nancy V. Alquist ("Judge Alquist") (1) denying her Motion to Reopen the proceedings in *In re Renee Louise McCray*, Case No. 13-26131 NVA, ECF 3-45, and (2) denying her Motion for Reconsideration of Judge Alquist's Order denying the motion to reopen, ECF 3-47.[1]  I have reviewed Appellant's brief, ECF 4-2, the brief filed by Appellee Wells Fargo Bank, N.A. ("Wells Fargo"), ECF 5, and Appellant's reply, ECF 6.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons set forth below, the Bankruptcy Court's decisions are AFFIRMED.

---

[1] Unless otherwise noted in the citation, the ECF numbers referenced in this opinion are the ECF numbers from the instant case.  Many of the documents docketed in this case were also filed under other ECF numbers in the related bankruptcy or District Court cases.

I.    **Factual Background**

This appeal is the latest-filed action in long series of cases, in various courts, relating to Appellant's bankruptcy filings and Wells Fargo's attempt to seek foreclosure on Appellant's residence. Appellant filed her original bankruptcy petition on September 23, 2013.[2] ECF 3-4. Her original Schedule A listed an interest in the real property at 109 N. Edgewood Street, in Baltimore, Maryland ("the Property"), which served as her residence. Wells Fargo filed a motion for relief from the automatic bankruptcy stay on January 31, 2014, arguing that it was entitled to enforce its security interest in the Property through foreclosure, because Appellant had missed twenty-one loan payments, totaling more than $12,000.00. ECF 3-6. Full briefing, and an evidentiary hearing including testimony from a handwriting expert, ensued, while Judge Alquist considered the merits of Wells Fargo's position. *See* ECF 3-1 (docket from Case No. 13-26131 NVA, in particular ECF 46, 51, 63, 78, 79); *see also* ECF 3-45 at 2 (Judge Alquist recounting that, "Among other evidence, the Court considered the testimony of a handwriting expert who testified as to the authenticity of the Debtor's signature after the Debtor challenged the document as a forgery and a fraud procured by Wells Fargo."). The parties' primary point of contention was the validity of the note, and whether Wells Fargo, or some other entity, was the appropriate noteholder. *Id.* Ultimately, Judge Alquist granted Wells Fargo's Motion for Relief from Stay, "finding that Wells Fargo Bank, N.A. is the Noteholder." ECF 3-14 at 1. Appellant's motion to reconsider Judge Alquist's ruling was denied. ECF 3-15; ECF 3-19.

---

[2] Although the petition was filed as under Chapter 13 of the Bankruptcy Code, the Court converted the case to Chapter 7 upon Appellant's request. *See* ECF 43 in Case No. 13-26131 NVA.

2

Related to her Chapter 7 bankruptcy case, Appellant also filed an adversary proceeding against Wells Fargo in the bankruptcy court. *See Renee Louise McCray v. Wells Fargo Bank, N.A.*, AP Case No. 13-00710. Once again, the proceeding focused on the documentation underlying Wells Fargo's claimed note. *Id.* Judge Alquist granted Wells Fargo's motion to dismiss the adversary proceeding, and Appellant filed an appeal. *See Renee Louise McCray v. Wells Fargo Bank, N.A.*, Case No. 14-3445-GLR. Affirming Judge Alquist's ruling on appeal, United States District Judge George L. Russell III ("Judge Russell") found that McCray had "failed to present any evidence of Wells Fargo's alleged misrepresentation," and had failed to demonstrate fraud on the court. ECF 17 in 14-3445-GLR. Judge Russell noted Judge Alquist's determination that "McCray failed to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) because McCray signed a promissory note for a loan with American Home Mortgage (the undisputed originator of the loan) regarding the subject property and the note was endorsed to Wells Fargo, thereby making Wells Fargo the holder of the note and entitled to enforce it." *Id.* at 1. Appellant unsuccessfully sought reconsideration of Judge Russell's order, and then unsuccessfully appealed his order to the Fourth Circuit. *See generally* Docket in 14-3445-GLR.

After years of litigation, on December 10, 2015, Judge Alquist entered a Final Decree closing the Chapter 7 Bankruptcy Proceeding in *In Re Renee Louise McCray*, Case No. 13, 26131-NVA, ECF 3-27. Nearly four years later, on November 15, 2019, Appellant filed a "Motion to Reopen Chapter 7 Bankruptcy Case for Relief from Judgment and Violation of the Bankruptcy Discharge." ECF 3-28. After reviewing written briefing from the parties, on March 31, 2020, Judge Alquist issued a memorandum order denying the motion to reopen the case. ECF 3-45. Judge Alquist concluded that "cause does not exist to reopen the Debtor's case," because:

> None of the allegations contained in [Ms. McCray's submission of a criminal complaint to federal authorities] are new to this Court. Ms. McCray argued

3

> throughout the duration of her bankruptcy case and her adversary proceeding that Wells Fargo was not entitled to enforce the loan documents and that the chain of title was flawed. This Court also considered, and rejected, arguments and evidence that Wells Fargo committed a fraud on the Court by virtue of presenting a forged document in the context of the lift stay hearing. This Court concludes, therefore, that the Debtor raises no new arguments.

ECF 3-45 at 4. Appellant filed a motion for reconsideration of Judge Alquist's ruling. ECF 3-49.

In denying that motion, Judge Alquist stated:

> In the Motion, the Debtor argues that she was not provided sufficient time to obtain evidence of Wells Fargo's status as holder of the note at issue and now has "new evidence" which shows that the note is counterfeit. The Debtor does not identify the nature or content of this "new evidence;" does not specifically explain why the Debtor could not have previously obtained this evidence during the multi-year trajectory of this case, a related adversary proceeding, and appeals to the District Court and the Fourth Circuit; and does not identify what attempts – if any – the Debtor made to obtain this evidence. The Order's recitation of the procedural history of this case belies any notion that the Debtor had insufficient opportunities to present credible evidence in support of her arguments.

ECF 3-47.

## II. Legal Standard

This court has jurisdiction to hear appeals from final orders of the bankruptcy court, and acts as an appellate court in such circumstances. 28 U.S.C. § 158; *see also In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992). Because "the reopening of a closed case is a discretionary matter, it follows that review is limited to determination of whether there was an abuse of discretion on the part of the bankruptcy court in refusing to reopen [the] case." *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 326–27 (4th Cir. 1984). Likewise, with respect to a motion for reconsideration, "The Court reviews the denial of a Rule 60 Motion for reconsideration under an abuse of discretion standard." *Snyder v. I.R.S.*, 2007 WL 4287529, at *1 (D. Md. Mar. 8, 2007). A Court finds abuse of discretion only where the Bankruptcy Court's "conclusions are based on mistaken legal principles or clearly

4

erroneous factual findings." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020).

**III.    Analysis**

Applying the abuse of discretion standard, this Court cannot conclude that Judge Alquist's discretionary decision to decline to reopen the bankruptcy case, nearly four years after its closure, was based on either mistaken legal principles or clearly erroneous factual findings. Like Judge Alquist, this Court has engaged in liberal construction of Appellant's filings, because she appears *pro se*. *See* ECF 1-1 at n.1; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing Appellant's allegations liberally, however, this Court is unable to ascertain the nature of the new evidence Appellant wanted Judge Alquist to entertain. Appellant's own filings reflect that she filed her criminal complaint with federal authorities in September, 2015.[3] *See, e.g.*, ECF 3-28 ¶ 1. Similarly, Appellant explains that Wells Fargo filed an "errata" in the appeal to the Fourth Circuit in October, 2015. *Id.* Thus, all of those facts, which play a central role in Appellant's request to reopen her case, were known to Appellant before Judge Alquist closed the underlying bankruptcy proceeding on December 10, 2015. Appellant cites a deposition which she alleges occurred in July 2018, at which she claims to have obtained unspecified "material fact evidence" that the note was a counterfeit instrument. *Id.* ¶ 2. Even assuming that Appellant gleaned some new evidence from that deposition, she does not explain its nature or even why it could not be presented absent an additional evidentiary hearing. Moreover, she does not describe why she then waited another

---

[3] The record is devoid of any evidence that federal authorities took any investigative or prosecutorial action in response to Appellant's submission.

5

year and four months before filing her motion to reopen the bankruptcy proceeding in November 2019.[4]

Ultimately, Judge Alquist applied the correct legal standard in considering whether the case should be reopened. As she noted, 11 U.S.C. § 350(b) permits the bankruptcy court to reopen a case "to accord relief to the debtor, or for other cause." The Fourth Circuit has noted that the decision to reopen is "within the sound discretion of the court, and no attempt is made to lay down rigorous outer limits of this discretion." *Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962). The Fourth Circuit further noted that "the time of reopening of an estate is of crucial significance," as "reopening defeats one of the major purposes of the Bankruptcy Act," which is certainty in the settlement of the estate. *Id.* The Fourth Circuit reasoned:

> It is as essential to the creditors as it is desirable to the bankrupt that this element of certainty be destroyed only for the most compelling cause. Accordingly as the time between closing of the estate and its re-opening increases, so must also the cause for re-opening increase in weight.

*Id.*

Judge Alquist not only did not find "the most compelling cause" for disturbing the finality of the close proceeding, but in fact found no cause to reopen Appellant's case. ECF 1-1. She explained that Appellant had not cited to any "new evidence," but had simply rehashed the arguments that had already been presented and rejected in the bankruptcy case and the adversary proceeding, during the extensive litigation regarding the validity of the note. *Id.* While Appellant cryptically alleged that she had obtained "material fact evidence" in the form of "video recording and transcript documentation" that the note was a counterfeit instrument, she did not specify what

---

[4] This Court notes that, according to the opinion in the related case of *McCray v. White, PC et al.*, Civil No. 18-3491-TDC, ECF 29 at 8, the order ratifying the foreclosure sale of Appellant's Property "became final on November 26, 2019, after more than six years of litigation," which may suggest that the filing of the motion to reopen the bankruptcy case on November 15, 2019 was intended as a last-ditch effort to prevent ratification.

6

that evidence entailed. As Judge Alquist noted, issues relating to the validity of the note, and the presence of any fraud on the court, were litigated extensively during the bankruptcy case and the adversary proceeding, and were resolved each time in Wells Fargo's favor. Appellant's vague and unsupported assertions of "new evidence" to support her claim, then, did not suffice to establish the required compelling cause to reopen the long-closed proceeding, or to provide a basis for Judge Alquist to reconsider the order declining to reopen the case.

Moreover, Appellant cites no authority suggesting that Judge Alquist was required to hold an evidentiary hearing before deciding her written motions. Judge Alquist had extensive familiarity with the issues between Appellant and Wells Fargo, and had presided over the evidentiary hearing in the bankruptcy case in 2014. Appellant failed to provide any specific details as to the nature of the "new evidence," let alone why a new hearing was necessary to present it. Although, as with any motion, the judge could opt to convene an evidentiary hearing, there is no legal requirement for an in-court hearing to be held before a judge can consider the legal issues presented in a motion to reopen a case. *See, e.g.*, *In re Myers*, Civil No. ELH-17-149, 2017 WL 2833255, *8 (D. Md. June 30, 2017) ("There are multiple instances throughout the Code where Congress expressly directs that 'notice and a hearing' are required. Unfortunately for the Creditor, § 350 is not one of them.") (quoting *In re Canal Stree Ltd. P'ship*, 269 B.R. 375, 380 (8th Cir. BAP 2001)).

Moreover, although Appellant argues in her appellate filings that Wells Fargo's sale of the alleged amended debt to Statebridge Company, LLC "knowingly and willfully violated the Appellant's 2014 bankruptcy discharge, pursuant to 11 U.S.C. § 524," *see, e.g.*, ECF 6 at 4, that issue was not raised before Judge Alquist in any of Appellant's filings relating to the motion to reopen the bankruptcy case, or the motion for reconsideration. Additionally, Appellant cites no

authority suggesting that any such violation of the bankruptcy discharge, even assuming it had occurred, would justify reopening the long-closed bankruptcy case.

## IV. Conclusion

For the reasons explained above, the Bankruptcy Court's decisions are affirmed. A separate Order follows.

Dated: September 17, 2020

                                                /s/
                               Stephanie A. Gallagher
                           United States District Judge